TRINA A. HIGGINS, United States Attorney (#7349)
JENNIFER K. MUYSKENS, Assistant United States Attorney (DC #475353)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682

FILED US District Court-UT
MAY 08 '24 AM 11:37

**SEALED**

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> KAILIN WANG, <br><br> Defendant. | **INDICTMENT** <br><br> Counts 1-2: 18 U.S.C. §§ 2261A, 2265A (Cyberstalking, Repeat Offender) <br><br> Counts 3-4: 18 U.S.C. § 1001(a)(2) (False Statements or Representations) <br><br> Case: 2:24-cr-00163 <br> Assigned To : Kimball, Dale A. <br> Assign. Date : 5/7/2024 |

The Grand Jury Charges:

## BACKGROUND

At all times relevant to this Indictment:

1. Defendant KAILIN WANG was a resident of the District of Utah.

2. Victim-1 and Victim-2, whose identities are known to the Grand Jury, were residents of the State of California.

3.      Victim-1 and WANG connected on a social media site and had a brief sexual relationship in 2018 that resulted in the birth of a child ("Minor-1"). Victim-1 has sole legal custody of Minor-1.

4.      Victim-2 communicated with WANG in 2017 after connecting on a social media site, but did not have a romantic or sexual relationship with WANG.

5.      Victim-1 and Victim-2 did not know each other before each connected with WANG on a social media site.

6.      Beginning in or around December 2018, WANG began a campaign of harassment targeting Victim-1, as well as his family. WANG used email accounts, social media accounts, and phone numbers to send numerous messages, texts, and other communications to and about Victim-1 and their family. WANG also made numerous false and defamatory postings on the internet about Victim-1 and their family. Some of these postings were sexual in nature.

7.      Beginning in or around September 2017, WANG began a campaign of harassment targeting Victim-2, as well as his friends and family. WANG used email accounts, social media accounts, and phones numbers to send numerous messages, texts and other communications to and about Victim-2. Among the messages were statements that Victim-2 should kill himself, that Wang would kill Victim-2, and that WANG was going to destroy Victim-2. WANG also made numerous false and defamatory postings on the internet about Victim-2. Some of these postings were sexual in nature.

8. Victim-1 reported WANG's harassment and stalking behavior to law enforcement in or around February 2019.

9. Victim-2 reported WANG's harassment and stalking behavior to law enforcement in or around October 2017.

10. After Victim-1 and Victim-2 reported WANG's harassment to law enforcement, WANG made false allegations against Victim-1 and Victim-2 to obtain court orders in which WANG portrayed herself as the victim of stalking and harassing behavior. In or around March 2019, WANG falsely alleged that Victim-1 posted sexually explicit content and a nude photograph of WANG to obtain a Utah state court order against Victim-1. In reality, WANG herself created and published the post as part of a scheme to falsely incriminate Victim-1. In January 2018, WANG made the same false allegations against Victim-2 in a Utah state court, using the same content and nude photograph, to obtain a court order against Victim-2.

11. As part of the campaign of harassment, WANG made false allegations to law enforcement that Victim-1 and Victim-2 had engaged in criminal conduct in an effort to have Victim-1 and Victim-2 investigated by law enforcement.

## COUNT 1
18 U.S.C. §§ 2261A(2) and 2265A(a)
(Interstate Cyberstalking)

12. The factual allegations set forth in paragraphs 1 - 11 of this Indictment are incorporated herein by reference and realleged as though fully set forth herein.

13.     Beginning on or around February 2019, and continuing through on or about April 2024, in the District of Utah and elsewhere,

KAILIN WANG

defendant herein, did with the intent to injure, harass, intimidate another person, using an interactive computer service and electronic communication service and electronic communication system of interstate commerce, and a facility of interstate commerce, engage in a course of conduct that caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to Victim-1, to wit: submitting criminal complaints to law enforcement falsely alleging that Victim-1 made harassing and threatening posts; and submitting criminal complaints to law enforcement falsely alleging that Victim-1 was engaged in criminal conduct; all in violation of 18 U.S.C. § 2261A(2) and 18 U.S.C. § 2265A(a).

**COUNT 2**
18 U.S.C. §§ 2261A(2) and 2265A(a)
(Interstate Cyberstalking)

14.     The factual allegations set forth in paragraphs 1 - 13 of this Indictment are incorporated herein by reference and realleged as though fully set forth herein.

15.     Beginning on or around May 16, 2019, and continuing through on or about August 2019, in the District of Utah and elsewhere,

KAILIN WANG

defendant herein, did with the intent to injure, harass, intimidate another person, using an interactive computer service and electronic communication service and electronic communication system of interstate commerce, and a facility of interstate commerce, engage in a course of conduct that caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to Victim-2, to wit: submitting criminal complaints to law enforcement falsely alleging that Victim-2 made harassing and threatening posts; and submitting criminal complaints to law enforcement falsely alleging that Victim-2 was engaged in criminal conduct; all in violation of 18 U.S.C. § 2261A(2) and 18 U.S.C. § 2265A(a); all in violation of 18 U.S.C. § 2261A(2) and 18 U.S.C. § 2265A(a).

## COUNT 3
## 18 U.S.C. § 1001(a)(2)
### (False Statement or Representation)

16.     The factual allegations set forth in paragraphs 1 - 15 of this Indictment are incorporated herein by reference and realleged as though fully set forth herein.

17.     On or about May 16, 2019, in the District of Utah,

### KAILIN WANG

the defendant herein, did willfully and knowingly make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States, by submitting an IC3 complaint, via an interstate wire communication, which falsely stated or represented:

- Victim-1 impersonated the defendant and posted a "Death Threat/Suicide" post claiming that the defendant would kill herself and Minor-1, when, in fact, the defendant was the source of the posting;

- Victim-1 and Victim-2 impersonated the defendant and others to post defamatory and harassing statements on the internet about the defendant, when, in fact, the defendant was the source of the postings; and

- That defendant has lawfully obtained court orders against Victim-1 and Victim when, in fact, any such order was obtained by fraud;

all in violation of 18 U.S.C. § 1001(a)(2).

## COUNT 4
## 18 U.S.C. § 1001(a)(2)
### (False Statement or Representation)

18. The factual allegations set forth in paragraphs 1 - 17 of this Indictment are incorporated herein by reference and realleged as though fully set forth herein.

19. On or about June 15, 2019, in the District of Utah,

### KAILIN WANG

the defendant herein, did willfully and knowingly make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States, by submitting an IC3 complaint, via an interstate wire communication, which falsely stated:

- Victim-1 impersonated the defendant and threatened to kill Minor-1;

6

- Victim-2 impersonated the defendant on-line and threatened to cut out Victim-2's tongue, when, in fact, the defendant was the source of the post; and

- Victim-1 and Victim-2 impersonated the defendant and others to post defamatory and harassing statements on the internet about the defendant, when, in fact, the defendant was the source of the postings;

all in violation of 18 U.S.C. § 1001(a)(2).

A TRUE BILL:

_____/S/_____
FOREPERSON OF GRAND JURY

TRINA A. HIGGINS
United States Attorney

JENNIFER K. MUYSKENS
Assistant United States Attorney