TRINA A. HIGGINS, United States Attorney (#7349)
JENNIFER K. MUYSKENS, Assistant United States Attorney (DC #475353)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682
Email:  Jennifer.Muyskens@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| UNITED STATES OF AMERICA, Plaintiff, vs. KAILIN WANG, Defendant. | Case No. 2:24-cr-00163-TS **UNITED STATES' POSITION REGARDING DETENTION** Judge Ted Stewart Magistrate Judge Daphne Oberg |
|---|---|

☐     The United States is not seeking detention.

☐     Detention is not at issue because this is an immigration reentry case where the defendant has opted to participate in the fast track program, which includes agreeing to detention for the pendency of this case.

☒     The United States moves for detention based on current information.  The United States' positions in this preliminary pleading could change after reviewing the Pretrial Report or learning of additional evidence.  The United States reserves the right to assert positions even if the boxes next to those positions are not checked below, raise additional arguments, and file additional pleadings in support of detention.  The United States' motion for detention is:

☐  Pursuant to 18 U.S.C. § 3142(f)(1) because defendant is charged with:

☐ **(A)** a crime of violence (*see* 18 U.S.C. § 3156(a)(4)), a violation of 18 U.S.C. § 1591 (sex trafficking of children), or an offense under § 2332b(g)(5)(B) (specific enumerated crimes) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(B)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(C)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(D)** any felony if the defendant has been convicted of two or more offenses described in (a) through (c) above, or two or more State or local offenses that would have been offenses described in (a) through (c) above if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐ **(E)** any felony that is not otherwise a crime of violence but involves: **(i)** a minor victim; **(ii)** the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250;

**OR**

☒ Pursuant to 18 U.S.C. § 3142(f)(2) because the case involves:

☒ **(A)** a serious risk the defendant will flee; **or**

☒ **(B)** a serious risk the defendant will obstruct or attempt to obstruct justice, or threaten, injure, intimidate, attempt to threaten, injure or intimidate a prospective witness or juror.

### Procedure

The defendant may seek a continuance of the detention hearing of up to five days, and the United States may seek a continuance of up to three days. 18 U.S.C. § 3142(f). During any such continuance, the defendant shall be detained. *Id*. The rules concerning the admissibility of evidence do not apply at the detention hearing. *Id*. The United States has the burden of persuasion by clear and convincing evidence that no condition or combination of conditions of release will reasonably the safety of any other person and the community or by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required. *Id*.;

*United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003).

## Rebuttable Presumption

☐ A rebuttable presumption applies and the defendant bears the burden to produce some credible evidence to rebut this presumption. The United States acknowledges that it retains the burden of persuasion. The statutory presumption applies:

    ☐ Pursuant to 18 U.S.C. § 3142(e)(2) *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because:

        **(A)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**

        **(B)** the defendant committed that offense while on release pending trial for a Federal, State, or local offense; **and**

        **(C)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for that, whichever is later.

    ☐ Pursuant to 18 U.S.C. § 3142(e)(3) *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

        ☐ **(A)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

        ☐ **(B)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

        ☐ **(C)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 or more is prescribed;

        ☐ **(D)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

        ☐ **(E)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

**Factors to Be Considered**

The United States may present arguments, proffer evidence, or provide testimony at the scheduled detention hearing supporting the detention of the defendant including, but not limited to:

☒ The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm or destructive device.  (18 U.S.C. § 3142(g)(1)).

☒ The weight of evidence against the defendant.  (18 U.S.C. § 3142(g)(2)).

☒ The history and characteristics of the defendant including the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning court proceedings.  (18 U.S.C. § 3142(g)(3)(A)).

☒ Whether, at time of the current offense or arrest, the defendant was on probation, parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law.  (18 U.S.C. § 3142(g)(3)(B)).

☒ The nature and seriousness of danger to any person or to the community that would be posed by the defendant's release.  (18 U.S.C. § 3142(g)(4)).

☐ The defendant's lack of legal status in the United States.  The defendant's legal status is:

☐ How the defendant would be subject to removal or deportation after serving a period of incarceration.

☒ The defendant's significant family or other ties outside of the United States.

☒ The defendant's use of aliases or false documents.

☒ The defendant's prior attempts to evade law enforcement.

☐ How the defendant's proposed residence, employment, or proposed treatment programs have not been verified.

☐ The defendant's prior failures to appear for court proceedings.

☒ Other reasons including:

The defendant is charged with two violations of 18 U.S.C. § 2261A (Cyberstalking) involving two separate victims. The defendant is also charged as a repeat offender pursuant to 18 U.S.C. § 2265A, having been convicted in New York of an offense consisting of conduct that amounted to the stalking of a different victim. As alleged in the Indictment,

and found by the grand jury, the defendant began targeted campaigns of harassment and stalking behavior against Victim 1 and Victim 2. The stalking campaigns extended to the victims' friends and family. The defendant threatened to kill Victim 2. Separate efforts by both victims to report the behavior to law enforcement did not deter the stalking behavior but rather, escalated it; the defendant attempted to use courts and law enforcement to further harass the victims, making false allegations of criminal conduct by the victims in an effort to obtain court orders, law enforcement intervention, and criminal charges against the victims. Notably, in the New York case with the earlier victim, the defendant engaged in similar behavior that resulted in the arrest of that victim due to the defendant's false allegations.

Since 2019, multiple court orders have been entered to try to protect the defendant's stalking victims and their families. For example, criminal and civil orders prohibited the defendant from harassing Victim 1 and his family, or taking any action to obtain their addresses or locations. Since 2019, the defendant has repeatedly violated these court orders. As recently as March 2024 through April 2024, the defendant took affirmative steps to harass Victim 1 and his family (to include posting false allegations of child abduction and calling the police to the victim's home) and obtained the new, confidential home address of a victim. In addition, while the court orders were in place, the defendant attempted to obtain personal information about a minor child in violation of a court order. To do so, the defendant falsified numerous Utah state court subpoenas and sent them to other courts and third parties. That conduct is the subject of a pending Utah state case. Notably, the defendant was out on bail in a California state criminal case charging her with stalking when she committed the offenses that are the subject of the pending Utah state case.

As recently as May 2, 2024, a California state court judge made a written finding that the defendant violated its 2019 court order in two ways as it related to the court's efforts to protect the minor child of Victim-1 and the defendant. In addition, in violation of a February 2023 family court order (as well as two other court orders), the defendant recently posted the minor child's true name on-line along with a picture of the child, and pictures of Victim-1 and his family, claiming that the child was abducted by Victim-1 and his family.

As a result of the repeated violations of court orders, and the continued harassment and stalking behavior towards the victims and their families, on or about May 10, 2024, the prosecution in a California state criminal case that has been pending for five years filed a motion to detain the defendant, alleging that "detention is necessary to protect [Victim-1] and his family; no less restrictive alternative can reasonably protect these interests."

The defendant's concerning behavior extends to people beyond just the victims and their families. In addition to using falsified/forged Utah state court subpoenas to obtain information about the minor child, the defendant also used falsified/forged Utah state court subpoenas to obtain personal information about a Utah County constable who had the misfortune of being the person who served restraining and child custody orders on the defendant. That conduct is also the subject of the Utah County state criminal case.

The United States also believes there is a serious risk of flight. There is an existing abduction warning with the United States Department of State related to the defendant's efforts to obtain personal information and the US passport of the minor child (using falsified Utah state court subpoenas). A California state court judge ordered that his May 2, 2024 written order, which documented the defendant's efforts to obtain a new birth certificate for the minor child with an altered name, be provided to the State Department "in order to update the existing abduction warning regarding the minor child to include the altered name of the child . . ." In addition, in jail phone calls made since her arrest in the federal case, the defendant told her parents that she intends to file an "emergency international move away", appearing to reflect an intent and desire to leave the country. The defendant has also possessed driver's licenses issued by multiple states, and she falsely testified under penalty of perjury that the only driver's license she ever had was issued by the State of Utah.

**Victim Notification**

☒  The United States has notified any identified victim, or attempted to do so, pursuant to 18 U.S.C. § 3771.

    The position of the victim(s) on the detention of the defendant is:

    ☒  The victim(s) in this matter seek(s) a no contact order and request detention as they remain extremely concerned for their safety and the safety of a minor child.

    DATED this 28th day of May, 2024.

    TRINA A. HIGGINS
    United States Attorney

    */s/ Jennifer K. Muyskens*
    Jennifer K. Muyskens
    Assistant United States Attorney