# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> KAILIN WANG, <br><br> Defendant. | Case No. 2:24-cr-0163-TS <br><br> **ORDER GRANTING STIPULATED MOTION FOR PROTECTIVE ORDER** |

Based upon the stipulated motion of the United States of America ("United States"), and with good cause appearing, the court hereby finds that a protective order is necessary and appropriate in this case to prevent harmful disclosure of personal identifying information of other individuals, graphic content, and the public dissemination of discovery materials, while still preserving the defendant's right to a fair trial and meaningful discovery.

Pursuant to the Court's authority under Federal Rule of Criminal Procedure 16(d)(l), it is hereby ordered:

1. The United States will provide counsel for the defendant with unredacted copies of the discovery in this matter, including documents that contain personal identifying information of other individuals. Those materials that contain personal identifying information of other individuals, as well as graphic content and images of victims and witnesses, constitute the "Protected Material" that is subject to this Protective Order. The discovery materials that do not contain any personal identifying information (to include images) of other individuals/entities or

graphic content constitute Non-Protected Material.

2. The Protected Material shall not be disclosed or made available for inspection or copying to any person, including the defendant, other than as permitted in Paragraphs 3 and 4.

3. All unredacted discovery provided pursuant to this Order, including the Protected Material, may be further disclosed to the following people: (a) associates, secretaries, paralegals, private investigators, and other employees or independent contractors of such attorneys to the extent necessary to render professional services in this criminal prosecution (collectively, the "Defense Team"); and (b) court officials involved in this case.

4. All unredacted discovery provided pursuant to this Order, including the Protected Material may be shown to and discussed with the defendant in the presence of counsel or the Defense Team. In addition, counsel may provide copies of the Non-Protected Material to the defendant for the defendant to review outside of the of the presence of counsel or the Defense Team. If counsel for the defendant wishes to provide a copy of any portion of the Protected Material to the defendant for the defendant to review outside of the presence of counsel or the Defense Team, a copy of the Protected Material may be furnished to the defendant only after appropriate redaction of all personal identifying information (dates of birth, social security numbers, home addresses, telephone numbers, personal email addresses, bank account numbers, etc.), and graphic content and images of victims and other individuals/entities.

5. Persons obtaining access to Non-Protected Material and/or Protected Material produced pursuant to this protective order shall use the information only for the preparation and conduct of this criminal trial, and any connected hearings or appeals. No information disclosed pursuant to this order shall be used for any other purpose or any other proceeding. Except for

pleadings filed or hearings held in this criminal case, no information disclosed pursuant to this order shall be publicly disseminated on-line or in any other manner.

6. Counsel for the defendant is responsible for employing reasonable measures to control duplication of, and access to, the Protected Material and the Non-Protected Material.

7. To the extent there are questions or concerns about which portion(s) of unredacted discovery constitute the Protected Material, the parties are directed to meet and confer to determine if they can reach agreement prior to filing a motion with the Court.

8. To the extent counsel for defendant wishes to retain the Protected Material in its files at the conclusion of the case, counsel for the defendant is responsible for ensuring that its files are appropriately designated and stored to control duplication of, or access to, the Protected Material. In the alternative, within 90 days after the conclusion of the case, counsel for the defendant shall return copies of all Protected Material to the United States Attorney's Office, or shall inform the United States Attorney's Office in writing that all such copies have been destroyed.

9. The provisions of this order governing disclosure and use of the discovery shall not terminate at the conclusion of this criminal prosecution.

Signed this 4th day of June, 2024.

_Daphne A. Oberg_
DAPHNE A. OBERG
United States Magistrate Judge