SCOTT KEITH WILSON, Federal Public Defender (#7347)
RICHARD G. SORENSON, Assistant Federal Public Defender (#12240)
OFFICE OF THE FEDERAL PUBLIC DEFENDER
DISTRICT OF UTAH
Attorneys for Ms. Wang
46 West Broadway, Suite 110
Salt Lake City, Utah 84101
Telephone: (801) 524-4010
Fax: (801) 524-4060

---

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> KAILIN WANG <br><br> Defendant. | MOTION TO REVIEW DETENTION ORDER AND REQUEST FOR DE NOVO HEARING <br><br><br> Case No. 2:24-cr-163 TS |

Pursuant to 18 U.S.C. § 3145(b), Kailin Wang moves this Court to review the detention order in this matter entered on May 29, 2024, by U.S. Magistrate Judge Daphne Oberg and requests a de novo hearing. Due to the voluminous material in this matter that the government recently provided to defense, defense requests the hearing be scheduled the first week of July 2024. At the hearing, Ms. Wang will be requesting an order for pretrial release pursuant to 18 U.S.C. § 3142.

## BACKGROUND INFORMATION

Ms. Wang was indicted on this case on May 8, 2024, on two counts of cyberstalking and two counts of false statements. On May 29, 2024, Ms. Kailin appeared for arraignment before

Magistrate Judge Daphne Oberg.  The government moved for detention (*see* doc. #10), arguing that pursuant to 18 U.S.C. § 3142(f)(2), Ms. Wang (1) poses a serious risk of flight; or (2) poses a serious risk that she will obstruct or attempt to obstruct justice, or threaten, injure, intimidate, attempt to threaten, injure or intimidate a prospective witness or juror.  After hearing argument from the parties on May 29, 2024, Judge Oberg ordered that Ms. Wang be detained.

Pursuant to 18 U.S.C. § 3145(b), a defendant may seek review of a magistrate judge's order of detention with the court having original jurisdiction over the offense.  The district court's review of a magistrate judge's detention order is de novo.  *United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003).  The Federal Rules of Evidence do not apply to detention hearings and parties can present evidence by proffer, testimony, or otherwise.  18 U.S.C. § 3142(f)(2)(B).  Ms. Wang can only be detained pending trial if the Court finds "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."  18 U.S.C. § 3142(e).

In deciding whether there are conditions of release that would assure the appearance of Ms. Wang and the safety of the community, the Court must consider, among other things, the following factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against Mr. Wang; (3) Ms. Wang's history and characteristics including her physical and mental condition, family ties, employment, financial resources, community ties, criminal history, and record concerning appearance at court proceedings; and (4) the nature and seriousness of the danger to the community that would be posed by Ms. Wang's release.  18 U.S.C. § 3142(g).

As will be discussed at the hearing, the government is unable to meet the threshold of having a detention hearing under 18 U.S.C. § 3142(f)(2) because Ms. Wang does not pose a

serious risk of flight, nor is she a serious risk of obstructing justice or threatening, injuring, or intimidating a prosecutive witness. Even if the government meets the threshold requirement for a detention hearing, there are appropriate conditions of release the Court can impose under 18 U.S.C. § 3142(g) that would assure Ms. Wang's court appearance and the safety to the community.

DATED this 11th day of June, 2024.

                                        */s/ Richard G. Sorenson*
                                        Richard G. Sorenson
                                        Assistant Federal Public Defender