FELICE JOHN VITI, Acting United States Attorney (#7007)
JOEY L. BLANCH, Assistant United States Attorney (#16665)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682

FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

SEP 30 2025

GARY P. SERDAR
CLERK OF COURT

BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KAILIN WANG,<br><br>Defendant. | Case No. 2:24-CR-00163-TS<br><br>STATEMENT BY DEFENDANT IN ADVANCE OF PLEA OF GUILTY AND PLEA AGREEMENT PURSUANT TO FED. R. CRIM. P. 11(c)(1)(C)<br><br>Judge Ted Stewart |
|---|---|

I hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights, and that I have had the assistance of counsel in reviewing, explaining, and entering into this agreement:

1. As part of this agreement with the United States of America, I intend to plead guilty to Counts 1 and 2 of the Indictment. My attorney has explained the nature of the charges against me, and I have had an opportunity to discuss the nature of the charges with my attorney. I understand the charges and what the United States is required to prove in order to convict me. The elements of Counts 1 and 2, both of which charge Cyberstalking, in violation of 18 U.S.C. § 2261A, are:

   (a) the defendant used facilities of interstate and foreign commerce, including an electronic communication service and/or an interactive computer service;

   (b) the defendant used the facility of interstate commerce to engage in a course of conduct – that is, a pattern of conduct composed of two or more acts, evidencing a continuity of purpose;

    (c) while engaged in the course of conduct, the defendant intended to injure, harass, or intimidate another person; and

    (d) the acts engaged in by the defendant caused, attempted to cause or could reasonably be expected to cause substantial emotional distress to that person.

  2. I know that the maximum possible penalty provided by law for each of Counts 1 and 2 of the Indictment, violations of 18 U.S.C. § 2261A, is a term of imprisonment of 5 years, a fine of $250,000, a term of supervised release of 3 years, and any applicable forfeiture. Therefore, the total statutory maximum for Counts 1 and 2 is 10 years. I understand that if I violate a term or condition of supervised release, I can be returned to prison for the length of time provided in 18 U.S.C. § 3583(e)(3).

    a. Additionally, I know the Court is required to impose an assessment in the amount of $100 for each offense of conviction, pursuant to 18 U.S.C. § 3013. Furthermore, restitution to the victims of my offenses shall be ordered pursuant to 18 U.S.C. § 2264.

    b. I understand that, if I am not a United States citizen, I may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

  3. I know that the sentencing procedures in this case and the ultimate sentence will be determined pursuant to 18 U.S.C. § 3553(a), and that the Court must consider, but is not bound by, the United States Sentencing Guidelines, in determining my sentence. I have discussed these procedures with my attorney. I also know that the final calculation of my sentence by the Court may differ from any calculation the United States, my attorney, or I may have made, and I will not be able to withdraw my plea if this occurs. However, because my plea of guilty is being entered pursuant to Rule 11(c)(1)(C), as explained below, I know that I will be able to withdraw my plea if the Court does not accept the terms of this agreement.

  4. I know that I can be represented by an attorney at every stage of the proceeding, and I know that if I cannot afford an attorney, one will be appointed to represent me.

  5. I know that I have a right to plead "Not Guilty" or maintain my earlier plea of "Not Guilty" and can have a trial on the charges against me.

  6. I know that I have a right to a trial by jury, and I know that if I stand trial by a jury:

  a. I have a right to the assistance of counsel at every stage of the proceeding.

  b. I have a right to see and observe the witnesses who testify against me.

  c. My attorney can cross-examine all witnesses who testify against me.

  d. I have the right to testify and present evidence, to call witnesses to testify at trial, and I can obtain subpoenas to require the attendance and testimony of those witnesses. If I cannot afford to pay for the appearance of a witness and mileage fees, the United States will pay them.

  e. I cannot be forced to incriminate myself, and I do not have to testify at any trial.

  f. If I do not want to testify, the jury will be told that no inference adverse to me may be drawn from my election not to testify.

  g. The United States must prove each and every element of the offense charged against me beyond a reasonable doubt.

  h. It requires a unanimous verdict of a jury to convict me.

  i. If I were to be convicted, I could appeal, and if I could not afford to appeal, the United States would pay the costs of the appeal, including the services of appointed counsel.

7. If I plead guilty, I will not have a trial of any kind.

8. I know that 18 U.S.C. § 3742(c)(1) sets forth the circumstances under which I may appeal my sentence. However, fully understanding my right to appeal my sentence, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily and expressly waive my right to appeal as set forth in paragraph 12 below.

9. I know that, under 18 U.S.C. § 3742(c)(2), the United States may only appeal my sentence if it is less than the sentence set forth in this agreement.

10. I know that under a plea of guilty the judge may ask me questions under oath about the offense. The questions, if asked on the record and in the presence of counsel, must be answered truthfully and, if I give false answers, I can be prosecuted for perjury.

11. I stipulate and agree that the following facts accurately describe my conduct. These facts provide a basis for the Court to accept my guilty plea:

At all relevant times, I was a resident of the District of Utah.

In 2017, I connected with Victim 2 on a social media site. We did not form a romantic or dating relationship. Nevertheless, beginning in and around September 2017 and continuing until at least 2019, I engaged in a course of conduct intended to harass and intimidate Victim 2 and his friends.

In order to harass and intimidate Victim 2, I used multiple email accounts, social media accounts, and phone numbers to send numerous derogatory and defamatory messages, texts and other communications to him. I sent similar messages and other communications about Victim 2 to his friends and posted harassing and defamatory things about him on public Internet sites. For example:

- On May 16, 2019, and again on June 15, 2019, I used the Internet to report Victim 2 to the federal Internet Crimes Complaint Center ("IC3"). In these reports, I claimed that Victim 2 had impersonated me online and posted defamatory and harassing statements on the Internet about me. I made the reports in order to have Victim 2 investigated by law enforcement in order to continue harassing and intimidating him.

In 2018, I met Victim 1 on a social media site. We had a brief sexual relationship resulting in the birth of a child ("Minor-1"). Beginning in or around December 2018 and continuing until at least 2020, I engaged in a course of conduct intended to harass and intimidate Victim 1 and his family.

In order to harass and intimidate Victim 1, I used multiple email accounts, social media accounts, and phone numbers to make numerous derogatory posts about Victim 1 on public Internet sites. I tagged him in these posts to to ensure he saw them, and to ensure anyone reading the posts would connect them to Victim 1. I also sent numerous derogatory messages, texts and other communications about him to his friends and families and posted harassing and derogatory things about them on public Internet sites. For example,

4

- On May 16, 2019, and again on June 15, 2019, I used the Internet to report Victim 1 to the federal Internet Crimes Complaint Center ("IC3"). In these reports, I claimed that Victim 1 had impersonated me online and posted defamatory and harassing statements on the Internet about me. I made the reports in order to have Victim 1 investigated by law enforcement in order to continue harassing and intimidating him.

As a result of sending these messages and making these posts, I caused Victims 1 and 2 and their friends and families substantial emotional distress.

I understand that the Internet is a means and facility of interstate and foreign commerce.

12. The only terms and conditions pertaining to this plea agreement between me and the United States are as follows:

a. **Guilty Plea.** I will plead guilty to Counts 1 and 2 of the Indictment.

b. **Stipulated Sentence.** Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the sentence imposed by the Court will be no less than a 5-year term of probation and no more than a term of imprisonment of 12 months, and if a term of imprisonment is imposed, it shall be followed by a 3-year term of supervised release; which I agree is a reasonable sentence.

(1) I understand that this agreement, including my plea, the agreed upon sentence, and all other terms referenced herein, are subject to the approval of, and acceptance by the Court. I further understand that the Court will likely order the preparation of a Presentence Report to assist in the determination of whether this plea and the agreement are appropriate, and I agree to fully cooperate in the preparation of the Presentence Report.

(2) If, after receiving all relevant information, the Court rejects the plea agreement and determines that a sentence different from the agreed upon sentence of no less than a 5-year term of probation and no more than a term of imprisonment of 12 months, I will have the right to withdraw the plea of guilty and the terms of this agreement will become null and void. Likewise, if the Court rejects the plea agreement and determines that the sentence should be less than a 5-year term of probation, and if a term of imprisonment is imposed, a term of supervised release less than 3 years, I understand that the United States will have the right to move to vacate this agreement, and all terms of this agreement will become null and void.

    c. **Dismissal of Counts.** The United States agrees to move for leave to dismiss Counts 3 and 4 at the time of sentencing.

    d. **Utah Case.** In addition to pleading guilty in this case (the "federal case"), I have also agreed to plead guilty in State of Utah v. Kailin Wang, Third District Court case number 211100167 (the "Utah case") pursuant to the following terms:

- I will plead guilty to Count 1 of the Utah case, amended to making false written statement in violation of Utah criminal code § 76-8-504, a Class B misdemeanor;
- I will plead guilty to Count 8 of the Utah case, which charges me with forgery in violation of Utah criminal code §76-6-501(2), a Class 3 felony, reduced to a Class A misdemeanor pursuant to Utah criminal code § 77-2.2.3;
- Counts 2-7 will be dismissed;
- The State will recommend a sentence to run concurrent with any period of incarceration imposed in the federal case, if any.

I understand that my guilty plea in the Utah case is an essential part of the agreement in the federal case. Notwithstanding paragraph 12(b)(2) above, I agree that if given the opportunity to plead guilty pursuant to those terms in the Utah case prior to the sentencing hearing in the federal case, and I do not do so, I may not withdraw my guilty pleas in the federal case and the United States will not be bound by its sentencing agreement and can seek up to the statutory maximum sentence.

    e. **California Case.** The San Francisco District Attorney's Office agrees that if I plead guilty in the federal case and the Utah case as contemplated by this agreement, they will move to dismiss California v. Wang, Superior Court of the State of California, City and County of San Francisco, case numbers 19016407 and 24500827 (consolidated) (the "California case") after sentencing is imposed in the federal case. The parties agree that dismissal of the California case is an essential part of the agreement in the federal case.

    f. **Motion to Revoke Pretrial Release** The government agrees to withdraw the motion to revoke pretrial release filed on June 4, 2025, at docket 76, and not to request that defendant be detained prior to sentencing, unless the defendant commits violations of her conditions of pretrial release that are currently unknown to the government.

    g. **Relevant Conduct.** I understand and agree that the Presentence Report may include descriptions of conduct I engaged in which either was not charged against

me, will not be pleaded to by me, or both. I understand and agree that the Court will take these facts into consideration in determining the reasonableness of the stipulated sentence.

    h. **Appeal Waiver.**

        (1)    Fully understanding my limited right to appeal my sentence, as explained above in paragraph 8, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily, and expressly waive my right to appeal any sentence imposed upon me, except that (1) I do not waive the right to appeal as set forth in 18 U.S.C. § 3742(c)(1), which states that I may not file a notice of appeal unless the sentence imposed is greater than the sentence set forth in this agreement, and (2) I do not waive my right to appeal to whom I owe restitution or the amount of any restitution that may be ordered. I also knowingly, voluntarily, and expressly waive any argument (1) that the statute to which I am pleading guilty is unconstitutional or (2) that my admitted conduct does not fall within the scope of the statute.

        (2)    I also knowingly, voluntarily, and expressly waive my right to challenge my sentence, unless the sentence imposed is greater than the sentence set forth in this agreement, and my conviction, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255, except to raise an ineffective assistance of counsel claim. This waiver includes any motion for modification of my sentence under 18 U.S.C. § 3582(c)(2).

        (3)    I understand that this waiver of my appeal and collateral review rights concerning my sentence shall not affect the United States' right to appeal my sentence pursuant to 18 U.S.C. § 3742(c)(2) and § 3742(b)(1) and (2).

        (4)    I further understand and agree that the word "sentence" appearing throughout this waiver provision is being used broadly and applies to all aspects of the Court's sentencing authority, including, but not limited to: (1) sentencing determinations; (2) the imposition of imprisonment, fines, supervised release, probation, and any specific terms and conditions thereof; and (3) any orders of restitution.

        (5)    Additionally, I waive all rights to appeal any issues regarding my right to presence and the validity of my remote appearance for this and any other hearings held in this matter.

    i. **Presentence Report and Financial Information.** I agree to provide truthful and complete information, including financial information, as requested by the probation office for the preparation of my presentence report and for determination of the

conditions of my supervised release. I also consent to allowing the United States Attorney's Office to run a credit check on me. I consent to being placed on the Treasury Offset Program and State Finder.

    j. **Restitution.**

        (1)    I agree that I am subject to mandatory restitution because 18 U.S.C. § 2261A(2), the charge to which I am pleading guilty, falls within the provisions of 18 U.S.C. § 2264. My attorney has explained what mandatory restitution means.

        (2)    I understand that the amount of restitution and the schedule of payments will be determined as a part of the sentencing proceedings in accordance with the provisions of 18 U.S.C. § 2264 and 3664. I agree to pay all restitution as ordered by the Court. I agree that the payment and enforcement of my restitution order is governed by 18 U.S.C. § 3664, and my lawyer has explained the consequences of an order of restitution.

        (3)    I understand and agree that payment of any restitution owed, pursuant to the schedule set by the Court at sentencing, should be a condition of any term of probation or supervised release imposed upon me. I know that if I fail to pay restitution as ordered, the failure can be considered a violation of probation or supervised release and, pursuant to 18 U.S.C. § 3614, the Court can resentence me to any sentence which might originally have been imposed in my case.

    k. **Waiver of Interest.** The United States agrees to recommend that the Court waive interest for fines and restitution assessed against me.

    13.    I understand and agree that this plea agreement is solely between me and the United States Attorney for the District of Utah and the San Francisco District Attorney's Office and does not bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

    14.    I understand that I have a right to ask the Court any questions I wish to ask concerning my rights about these proceedings and the plea.

                \*    \*    \*    \*

I make the following representations to the Court:

1. I am _42_ years of age. My education consists of _Bachelor of Science_. I [can/cannot] read and understand English.

2. This Statement in Advance contains all terms of the agreement between me and the United States; if there are exceptions, the Court will be specifically advised, on the record, at the time of my guilty plea of the additional terms. I understand the United States and I cannot have terms of this plea agreement that are not disclosed to the Court.

3. No one has made threats, promises, or representations to me that have caused me to plead guilty, other than the provisions set forth in this agreement.

4. Neither my attorney nor the United States has promised me that I would receive probation or any other form of leniency because of my plea.

5. I have discussed this case and this plea with my lawyer as much as I wish, and I have no additional questions.

6. I am satisfied with my lawyer.

7. My decision to enter this plea was made after full and careful thought; with the advice of counsel; and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea. I was not under the influence of any drugs, medication, or intoxicants when I made the decision to enter the plea, and I am not now under the influence of any drugs, medication, or intoxicants.

8. I have no mental reservations concerning the plea.

9. I understand and agree to all the above. I know that I am free to change or delete anything contained in this statement. I do not wish to make changes to this agreement because I agree with the terms and all the statements are correct.

DATED this _30th_ day of _Sept_, _2025_

_/s/ Kaly_
KAILIN WANG

Defendant

I certify that I have discussed this plea agreement with the defendant, that I have fully explained her rights to her, and that I have assisted her in completing this written agreement. I believe that she is knowingly and voluntarily entering the plea with full knowledge of her legal rights and that there is a factual basis for the plea.

DATED this 30th day of Sept, 2025

*/s/ Richard Sorenson*
RICHARD SORENSON
Deputy Federal Public Defender
Attorney for Defendant


I represent that all terms of the plea agreement between the defendant and the United States have been, or will be at the plea hearing, disclosed to the Court, and there are no undisclosed agreements between the defendant and the United States.

DATED this 30th day of September, 2025

FELICE JOHN VITI
Acting United States Attorney

*/s/ Joey L. Blanch*
JOEY L. BLANCH
Assistant United States Attorney

10

I represent that the San Francisco District Attorney's Office has agreed to be bound by paragraph 12e of this plea agreement.

DATED this 26th day of September, 2025.

_____
DONALD DU BAIN
Assistant District Attorney
San Francisco District Attorney's Office

11