FILED
San Francisco County Superior Court
FEB 0 2 2022
CLERK OF THE COURT
BY: _____
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA

CITY AND COUNTY OF SAN FRANCISCO

UNIFIED FAMILY COURT

| | |
|---|---|
| CHRISTOFFER THYGESEN<br><br>Petitioner<br><br>vs.<br><br>KAILIN WANG<br><br>Respondent | Case Number: FDV-19-814465<br><br>**ORDER REINSTATING IN PERSON VISITATION FOR RESPONDENT KAILIN WANG**<br><br>Hearing Date: November 18, 2021<br>Judge:        Hon. Monica F. Wiley<br>Dept.         405 |

### I.   Procedural History

On July 19, 2021, this Court determined that a pattern of concerning and escalating behavior provided good cause to temporarily suspend in-person visitation between Respondent and the minor child, Kayson Thygesen Wang (DOB: 11/26/18). On July 30, 2021, the Court issued a written order extending the temporary *ex parte* order suspending in person visitation. The Court's order was based on its findings that Respondent posed a heightened risk of abduction under Family Code section 3048(b)(1)[1] because she has violated court orders in both Utah and California, has no strong ties to California, and has attempted to obtain the child's school/medical records, and his passport.[2] In addition, the litigation history in this case demonstrates that Respondent has a history of not cooperating with

---

[1] All future references are to the Family Code section unless otherwise indicated.
[2] Respondent sent subpoenas to companies including Facebook, Google, Menlo Pediatrics, the Menlo Medical Clinic, University Health Care Alliance, the child's school, and Airbnb.

1

Petitioner in parenting the child, and lives and has close family in another state. Most concerning to the Court was evidence supporting Respondent's violation of the court-ordered supervised facility's internal policies concerning the visiting parent's designated entrance.

On September 13, 2021, the Court of Appeal issued an alternate writ of mandate ordering this court to schedule a hearing to determine whether and how to modify Respondent's visitation schedule after considering the protective measures listed in section 3048(b)(2) and to make an express finding that termination of in-person visits was in the best interest of the child pursuant to section 3031(c). Multiple hearings dates followed, and throughout the evidentiary proceedings Petitioner Christopher Thygesen was present at the hearing in person or via Blue Jeans with his attorneys of record, Douglas Rappaport and Derrick Chase. Michelene Insalaco also appeared via Blue Jeans on behalf of Petitioner. Respondent Kailin Wang appeared by Blue Jeans and represented herself during the hearings. The Court heard testimony from Petitioner and Respondent and received other evidence as noted in the Court's Exhibit List. Hearings dates were scheduled and conducted on November 18th, 24th, December 20, 2021, and January 5, 2022.

The Court now issues this order reinstating in-person visitation.[3] Below is an analysis of each protective measure listed in section 3048(b)(2) and addressing the Court's finding as to the best interest of the child.

---

[3] At the hearing on January 5th, the Court granted Respondent's Motion to Strike the Petitioner's Trial Brief and Respondent's Motions *In Limine* to exclude the testimony and preliminary report of Petitioner's retained expert witnesses Drs. Paul Elizondo and Mark Levy on the grounds that the trial brief and witness disclosure was untimely, prejudicial, and failed to comply with Code Civ. Proc., § 2034.310: "A party may call as a witness at trial an expert not previously designated by that party if either of the following conditions is satisfied: (a) that expert has been designated by another party and has thereafter been deposed under Article 3 (commencing with Section 2034.410), or (b) that expert is called as a witness to impeach the testimony of an expert witness offered by any other party at the trial. This impeachment may include testimony to the falsity or nonexistence of any fact used as the foundation for any opinion by any other party's expert witness but may not include testimony that contradicts the opinion." The Court notes that Petitioner also failed to comply with San Francisco Local Rule 11.13(A).

1. **Section 3048(b)(2)(A) – Ordering Supervised Visitation.**

On February 15, 2019, Petitioner filed the underlying Domestic Violence Prevention Act (DPVA) restraining order request based upon allegations that Respondent sent a series of threatening and harassing text messages, social media posts, and direct messages to Petitioner, his family members, and friends.[4] This alleged online harassment is described in detail throughout these proceedings and this Court will not belabor the allegations unnecessarily here. The Court granted the temporary restraining order and awarded temporary sole legal and physical custody to Petitioner and ordered supervised visits to Respondent. Respondent has participated in person visitation and remote visitation since the restraining order was issued.[5] On July 30th, this Court found that Respondent presented a heightened abduction risk under section 3048(b)(1). Given the Court's earlier finding, supervised visitation in a secure and controlled visitation facility continues to be an appropriate protective measure to address the heightened risk and safeguard against abduction and any injury to the minor in this case. A visitation order ensuring that this protective measure remains in place weighs in favor of resuming in-person visitation in a secure setting with appropriate third-party supervision.

2. **Section 3048(b)(2)(B) - Requiring Respondent to Post a Bond.**

The Court next addresses requiring the Respondent to post a bond as a preventative measure. Under Section 3048(b)(2)(B), the Court may require a parent to post a bond in an amount sufficient to serve as a financial deterrent to abduction. The Court notes that in the parallel criminal proceeding, Respondent posted a bond securing her $750,000 bail as a

---

[4] The permanent restraining order trial is currently stayed at Respondent's request.
[5] Supervised visits at Rally took place from Summer 2019 until Rally suspended in-person visits in March 2020 due to the Covid 19 pandemic. Respondent had video visitation at SCAFS until in person visitation became available at Terra Firma, a supervised visitation facility in Hayward. In May of 2021, Rally resumed in person visitation and Respondent resumed in person visits every other week at Rally. On July 29th, this Court

3

condition of her pretrial release from custody. In these custody proceedings, Respondent has filed three Income and Expense Declarations (FL-150) on July 15, 2020, December 4, 2020, and September 27, 2021. Each FL-150 states that she is currently unemployed, receiving public assistance in Utah, and is approximately $260,000 in debt. The Court finds that the security bond currently posted in the criminal matter meets the preventative measure requirement and serves as a preemptive flight deterrent. The Court will reevaluate the posting of a security bond in the custody proceedings if the criminal matter is resolved.

### 3. Section 3048(b)(2)(C) - Restricting Respondent's Right to Remove the Child from the County, the State, or the Country.

Since June of 2019, Petitioner has maintained sole legal and physical custody and Respondent has no legal right to remove Kayson from California under the current interim DVRO court orders. (§§ 3006, 3007.) California has been adjudicated to be the home state of the child and the United States is the country of habitual residence under the Hague Convention on the Civil Aspects of International Child Abduction. (42 USC §§11601, *et. seq.*) Petitioner argues that Respondent has repeatedly demonstrated an unwillingness to abide by court orders and comply with orders previously issued in New York, Utah, and California. The Court has issued orders preventing Respondent from removing the child from San Francisco County, the State of California, and the United States, and to ensure compliance with this order, law enforcement will be authorized to enforce these orders, and the San Francisco District Attorney's Office Child Abduction Unit (CARU) will be notified immediately of this court order as an added preventative measure. If Respondent attempts to remove the minor from San Francisco, the State of California, or the United States in

---

suspended in person visitation.

4

violation of this order, Respondent could face additional criminal charges, which should serve as an additional deterrent.[6]

### 4. Section 3048(b)(2)(D) - Restricting the Right of the Custodial Parent to Relocate with the Child.

This court may, as an additional preventative measure, restrict the right of the custodial parent to relocate with the child, unless the custodial parent provides advance notice to, and obtains the written agreement of, the noncustodial parent, or obtains the approval of the court. Petitioner lives in San Francisco and filed the DPVA proceedings in San Francisco. All future DVRO and custody proceedings will be held in San Francisco absent Respondent's express written agreement or further order of the court, Petitioner will be restricted from relocating with the minor away from the City and County of San Francisco or the nine Area Counties.

### 5. 3048(b)(2)(E) - Requiring the Surrender of Respondent's Passport and Other Travel Documents.

Petitioner acknowledges that Respondent surrendered her passport in the criminal proceedings and does not have the legal authority to apply for a passport for the child. Petitioner expressed concern that Respondent has continued to engage in criminal conduct following the surrender of the passport and the posting of the security bond in the criminal proceedings. Respondent has also been accused of issuing subpoenas for the minor's records and passport without Petitioner's consent or court authority. A second criminal case is now pending in Utah. In these proceedings, Petitioner presented credible evidence that Respondent has access to driver's licenses from both Utah and New York. Since Respondent has already surrendered her passport, the Court has the authority to require her to surrender

---

[6] The Court notes that it is a crime to intentionally take, entice away, keep, withhold, or conceal a child from any person or agency with the right of custody or visitation under California Penal Code section 278.5.

any additional travel documents, including any driver's licenses in her possession to the supervised visitation facility as a pre-condition of each supervised visitation.

**6. Section 3048(b)(2)(F) – Prohibiting Respondent from Applying for a New or Replacement Passport for the Child.**

Respondent is currently being criminally prosecuted for perjury for allegedly using fake subpoenas to obtain the minor's school records and his passport. This conduct formed the basis for the Court's previous finding that a heightened risk of child abduction existed, and which led to the Court suspending in-person visitation. Petitioner currently has temporary sole legal and physical custody of the minor, and the Court will maintain that custodial status until further order of the court. Petitioner has possession of the child's passport and the Respondent is not allowed to apply for a replacement or new passport.

**7. Section 3048(b)(2)(G) – Requiring a Parent to Notify a Relevant Foreign Consulate or Embassy of Passport Restrictions and To Provide the Court with Proof of that Notification.**

Respondent and her parents were born in China, and Respondent has surrendered her passport in the pending criminal matter. Since China is not a signatory to the Hague Convention, Petitioner shall notify the U.S. Embassy of the Court's order, which includes passport restrictions, and provide proof of notification within 30 days of the date of this visitation order.[7]

**8. Section 3048(b)(2)(H) – Requiring a Party to Register a California Order in Another State.**

As an additional preventative measure, Petitioner can register the California custody order in Utah where Respondent currently resides.

---

[7] The Court takes judicial notice that China is not a partner to the Hague Convention on the Civil Aspects of International Child Abduction. The Court notes that even protections for Hague signatories are limited. The Hague Convention protects a custodial parent from unlawful removal or retention of minor children for only one year. Only within the first year after the removal of the children from their habitual residence are courts of the country to which the children were removed obligated to order the return of the child forthwith. Hague Convention, Art. 12, 19 Intl. Legal Materials at 1502, *In re Marriage of Condon*, (1998) 62 Cal. App. 4th 533,

9. **Section 3048(b)(2)(I) – Obtaining Assurances That a Party Will Return from Foreign Visits.**

Petitioner has been awarded sole legal and physical custody and Respondent may not travel with the minor outside the City and County of San Francisco. The Court does not consider this factor in its analysis.

10. **Section 3048(b)(2)(J) – Including Hague Convention Provisions in the Custody Order.**

California has been adjudicated as the minor's home state, and this Court has sole and exclusive jurisdiction to make custody determinations for the minor child under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA). Hague Convention provisions will be included in this order.

11. **Section 3048(b)(2)(K) – Authorizing the Assistance of Law Enforcement.**

Pursuant to this section, a court shall inform the parties of the telephone number and address of the Child Abduction Unit in the office of the district attorney in the county where the custody or visitation order is being entered and provide a copy of the order to the Child Abduction Unit. This Court will authorize law enforcement to enforce this order if Respondent attempts to remove the child from Petitioner's custody.

## II. Application of the Best Interest Standard.

The Court next reviews the best interest standard found generally in section 3011 and analyzes that standard as it relates to section 3031(c) and the termination of in-person visits. The "best interest standard" is "an elusive guideline that belies rigid definition." *Adoption of Matthew B.* (1991) 232 Cal.App.3d 1239, 1263. The standard is a relative one. The question is not whether a particular set of circumstances is in the best interest of the child, but whether a particular set of circumstances in relation to an alternative set of circumstances is in the

556.

best interest of the child. (*Id.* at 1264.) The court must weigh these factors and determine a child's best interest solely from the child's standpoint.

Under Section 3031(c), when making an order for custody or visitation in a case in which domestic violence is alleged and an emergency protective order, protective order, or other restraining order has been issued, the court shall consider whether the best interest of the child, based upon the circumstances of the case, requires that any custody or visitation arrangement shall be limited to situations in which a third person, specified by the court, is present, or whether custody or visitation shall be suspended or denied. Pursuant to Family Code § 3011, "in making a determination of the best interests of the child," the court has considered the following factors listed below in its analysis.

1. **The health, safety, and welfare of the child (Fam. Code § 3011(a))**

A court's primary concern is the health and safety of the child when making visitation orders. (Fam. Code §3020(a).) Kayson has been described throughout these proceedings as a healthy and happy child. The prior visitation reports suggest that he likes to play with his toys, have books read to him, and watch videos. The on-site supervisors who have observed visits at Rally, Terra Firma, and the Academy for Child Advocacy and Family Support (ACAFS) have not reported any developmental, behavioral, or special needs in their written reports to the court. Petitioner introduced no evidence demonstrating or even suggesting that Respondent's visits with Kayson have been detrimental or impacted his health, safety, or welfare. This factor weighs in favor of resuming supervised in-person visitation.

2. **The nature and amount of contact with both parents (Fam. Code §3011(c))**

In determining the child's best interest, this Court must also consider the nature and amount of contact with both parents. Since July 2019, Petitioner has had sole physical

custody of Kayson, and Respondent has engaged in both in-person and video visitation since 2019. Most recently, Respondent has participated in weekly video visits with Kayson at ACAFS. In evaluating whether in person visitation is in Kayson's best interest, this Court spent considerable time reviewing the supervised visitation reports in this matter. The in-person visitation reports from Rally reveal that Respondent appropriately engaged with Kayson during the in-person visits. A review of the more recent reports from ACAFS also demonstrate that Respondent appeared on time for all Zoom visits, engaged appropriately with Kayson, and was observed to have age-appropriate parent-child interactions. During the video visits, Respondent reads books to Kayson, watches videos with him, and responds to Kayson's questions. Kayson has also been observed to respond positively to Respondent, showing Respondent and his maternal grandmother his toys. Kayson is generally attentive to Respondent during the video visits. The visit supervisors have consistently noted that Respondent greets Kayson warmly for each visit, asks appropriate questions during the visits, and has good verbal interactions with Kayson. This factor weighs in favor of resuming in person visitation.

3. **Any habitual or continual illegal use of controlled substances or alcohol (Fam. Code § 3011(d)).**

Respondent has made non-specific allegations concerning Petitioner's drug use throughout these proceedings but offered no independent corroboration of drug or alcohol use. There is no direct evidence of habitual or continued illegal use of controlled substances or excessive alcohol consumption by either party in these proceedings, and the Court does not consider this factor in its analysis.

4. **Any history of physical abuse (Fam. Code § 3011(b)(1)-(b)(3)).**

There are no allegations of physical abuse against the child and the Court does not consider section 3011(b)(1) in its analysis. Petitioner has alleged that Respondent has engaged in a pattern of harassing behavior under section 6320 and the Court considers Respondent's behavior in its analysis under this section. Respondent is currently being prosecuted in California and Utah for stalking, identity theft, perjury, and issuing false subpoenas. While no recent criminal convictions have resulted from these criminal charges, this factor weighs against resuming in-person visitation.

5. **Any other factors the court deems relevant**

The Court has considered the procedural history of this case in both California and Utah. The Court has also reviewed and considered the social media postings of Respondent. The most recent and relevant visitation reports submitted to the Court demonstrate that the minor is bonded to Respondent and has healthy parent-child interactions during both in-person and video visitation. Based upon the above, this Court cannot find based upon the evidence presented that terminating supervised in-person visitation is in Kayson's best interesting. Because of the heightened abduction risk, all in person visitation and parenting time shall continue to be appropriately supervised by a professional supervision center.

## ORDERS

1. California is the minor children's home state and has sole and exclusive jurisdiction to make child custody orders in this case under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA).

2. Petitioner shall register this order with the state of Utah and notify the U.S. Embassy of all passport restrictions. Petitioner shall provide the court with proof of registration and notification within 30 days of the date of this order.

3. Respondent Kailin Wang's request to reinstate in person visitation is granted. All in person visitation and parenting time between Respondent and the minor will take place at a designated supervised visitation center. The minor's maternal grandparents may also attend these visits. Visitation shall be subject to the internal rules and policies of the supervised visitation facility.

4. Respondent is not permitted to take the minor outside of the visitation center or travel with the minor outside of the City and County of San Francisco absent written court order. Any violation of this provision will result in the immediate suspension of in person visitation.

5. San Francisco Family Court Services will contact the parties to coordinate the in-person visitation schedule.

6. Respondent will also continue to have weekly visitation at ACAFS by video.

7. Pursuant to sections 3048(b)(2)(K) and 3130, the Court authorizes the assistance of law enforcement to address any violations of this custody or visitation order. The San Francisco District Attorney's Child Abduction Unit (CARU) will be immediately notified of any violations of this child custody and visitation order. CARU is mandated by the State of California to enforce child custody and visitation orders and to locate and return children who have been taken or detained, in violation of another person's custody rights. The San Francisco Superior Court liaison for CARU is Lt. Ray Tang, and his contact information is: San Francisco District Attorney's Office, 350 Rhode Island Street, North Building Suite 400N, San Francisco, CA, 94103.

Lt. Tang's telephone number is (628) 652-4332, and his email address is raymond.tang@sfgov.org.

SO ORDERED.

Dated: February 2, 2022

_____
Hon. Monica F. Wiley
Judge of the San Francisco Superior Court

FL-335

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Prepared by the Court

TELEPHONE NO.:  FAX NO. *(Optional):*
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Unified Family Court

PETITIONER/PLAINTIFF: Christoffer Thygesen
RESPONDENT/DEFENDANT: Kailin Wang
OTHER PARENT/PARTY:

**PROOF OF SERVICE BY MAIL**

FOR COURT USE ONLY

FILED
San Francisco County Superior Court
FEB 0 2 2022
CLERK OF THE COURT
BY: _____ Deputy Clerk

CASE NUMBER: FDV-19-814465

*(If applicable, provide):*
HEARING DATE: November 18, 2021
HEARING TIME: 9:00 a.m.
DEPT.: 405

**NOTICE: To serve temporary restraining orders you must use personal service (see form FL-330).**

1. I am at least 18 years of age, not a party to this action, and I am a resident of or employed in the county where the mailing took place.

2. My residence or business address is:
   400 McAllister Street, San Francisco, CA 94102

3. I served a copy of the following documents *(specify):*
   Order Reinstating in Person Visitation for Respondent Kailin Wang

   by enclosing them in an envelope AND
   a. ☐ **depositing** the sealed envelope with the United States Postal Service with the postage fully prepaid.
   b. ☒ **placing** the envelope for collection and mailing on the date and at the place shown in item 4 following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

4. The envelope was addressed and mailed as follows:
   a. Name of person served: Michelene E. Insalaco
   b. Address: 50 California Street, 34th Floor
      San Francisco, CA 94111
   c. Date mailed: 2/2/2022
   d. Place of mailing *(city and state):* San Francisco, CA

   Kailin Wang
   2481 Fairway Drive
   Spanish Fork, UT 84660

5. ☐ I served a request to modify a child custody, visitation, or child support judgment or permanent order which included an address verification declaration. *(Declaration Regarding Address Verification—Postjudgment Request to Modify a Child Custody, Visitation, or Child Support Order* (form FL-334) *may be used for this purpose.)*

6. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 2/2/2022

Theresa Santos
(TYPE OR PRINT NAME)    ▶ *(signature)* (SIGNATURE OF PERSON COMPLETING THIS FORM)

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
FL-335 [Rev. January 1, 2012]

CEB Essential Forms
ceb.com

**PROOF OF SERVICE BY MAIL**

Code of Civil Procedure, §§ 1013, 1013a
www.courts.ca.gov

| | FL-335 |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Prepared by the Court<br><br>TELEPHONE NO.:            FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FOR COURT USE ONLY<br><br>**FILED**<br>San Francisco County Superior Court<br><br>FEB 02 2022<br><br>CLERK OF THE COURT<br>BY: _____<br>           Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Unified Family Court

PETITIONER/PLAINTIFF: Christoffer Thygesen
RESPONDENT/DEFENDANT: Kailin Wang
OTHER PARENT/PARTY:

**PROOF OF SERVICE BY MAIL**

CASE NUMBER: FDV-19-814465

(If applicable, provide):
HEARING DATE: November 18, 2021
HEARING TIME: 9:00 a.m.
DEPT.: 405

**NOTICE: To serve temporary restraining orders you must use personal service (see form FL-330).**

1. I am at least 18 years of age, not a party to this action, and I am a resident of or employed in the county where the mailing took place.

2. My residence or business address is:
   400 McAllister Street, San Francisco, CA 94102

3. I served a copy of the following documents (specify):
   Order Reinstating in Person Visitation for Respondent Kailin Wang

   by enclosing them in an envelope AND
   a. ☐ depositing the sealed envelope with the United States Postal Service with the postage fully prepaid.
   b. ☒ placing the envelope for collection and mailing on the date and at the place shown in item 4 following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

4. The envelope was addressed and mailed as follows:
   a. Name of person served: Darrick Tracey Chase
   b. Address: 101 California Street, Suite 2300
      San Francisco, CA 94111
   c. Date mailed: 2/2/2022
   d. Place of mailing (city and state): San Francisco, CA

   Douglas Lee Rappoport
   260 California Street Suite 1002
   San Francisco, CA 94111

5. ☐ I served a request to modify a child custody, visitation, or child support judgment or permanent order which included an address verification declaration. (Declaration Regarding Address Verification—Postjudgment Request to Modify a Child Custody, Visitation, or Child Support Order (form FL-334) may be used for this purpose.)

6. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 2/2/2022

Theresa Santos
(TYPE OR PRINT NAME)                         ▶   _____ (SIGNATURE OF PERSON COMPLETING THIS FORM)

Form Approved for Optional Use
Judicial Council of California
FL-335 [Rev. January 1, 2012]    CEB Essential Forms   ceb.com

**PROOF OF SERVICE BY MAIL**

Page 1 of 1
Code of Civil Procedure, §§ 1013, 1013a
www.courts.ca.gov