PREPARED BY THE COURT

FILED
San Francisco County Superior Court
APR 1 9 2022
CLERK OF THE COURT
BY: _____ Deputy Clerk

SUPERIOR COURT OF CALIFORNIA

CITY AND COUNTY OF SAN FRANCISCO

UNIFIED FAMILY COURT

| | |
|---|---|
| **CHRISTOFFER THYGESEN**<br><br>Petitioner<br><br>vs.<br><br>**KAILIN WANG**<br><br>Respondent | Case Number: **FDV-19-814465**<br><br>**FINDINGS AND ORDER AFTER HEARING**<br><br>Hearing Date: April 15, 2022<br>Judge:         Hon. Monica F. Wiley<br>Dept.           405 |

Having considered the pleadings and declarations filed by the parties, as well as the visitation reports submitted by Rally Visitation Services and the Academy for Child Advocacy and Family Support (ACAFS), and arguments presented at the hearing in this matter, the Court makes the following findings and orders:[1]

1. Pursuant to the oral agreement of the parties at the hearing Petitioner's RFO to lift the DVRO discretionary stay filed on November 29, 2021, is GRANTED and the DVRO hearing shall be scheduled for October 18-21, 2022. A separate Trial Setting Order will be filed and served separately on the parties.[2]

---

[1] This Court Order will refer to Christopher Thygesen as "Petitioner" and Kailin Wang as "Respondent" for convenience and in an effort to humanize these proceedings. No disrespect is intended. It should also be noted that this Order does not address Petitioner's request to enforce the parties' agreement to remove or redact the minor's identifying information from social medial posts controlled by the Petitioner. Respondent has filed a Request for Order (RFO), which is scheduled for hearing on May 18, 2022, at 1:30 p.m. in Department 405.

[2] This Court will also issue a separate order selecting the 730 Custody Evaluator pursuant to the Court's December 22, 2021, Order.

2. Petitioner's Motion for 5th Amendment Waiver filed on January 14, 2022, is DENIED. Respondent may invoke her 5th Amendment right against self-incrimination in court proceedings and may refuse to answer questions related to matters posed by the custody evaluator.

3. On December 3, 2021, Respondent served two deposition subpoenas seeking visitation records from ACAFS, a visitation center in Utah, and Terra Firma, a visitation center in California. Petitioner filed a motion to quash subpoenas and for sanctions on December 14, 2021. Petitioner also requests attorney's fees and sanctions pursuant to Code of Civil Procedure sections 1987.2(a) and 2023.030(a), and Family Code section 271. The Court finds that Respondent's issuance of the deposition subpoenas was not a misuse of the discovery process because the requests sought relevant information prior to the hearing on visitation. Pursuant to Section 2023.030(a) the Court finds that Respondent acted with substantial justification in seeking to provide the Court with the latest visitation reports and the imposition of a sanction under these circumstances would not be in the interest of justice.[3]

4. Respondent's March 21, 2022, *ex parte* request to modify the visitation schedule is GRANTED in part and DENIED in part. Respondent's request for more frequent in-person visitation is DENIED. Respondent's request to change the ACAFS video schedule from Wednesday to Saturday is conditionally GRANTED with the provision that the requested day is available on the ACAFS schedule. Petitioner and Respondent are ordered to cooperate and work with ACAFS to arrange for a different day for the second week of the video visitation if Saturday is not available. Respondent's request that in-person visitation occur at the Rally visitation center in

---

[3] Following the February 15, 2022, hearing, the Court requested that both ACAFS and Rally provide visitation

2

San Francisco is DENIED. All in-person visitation will remain at the Rally facility in San Mateo. Respondent's request for an in-person visit for Mother's Day is GRANTED. Family Court Services (FCS) has confirmed that Rally is open for supervised visitation on Mother's Day weekend and the date and duration of the visit will be subject to Rally's availability. Both parties shall cooperate with Rally to scheduling this additional in person visit. The regular visitation schedule will resume after May 8, 2022. Respondent's request for 271 sanctions for Petitioner's refusal to agree to proposed visitation modification is DENIED.[4]

5.   Petitioner's request to suspend in-person visitation and request for an expedited long cause hearing raised in a supplemental brief delivered to the Court on the day of the hearing is DENIED. Petitioner fails to demonstrate that the minor child is in immediate danger or that the suspension of Respondent's in-person visits is in the best interest of the child.

6.   On January 27, 2022, this Court entered an order prohibiting Respondent from sending emails to any clerk or judge of this Court. Since that order was entered, Respondent has sent approximately 45 emails to the Presiding Judge of the San Francisco Superior Court, the Chief Executive Officer, and/or the Department 405 clerk in violation of the Court's order. Accordingly, the Court finds good cause under Code of Civil Procedure section 128(a)(2) and (a)(3) to block the Respondent from sending emails to recipients of the San Francisco Superior Court. As set forth in the Court's prior order, Respondent may communicate directly with the Department 405 courtroom clerk for scheduling or calendaring issues by telephone (415-551-3747) or

---

reports directly to Family Court Services before every visitation hearing.
[4] The Court previously clarified that Rally in person visits shall take place twice a month for two hours each visit, and the ACAFS video visitation shall be in addition to the Rally visitation.

3

letter (400 McAllister Street, Dept. 405, San Francisco, CA 94102) only. Respondent is also admonished to comply with San Francisco Local Rule 2.7(B) that requires courtesy copies of any document filed with the Court requiring Court review, action, or signature be lodged with the Court by the deadlines set forth in the San Francisco Local Rules.

7. Petitioner's request for attorney's fees pursuant to Family Code Section 7605 is continued to May 18, 2022, at 1:30 p.m. in Department 405. Petitioner and Respondent shall file complete updated Income and Expense Declarations (FL-150) within 10 days of the date of this order. Petitioner and Respondent shall also lodge 2021 federal tax returns with Department 405 within 10 calendar days of the date of this Order. If either party would like to supply the Court with additional briefing, the briefing must be filed and served no later than 12:00 p.m. on May 6, 2022. All briefs and declarations are limited to 10 pages and the Court will not consider any late-filed documents.

8. All prior orders not in conflict with this order shall remain in full force and effect.

Dated: April 19, 2022

_____
Hon. Monica F. Wiley
Judge of the San Francisco Superior Court

# PROOF OF SERVICE

I certify that I am not a party to this action, that I served a copy of this **FINDINGS AND ORDER AFTER HEARING filed on April 19, 2022**

[X] by emailing a copy thereof to the emails addressed as follows:

| | |
|---|---|
| **MICHELENE INSALACO**<br>mi@sucherman-insalaco.com | **DARRICK CHASE**<br>dchase@kayemoser.com |
| **KAILIN WANG**<br>Kaywg2372@gmail.com | **DOUGLAS RAPPAPORT**<br>admin@sfcrimlaw.com |

from email department405@sftc.org

*and*

[ X ] placing a copy thereof in a sealed envelope, addressed as follows:

| | |
|---|---|
| Michelene Insalaco<br>50 California Street, 34th floor<br>San Francisco, CA 94111 | Darrick Chase<br>235 Montgomery Street, 27th floor<br>San Francisco, CA 94104 |
| Kailin Wang<br>2481 Fairway Drive<br>Spanish Fork, UT 84660 | Douglas Rappaport<br>260 California Street, Suite 1002<br>San Francisco, CA 94111 |

I then placed the sealed envelopes in the outgoing mail at 400 McAllister St. San Francisco, CA 94102 on the date indicated below for collection, attachment of the required prepaid postage, and mailing on that date following standard court practices.

Date: April 19, 2022

_____
Theresa Santos, Deputy Clerk of the Court