The Order of the Court is stated below:
Dated: November 10, 2025
06:41:02 PM
/s/ DENISE M PORTER
District Court Judge

IN THE FOURTH JUDICIAL DISTRICT COURT

UTAH COUNTY, STATE OF UTAH

| **STATE OF UTAH,** Plaintiff, vs. **KAILIN WANG,** Defendant. | **STATEMENT OF DEFENDANT IN SUPPORT OF GUILTY PLEA AND CERTIFICATE OF COUNSEL** Case No. 211100167 Judge DENISE PORTER |
|---|---|

I, **KAILIN WANG** hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights:

### NOTIFICATION OF CHARGES

I am pleading guilty to the following crimes:

|  | **Crime & Statutory Provision** | **Degree** | **Punishment Min/Max and/or Minimum Mandatory** |
|---|---|---|---|
| I | Making a Written False Statement Utah Code §76-8-504 | MB | Up to 180 days in jail; $1,000 fine + 90% surcharge; and $53 court security fee. |
| VIII | Forgery Utah Code §76-6-501(2) pursuant to § 77-2.2.3 | MA | Up to 364 days in jail; $2,500 fine + 90% surcharge; and $53 court security fee. |

I have received a copy of the Information against me. I have read it, or had it read to me,

and I understand the nature and the elements of crime(s) to which I am pleading guilty.

The elements of the crime(s) to which I am pleading guilty are:

**Count 1: In violation of Utah Code §76-6-501(2), An actor commits making a written false statement if:**

(a) the actor makes a statement that the actor does not believe to be true on or under a form bearing a notification authorized by law to the effect that a false statement made therein is punishable; or

(b) with intent to deceive a public servant in the performance of the public servant's official function, the actor:

    (i) makes a written false statement that the actor does not believe to be true;

    (ii) knowingly creates a false impression in a written application for a pecuniary or other benefit by omitting information necessary to prevent a statement in the application from being misleading;

    (iii) submits or invites reliance on a writing that the actor knows to be lacking in authenticity; or

    (iv) submits or invites reliance on a sample, specimen, map, boundary mark, or other object that the actor knows to be false.

**Count 2: In violation of Utah Code §76-6-501(2), An actor commits forgery if, with purpose to defraud anyone, or with knowledge that the actor is facilitating a fraud to be perpetrated by anyone, the actor:**

(a) alters any writing of another person without the person's authority or utters the altered writing; or

(b) makes, completes, executes, authenticates, issues, transfers, publishes, or utters any writing so that the writing or the making, completion, execution, authentication, issuance, transference, publication, or utterance:

    (i) purports to be the act of another person, whether the person is existent or nonexistent;

    (ii) purports to be an act on behalf of another party with the authority of that other party; or

   **(iii)**  **purports to have been executed at a time or place or in a numbered sequence other than was in fact the case, or to be a copy of an original when an original did not exist.**

I understand that by pleading guilty I will be admitting that I committed the crimes listed above. I stipulate and agree that the following facts describe my conduct and the conduct of other persons for which I am criminally liable. These facts provide a basis for the court to accept my guilty pleas and prove the elements of the crime(s) to which I am pleading guilty:

*<u>Count 1</u>: On or about March 18, 2019, in Utah County, the defendant, Kailin Wang, knowingly created a false impression in a written application for a protective order by omitting information that would absolve the respondent of her accusation regarding the nude photograph.*

*<u>Count 8</u>: On or about December 23, 2020, in Utah County, defendant Kailin Wang issued a subpoena by repurposing a previously court-stamped form rather than obtaining a new blank subpoena form from the clerk as required under Utah R. Civ. P. 45(b)(2). The subpoena purported to be from the Fourth District Court and was directed to Menlo-Atherton Cooperative Nursery School for the records of her then 2-year-old son.*

*Defendant had authority pursuant to Judge Thomas Low's March 5, 2020 order in Case No. 194400718, which limited defendant's subpoena authority to:*

*"Petitioner [Defendant] may serve subpoenas on any Doctors, Pediatricians, etc., having treated, or is currently treating minor, KTW, including but not limited to; Hobble Creek Pediatrics, Utah Valley Pediatrics, and Stanford Health Care."*

*Menlo-Atherton Cooperative Nursery School is not a medical provider and falls outside the categories of authorized recipients specified in the Court's Order.*

**<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>**

I am entering these pleas voluntarily. I understand that I have the following rights under the constitutions of Utah and the United States. I also understand that if I plead guilty I will give up all the following rights:

**Counsel:** I know that I have the right to be represented by an attorney and that if I cannot afford one, an attorney will be appointed by the court at no cost to me. I understand that I might

later, if the judge determined that I was able, be required to pay for the appointed lawyer's service to me.

I have not waived my right to counsel. I certify that I have read this statement and that I understand the nature and elements of the charges and crimes to which I am pleading guilty. I also understand my rights in this case and other cases and the consequences of my guilty plea(s).

If I have not waived my right to counsel, my attorney is Erik Jacobson. My attorney and I have fully discussed this statement, my rights, and the consequences of my guilty plea(s).

**Jury Trial.** I know that I have a right to a speedy and public trial by an impartial (unbiased) jury and that I will be giving up that right by pleading guilty.

**Confrontation and cross-examination of witnesses.** I know that if I were to have a jury trial, a) I would have the right to see and observe the witnesses who testified against me and b) my attorney, or myself if I waived my right to an attorney, would have the opportunity to cross-examine all of the witnesses who testified against me.

**Right to compel witnesses.** I know that if I were to have a jury trial, I could call witnesses if I chose to and I would be able to obtain subpoenas requiring the attendance and testimony of those witnesses. If I could not afford to pay for the witnesses to appear, the State would pay those costs.

**Right to testify and privilege against self-incrimination.** I know that if I were to have a jury trial, I would have the right to testify on my own behalf. I also know that if I chose not to testify, no one could make me testify or make me give evidence against myself I also know that if I chose not to testify, the jury would be told that they could not hold my refusal to testify against me.

**Presumption of innocence and burden of proof.** I know that if I do not plead guilty, I

am presumed innocent until the State proves that I am guilty of the charged crime(s). If I choose to fight the charges against me, I need only plead "not guilty," and my case will be set for a trial. At a trial, the State would have the burden of proving each element of the charge(s) beyond a reasonable doubt. If the trial is before a jury, the verdict must be unanimous, meaning that each juror would have to find me guilty.

I understand that if I plead guilty, I give up the presumption of innocence and will be admitting that I committed the crime(s) stated above.

**Appeal.** I know that under the Utah Constitution, if a jury or judge convicted me, I would have the right to appeal my conviction and sentence. If I could not afford the costs of an appeal, the State would pay those costs for me. I understand that I am giving up my right to appeal my conviction if I plead guilty. I am not giving up my right to appeal my sentence and understand that I must file notice of my intent to appeal my sentence with the court should I chose to do so.

*I know and understand that by pleading guilty, I am waiving and giving up all the statutory and constitutional rights as explained above.*

## CONSEQUENCES OF ENTERING A GUILTY PLEA

**Potential penalties.** I know the maximum sentence that may be imposed for each crime to which I am pleading guilty. I know that by pleading guilty to a crime that carries a mandatory penalty, I will be subjecting myself to serving a mandatory penalty for that crime. I know my sentence may include a prison term, fine, or both.

I know that in addition to a fine, a ninety percent (90%) surcharge will be imposed. I also know that I may be ordered to make restitution to any victim(s) of my crimes, including any

restitution that may be owed on charges that are dismissed as part of a plea agreement.

**Consecutive/concurrent prison terms.** I know that if there is more than one crime involved, the sentences may be imposed one after another (consecutively), or they may run at the same time (concurrently). I know that I may be charged an additional fine for each crime that I plead to. I also know that if I am on probation or parole or awaiting sentencing on another offense of which I have been convicted or which I have plead guilty, my guilty plea(s) now may result in consecutive sentences being imposed on me. If the offense to which I am now pleading guilty occurred when I was imprisoned or on parole, I know the law requires the court to impose consecutive sentences unless the court finds and states on the record that consecutive sentences would be inappropriate.

**Acknowledgment of Firearm Restriction.** If applicable, I acknowledge that before entering my plea of guilty (or no contest), my attorney informed me that: 1) a felony conviction will classify me as a restricted person[1]; 2) As a restricted person, I am restricted from possessing[2] a firearm; and 3) If I possess a firearm, I am subject to the following criminal penalties: [1-15 years in the Utah State Prison, a $10,000 fine + a 90% surcharge and a security fee] [0-5 years in the Utah State Prison, a $5,000 fine + a 90% surcharge and a security fee]. I acknowledge and understand that by pleading guilty (or no contest) in this case: 1) I will be a restricted person; 2) upon conviction, I shall forfeit possession of each firearm I currently possess; and 3) I will be in violation of federal and state law if I possess a firearm.

**Plea bargain.** My guilty plea(s) are the result of a plea bargain between the prosecuting

---

[1] Utah Code § 76-10-503.1(1)(a) defines "restricted person" as an individual who is restricted from possessing, purchasing, transferring, or owning a firearm under Utah Code § 76-10-503.
[2] Utah Code § 76-10-503.1(1)(b) defines "possess" or "possession" as actual physical possession, actual or purported ownership, or exercising control of a firearm.

attorney and myself.  All the promises, duties, and provisions of the plea bargain, if any, are fully contained in this statement, including those explained below:

- **The State agrees to amend count 1 to Making a False Written Statement, a Class B Misdemeanor, under § 76-8-504.**
- **The State agrees to amend count 8 to a Class A Misdemeanor under § 77-2.2.3 3.**
- **I agree to plead guilty to the amended counts 1 and 8, with the remaining charges dismissed.**
- **The State will recommend a sentence to run concurrent with any period of incarceration imposed in the federal case, if any.**
- **The State Agrees to continue sentencing on this matter until the Sentencing in the Federal Court occurs.**
- **If the Federal Court does not sentence to any period of incarceration, the Defendant agrees to be simultaneously on Utah State Probation as well as any Federal Probation.**

**Trial judge not bound.**  I know that any charge or sentencing concession or recommendation of probation or suspended sentence, including a reduction of the charges for sentencing, made or sought by either defense counsel or the prosecuting attorney are not binding on the judge.  I also know that any opinions they express to me as to what they believe the judge may do are not binding on the judge.

## DEFENDANT'S CERTIFICATION OF VOLUNTARINESS

I am entering this plea of my own free will and choice.  No force, threats, or unlawful influence of any kind have been made to get me to plead guilty.  No promises except those contained in this statement have been made to me.

I have read this statement, or I have had it read to me by an attorney, and I understand its

contents and adopt each statement in it as my own.  I know that I am free to change or delete anything contained in this statement, but I do not wish to make any changes because all of the statements are correct.

I am satisfied with the advice and assistance of my attorney.

I am 42 years of age.  I have attended college.  I can read and understand the English language.  If I do not understand English, an interpreter has been provided to me.  I was not under the influence of any drugs, medication, or intoxicants, which would impair my judgment when I decided to plead guilty.  I am not presently under the influence of any drug, medication, or intoxicants, which impair my judgment.

I believe myself to be of sound and discerning mind and to be mentally capable of understanding these proceedings and the consequences of my plea.  I am free of any mental disease, defect, or impairment that would prevent me from understanding what I am doing or from knowingly, intelligently, and voluntarily entering my plea.

**I understand that if I want to withdraw my guilty plea(s), I must file a written motion to withdraw my plea(s) before sentencing.  I will only be allowed to withdraw my plea if I show good cause.  I will not be allowed to withdraw my plea after sentencing for any reason.**

DATED this 4th day of November 2025.

/s/Kailin Wang signed by Erik Jacobson with permission
DEFENDANT

## **CERTIFICATE OF DEFENSE ATTORNEY**

I certify that I am the attorney for **KAILIN WANG** the defendant above, and that I know he/she has read the statement or that I have read it to him/her; I have discussed it with him/her and believe that he/she fully understands the meaning of its contents and is mentally and physically competent.  To the best of my knowledge and belief, after an appropriate investigation, the elements of the crime(s) and the factual synopsis of the defendant's criminal conduct are correctly stated; and these, along with the other representations and declarations made by the defendant in the foregoing affidavit, are accurate and true.

/s/ **Erik G. Jacobson**
ERIK G. JACOBSON
Attorney for Defendant
Bar No. 10142

## CERTIFICATE OF PROSECUTING ATTORNEY

I certify that I am the attorney for the State of Utah in the case against defendant **KAILIN WANG**. I have reviewed this Statement of Defendant and find that the factual basis of the defendant's criminal conduct, which constitutes the offense(s), is true and correct.  No improper inducements, threats, or coercion to encourage a plea has been offered defendant.  The plea negotiations are fully contained in the Statement and in the attached Plea Agreement or as supplemented on the record before the Court.  There is reasonable cause to believe that the evidence would support the conviction of defendant for the offense(s) for which the plea(s) is/are entered and that the acceptance of the plea(s) would serve the public interest.

  /s/  Jared Perkins, signed by Erik Jacobson with permission
PROSECUTION ATTORNEY

Bar No. 11246

## **ORDER**

Based on the facts set forth in the foregoing Statement and the certification of the defendant and counsel, and based on any oral representations in court, the Court witnesses the signatures and finds that the defendant's guilty plea(s) is/are freely, knowingly, and voluntarily made.

IT IS HEREBY ORDERED that the defendant's guilty plea(s) to the crime(s) set forth in the Statement be accepted and entered.

Court seal and signature located at the top of page 1.

----------------------End of Order----------------------