JEFFREY S. GRAY #5852
Utah County Attorney
JARED PERKINS #11246
Deputy County Attorney
100 East Center, Suite 2100
Provo, Utah 84606
Email: ucadm.dcourt@state.ut.us
Telephone: (801) 851-8026

IN THE FOURTH JUDICIAL DISTRICT COURT IN AND FOR UTAH COUNTY
STATE OF UTAH

| THE STATE OF UTAH, | SECOND AMENDED INFORMATION |
|---|---|
| Plaintiff, | |
| vs. | |
| KAILIN WANG, | Case No. 211100167 |
| Defendant. | Judge Denise Porter |

  The State of Utah, by and through the Utah County Attorney's Office, charges the defendant with committing the following offenses:

  COUNT 1: FALSE OR INCONSISTENT MATERIAL STATEMENT, a second degree felony, in violation of Utah Code § 76-8-502, in that on or about March 18, 2019, in Utah County, the defendant, Kailin Wang, in an official proceeding, made a false material statement under oath or affirmation, or swore or affirmed the truth of a material statement previously made, while believing the statement to be untrue.

  COUNT 2: FORGERY, a third degree felony, in violation of Utah Code § 76-6-501, in that on or about September 10, 2020, in Utah County, the defendant, Kailin Wang did, with purpose to defraud anyone, or with knowledge that the person is facilitating a fraud to be perpetrated by anyone, the person: (a) alters any writing of another without his authority or utters the altered writing; or (b) makes, completes, executes, authenticates, issues, transfers, publishes, or utters any writing so that the writing or the making, completion, execution, authentication, issuance, transference, publication, or utterance: (i) purports to be the act of another, whether the person is existent or nonexistent; (ii) purports to be an act on behalf of another party with the authority of that other party; or (iii) purports to have been executed at a time or place or in a

numbered sequence other than was in fact the case, or to be a copy of an original when an original did not exist; to wit: issued a fraudulent 4th District Court subpoena to Google.

COUNT 3: FORGERY, a third degree felony, in violation of Utah Code § 76-6-501, in that on or about March 23, 2021, in Utah County, the defendant, Kailin Wang did, with purpose to defraud anyone, or with knowledge that the person is facilitating a fraud to be perpetrated by anyone, the person: (a) alters any writing of another without his authority or utters the altered writing; or (b) makes, completes, executes, authenticates, issues, transfers, publishes, or utters any writing so that the writing or the making, completion, execution, authentication, issuance, transference, publication, or utterance: (i) purports to be the act of another, whether the person is existent or nonexistent; (ii) purports to be an act on behalf of another party with the authority of that other party; or (iii) purports to have been executed at a time or place or in a numbered sequence other than was in fact the case, or to be a copy of an original when an original did not exist; to wit: issued a fraudulent 4th District Court subpoena to Facebook.

COUNT 4: FORGERY, a third degree felony, in violation of Utah Code § 76-6-501, in that on or about December 23, 2020, in Utah County, the defendant, Kailin Wang did, with purpose to defraud anyone, or with knowledge that the person is facilitating a fraud to be perpetrated by anyone, the person: (a) alters any writing of another without his authority or utters the altered writing; or (b) makes, completes, executes, authenticates, issues, transfers, publishes, or utters any writing so that the writing or the making, completion, execution, authentication, issuance, transference, publication, or utterance: (i) purports to be the act of another, whether the person is existent or nonexistent; (ii) purports to be an act on behalf of another party with the authority of that other party; or (iii) purports to have been executed at a time or place or in a numbered sequence other than was in fact the case, or to be a copy of an original when an original did not exist; to wit: issued a fraudulent 4th District Court subpoena to Terra Firma.

COUNT 5: FORGERY, a third degree felony, in violation of Utah Code § 76-6-501, in that on or about December 10, 2020, in Utah County, the defendant, Kailin Wang did, with purpose to defraud anyone, or with knowledge that the person is facilitating a fraud to be perpetrated by anyone, the person: (a) alters any writing of another without his authority or utters the altered writing; or (b) makes, completes, executes, authenticates, issues, transfers, publishes, or utters any writing so that the writing or the making, completion, execution, authentication, issuance, transference, publication, or utterance: (i) purports to be the act of another, whether the person is existent or nonexistent; (ii) purports to be an act on behalf of another party with the authority of that other party; or (iii) purports to have been executed at a time or place or in a numbered sequence other than was in fact the case, or to be a copy of an original when an original did not exist; to wit: issued a fraudulent 4th District Court subpoena to Menlo Park Pediatrics.

COUNT 6: FORGERY, a third degree felony, in violation of Utah Code § 76-6-501, in that on or about August 17, 2020, in Utah County, the defendant, Kailin Wang did, with purpose to defraud anyone, or with knowledge that the person is facilitating a fraud to be perpetrated by anyone, the person: (a) alters any writing of another without his authority or utters the altered

writing; or (b) makes, completes, executes, authenticates, issues, transfers, publishes, or utters any writing so that the writing or the making, completion, execution, authentication, issuance, transference, publication, or utterance: (i) purports to be the act of another, whether the person is existent or nonexistent; (ii) purports to be an act on behalf of another party with the authority of that other party; or (iii) purports to have been executed at a time or place or in a numbered sequence other than was in fact the case, or to be a copy of an original when an original did not exist; to wit: issued a fraudulent 4th District Court subpoena to University HealthCare Alliance – Menlo Medical Clinic.

COUNT 7: FORGERY, a third degree felony, in violation of Utah Code § 76-6-501, in that on or about December 14, 2020, in Utah County, the defendant, Kailin Wang did, with purpose to defraud anyone, or with knowledge that the person is facilitating a fraud to be perpetrated by anyone, the person: (a) alters any writing of another without his authority or utters the altered writing; or (b) makes, completes, executes, authenticates, issues, transfers, publishes, or utters any writing so that the writing or the making, completion, execution, authentication, issuance, transference, publication, or utterance: (i) purports to be the act of another, whether the person is existent or nonexistent; (ii) purports to be an act on behalf of another party with the authority of that other party; or (iii) purports to have been executed at a time or place or in a numbered sequence other than was in fact the case, or to be a copy of an original when an original did not exist; to wit: issued a fraudulent 4th District Court subpoena to University HealthCare Alliance – Menlo Medical Clinic.

COUNT 8: FORGERY, a third degree felony, in violation of Utah Code § 76-6-501, in that on or about December 23, 2020, in Utah County, the defendant, Kailin Wang did, with purpose to defraud anyone, or with knowledge that the person is facilitating a fraud to be perpetrated by anyone, the person: (a) alters any writing of another without his authority or utters the altered writing; or (b) makes, completes, executes, authenticates, issues, transfers, publishes, or utters any writing so that the writing or the making, completion, execution, authentication, issuance, transference, publication, or utterance: (i) purports to be the act of another, whether the person is existent or nonexistent; (ii) purports to be an act on behalf of another party with the authority of that other party; or (iii) purports to have been executed at a time or place or in a numbered sequence other than was in fact the case, or to be a copy of an original when an original did not exist; to wit: issued a fraudulent 4th District Court subpoena to Menlo-Atherton Cooperative Nusery.

PROBABLE CAUSE STATEMENT: Nick Patterson, of the Provo Police Department, and Richard Hales, of the Utah County Attorney's Investigations Bureau, having probable cause to believe the defendant committed the above-listed offenses, submitted the following evidence in support of the filing of this Information:

COUNT 1: On January 17, 2018, Kailin Wang filed a Request for Civil Stalking Injunction in 4th District case 180400131 against W.S., a resident of California. Ms. Wang had interacted with W.S. online and had never met him in person. As part of this request, Ms. Wang alleged that W.S. was harassing her online, including posting a nude photo of her that she said

she had sent to him. Judge Low issued an ex parte Temporary Civil Stalking Injunction in favor of Ms. Wang and against W.S. on January 23, 2018.

On February 8, 2018, Ms. Wang filed an online Request for District Attorney Victim Services ("311 packet") in San Francisco. In this request, Ms. Wang complained to the San Francisco authorities that W.S. continued to harass her online. Among other documents, Ms. Wang attached four screenshots of text messages ("TheDirty.com texts") she claimed she received from an anonymous person, notifying her that a nude photo of her had been posted on a website called TheDirty.com, as part of the proof of her claims. On the first of these four screenshots is the handwritten date "01/26/2018," the day Ms. Wang claimed she received them.

On February 18, 2018, Ms. Wang traveled to San Francisco and visited the police department in person to complain against W.S.'s alleged online harassment. She brought a printed copy of her "311 packet" and showed it to police, including the four TheDirty.com texts. Ms. Wang complained to San Francisco officers that W.S. must have posted the nude photo online because he was the only one who had it.

Also in February 2018, Ms. Wang met C.T. in an online dating app. They had their first date in person on February 28, 2018 (10 days after Ms. Wang's complaint against W.S.). C.T. reported that Ms. Wang sent him an unsolicited nude photo of herself on March 1, 2018. C.T. and Ms. Wang had their second, and last in-person date on March 4, 2018. C.T. reported that he and Ms. Wang engaged in unprotected sexual intercourse on both dates. Through these encounters, a child was conceived and born in November 2018.

The relationship between C.T. and Ms. Wang soured. C.T. complained of months of online harassment by Ms. Wang. Ms. Wang initiated a paternity suit against C.T. in California. This resulted, eventually, in a California court issuing a restraining order against Ms. Wang and protecting C.T. and his family, and awarding full custody of the child to C.T. in March 2019. Ms. Wang retaliated by requesting a protective order against C.T. in Utah's 4th District (case 194400734) and initiating another, parallel paternity suit in Utah's 4th District (case 194400718).

In Ms. Wang's Request for Protective Order in case 194400734, she alleged that C.T. "said he has naked pictures of me and will expose me," and that "I've gotten text messages my naked pictures are online." As proof, Ms. Wang attached three of exactly the same TheDirty.com text messages that she used against W.S. more than a year before. She omitted the first screenshot that had the date "01/26/2018" written on it, ostensibly because she knew that she had not even met C.T. until February 2018. In so doing, Ms. Wang made a false material statement to the court, representing that C.T. was responsible for her nude photo being posted on TheDirty.com while knowing that she had made exactly the same claim against W.S., using the same screenshots, before she had even met C.T.. Ms. Wang swore that the contents of her request were true by signing an affirmation including, among other assertions, an acknowledgment that lying on the request document carried a potential criminal penalty.

COUNT 2: In Ms. Wang's Utah paternity suit (4th District case 194400718), she obtained limited permission from Judge Low to seek discovery through issuing court-approved subpoenas. She obtained two court-approved subpoenas: one to Comcast on June 4, 2020 ("Comcast subpoena") and the other to the Utah Driver License Division on December 14, 2020 ("DLD subpoena"). The Comcast subpoena had a signature page with court clerk Nancy

Baldarrago's signature and the court seal. The DLD subpoena had a signature page with court clerk Elizabeth Foster's signature and the court seal.

On or about September 10, 2020, Ms. Wang issued a California subpoena, based on a domesticated, purported Utah subpoena from case 194400718, to Google demanding personal account information of J.L.. (J.L. was the Utah County constable who served the California restraining and child custody orders on Ms. Wang.) Attached as the last page of the purported Utah subpoena was a copy of the signature page from the Comcast subpoena, which Ms. Wang reused so that this Google subpoena purported to be the act of the 4th District Court, or an act supported by the authority of the 4th District Court. The 4th District Court did not review or authorize this subpoena.

COUNT 3: On or about March 23, 2021, Ms. Wang issued a California subpoena, based on a domesticated, purported Utah subpoena from case 194400718, to Facebook demanding personal account information of J.L.. Attached as the last page of the purported Utah subpoena was a copy of the signature page from the DLD subpoena, which Ms. Wang reused so that this Facebook subpoena purported to be the act of the 4th District Court, or an act supported by the authority of the 4th District Court. The 4th District Court did not review or authorize this subpoena.

COUNT 4: On or about December 23, 2020, Ms. Wang issued a purported Utah subpoena from case 194400718, to Terra Firma, the agency used for her supervised visits of her child, demanding any and all information related to the child and to C.T.. Attached as the last page of the purported Utah subpoena was a copy of the signature page from the DLD subpoena, which Ms. Wang reused so that this Terra Firma subpoena purported to be the act of the 4th District Court, or an act supported by the authority of the 4th District Court. On or about February 9, 2021, Ms. Wang domesticated this purported Utah subpoena through the California court and issued it to Terra Firma again. She obtained proof of service and engaged in communications with Terra Firma personnel trying to obtain the information demanded in her purported subpoena. The 4th District Court did not review or authorize this subpoena.

COUNT 5: On or about December 10, 2020, Ms. Wang issued a California subpoena, based on a domesticated, purported Utah subpoena from case 194400718, to Menlo Park Pediatrics demanding the medical information of her child. Attached as the last page of the purported Utah subpoena was a copy of the signature page from the Comcast subpoena, which Ms. Wang reused so that this Menlo Park Pediatrics subpoena purported to be the act of the 4th District Court, or an act supported by the authority of the 4th District Court. The 4th District Court did not review or authorize this subpoena.

COUNT 6: On or about August 17, 2020, Ms. Wang issued a California subpoena, based on a domesticated, purported Utah subpoena from case 194400718, to University HealthCare Alliance – Menlo Medical Clinic demanding the medical information of her child. Attached as the last page of the purported Utah subpoena was a copy of the signature page from the Comcast subpoena, which Ms. Wang reused so that this Menlo Medical Clinic subpoena purported to be

the act of the 4th District Court, or an act supported by the authority of the 4th District Court. The 4th District Court did not review or authorize this subpoena.

COUNT 7: On or about December 14, 2020, Ms. Wang faxed a purported "updated copy of the Court Order Subpoena" from case 194400718, to University HealthCare Alliance – Menlo Medical Clinic demanding the medical information of her child. Attached as the last page of the purported Utah subpoena was a copy of the signature page from the DLD subpoena (issued and approved by the court that same day), which Ms. Wang reused so that this Menlo Medical Clinic subpoena purported to be the act of the 4th District Court, or an act supported by the authority of the 4th District Court. The 4th District Court did not review or authorize this subpoena.

COUNT 8: On or about December 23, 2020, Ms. Wang issued a purported Utah subpoena from case 194400718, to Menlo-Atherton Cooperative Nursery, her child's preschool, demanding the information about her child. Attached as the last page of the purported Utah subpoena was a copy of the signature page from the Comcast subpoena, which Ms. Wang reused so that this Menlo-Atherton Cooperative Nursery subpoena purported to be the act of the 4th District Court, or an act supported by the authority of the 4th District Court. The 4th District Court did not review or authorize this subpoena.

Based upon evidence received from Nick Patterson of the Provo Police Department, and Richard Hales of the Utah County Attorney's Office Investigation Bureau, I have reason to believe the defendant committed the offenses as charged herein.

Authorized for presentment and filing this 16th day of January 2024.

/s/ Jared Perkins
JARED PERKINS
Attorney for Plaintiff
100 East Center Street, Suite 2100
Provo, Utah 84602