SCOTT KEITH WILSON, Federal Public Defender (#7347)
RICHARD G. SORENSON, Assistant Federal Public Defender (#12240)
OFFICE OF THE FEDERAL PUBLIC DEFENDER
DISTRICT OF UTAH
Attorneys for Ms. Wang
46 West Broadway, Suite 110
Salt Lake City, Utah 84101
Telephone: (801) 524-4010
Fax: (801) 524-4060

---

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>KAILIN WANG<br><br>  Defendant. | MOTION TO REVIEW MAGISTRATE'S ORDER DENYING DEFENSE'S MOTION TO MODIFY CONDITIONS OF PRETRIAL RELEASE<br><br><br>Case No. 2:24-cr-163 TS |

Pursuant to 18 U.S.C. § 3145(a), Kailin Wang moves this Court to review U.S. Magistrate Judge Dustin Pead's January 12, 2026 order denying her *Motion to Modify Conditions of Pretrial Release* (doc. # 94) (hereafter "the Motion"), and requests a prompt de novo hearing before the district court. In summary, Ms. Wang respectfully requests that the Court allow her to travel to Denmark for a short period of time to attend in-person the final custody hearing related to her only child on January 26, 2026,[1] which hearing will determine

---

[1] It is defense counsel's understanding that Ms. Wang's attorney in Denmark may request a continuance of the January 26, 2026 hearing due to the short time period Ms. Wang would need to obtain a new passport (assuming the Court's grants Ms. Wang's request) and make travel arrangements.

1

important rights for Ms. Wang including future custody and visitation rights. In order to travel to Denmark, Ms. Wang would need to obtain her expired passport (which is currently being held in a California Court), and have permission to apply for a new passport on an expedited basis.

1. **Legal Standard and Motions/Oppositions Filed.**

A district court's review of a magistrate judge's order regarding amendments of the conditions of release is reviewed de novo. *See United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003).

On December 23, 2025, defense filed the Motion (doc. # 94). On December 29, 2025, the government filed its Opposition to the Motion (doc. #96) with an Errata (doc. # 101) (where the government withdrew/clarified a couple of arguments in its Opposition). On January 7, 7026, defense filed its Reply to the Government's Opposition (doc. # 104). On January 8, 2026, the government file its Supplemental Objection (doc. # 105). On January 12, 2026, U.S. Magistrate Judge Pead, after considering the parties arguments, denied Ms. Wang's Motion.

Ms. Wang now pursuant to 18 U.S.C. § 3145(a) requests a de novo review of her Motion, and requests that the Court schedule the matter for a prompt hearing.

2. **Pretrial Release History.**

As discussed in Ms. Wang's Motion, on July 9, 2024, the Court ordered Ms. Wang's release and set conditions of her release. *See* dkt. 41. As part of her pretrial release, Ms. Wang was placed on home detention and was ordered to wear a GPS ankle monitor. She continues to remain complaint with the terms of her pretrial release.

The Court has previously on multiple occasions allowed Ms. Wang to travel out of state for various reasons including to attend court hearings. Ms. Wang has always complied with her supervision conditions while traveling and has always returned as scheduled. Ms. Wang is

2

requesting the same authorization here under the same conditions with the only difference being the destination of travel.

3.     **Request to Travel to Denmark.**

Although custody proceedings of Ms. Wang's and the victim's child were previously in a California court, the victim and the child relocated to Denmark over a year ago where custody and visitation issues are now being addressed.

The January 26, 2026 hearing is an important custody hearing that will determine her future custody and visitation rights. Although the Danish court will allow Ms. Wang to attend the hearing remotely from the United States, the Danish court will also allow Ms. Wang to appear in-person if she obtains necessary authorization from the Court.

Ms. Wang's right to litigate for custody of her child is "fundamental." *United States v. White*, 782 F.3d 1118, 1138 (10th Cir. 2015) (citing *Traxel v. Granville*, 530 U.S. 57, 65 (2000)). "The liberty interest parents have in the care, custody, and control of their children is a substantive due process right protected by the Fourteenth Amendment." *Id*., 782 F.3d at 1138 (citation omitted). And, the maintenance of a parent-child relationship is something that the U.S. Supreme Court has repeatedly reaffirmed. *See*, *e.g.*, *Little v. Streater*, 452 U.S. 1, 13, 17 (1981) (holding that an indigent defendant in a paternity proceeding brought by the State has a Fourteenth Amendment due process right to receive blood grouping tests. The Court stressed the importance of familial bonds and reasoned that their imposition by the state demands procedural fairness); *Lassiter v. Department of Social Services*, 452 U.S. 18, 27 (1981) (holding that due process must be afford to a parent prior to state termination of her parental status); *Santosky v. Kramer*, 455 U.S. 745, 752-57 (1982) (holding that natural parents have a constitutionally protected liberty interest in the care, custody, and management of their child which entitles them

to due process at a state-initiated parental rights termination proceeding). Accordingly, any "restrictions on a defendant's contact with [her] own children are subject to stricter scrutiny." *United States v. Bear*, 769 F.3d 1221, 1229 (10th Cir. 2014).

Ms. Wang's in-person presence is necessary to ensure a fair hearing because her in-person attendance would allow her, among other things, real-time consultation with her Danish attorney to help the attorney understand the years-long complex child custody and visitation history of the case (which includes several thousands of documents and which has spanned multiple jurisdictions). Virtual participation in the hearing may substantially impair her ability to communicate effectively with her attorney because there could be interpretation and technology delays and barriers that would affect her participation in a meaningful way in this important custody case that may determine her future custody and visitation rights of her child.

Ms. Wang's U.S. passport – which is expired – is currently held by the San Francisco Superior Court in case no. 19016407 since her arraignment in that case on October 23, 2019. It is defense's understanding that the San Francisco court can send the expired passport to the Utah Federal Courthouse upon order from this Court to do so.

Ms. Wang requests from this Court an order directing the San Francisco Superior Court to transfer the passport immediately to the Utah Federal Courthouse, an order authorizing Ms. Wang to submit an expedited passport renewal application, and that the order state that expedited passport processing is necessary for international travel to attend a court hearing.

Ms. Wang proposes several additional conditions of her travel to Denmark including daily check-ins with Pretrial services during travel, having no contact with the victim or the victim's family except as that which occurs during the court proceeding, and confirming with Pretrial Services her arrival back to the United States within two hours of her return.

Based on these reasons, Ms. Wang requests that the Court allow her to travel to Copenhagen, Denmark to attend a court hearing on January 26, 2026 (or attend the hearing at a future date if the hearing is continued); that the Court order the San Francisco Superior Court to transfer her expired passport immediately to the Utah Federal Courthouse; and that the Court allow Ms. Wang to apply for an expedited passport renewal.

DATED this 13th day of January, 2026.

*/s/ Richard G. Sorenson*
Richard G. Sorenson
Assistant Federal Public Defender
