UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

UNITED STATES OF AMERICA,

Plaintiff,

v.

KAILIN WANG,

Defendant.

Case No. 2:24-cr-163 TS

**DEFENDANT'S MOTION FOR LEAVE TO PROCEED PRO SE AND FOR APPOINTMENT OF STANDBY COUNSEL**

# I. INTRODUCTION

Defendant Kailin Wang respectfully moves this Court pursuant to the Sixth Amendment, *Faretta v. California*, 422 U.S. 806 (1975), and *McKaskle v. Wiggins*, 465 U.S. 168 (1984), for an order: (1) permitting Defendant to represent herself at sentencing and in any related post-plea proceedings; and (2) appointing standby counsel to assist Defendant as necessary.

Following her guilty plea entered on September 30, 2025, Ms. Wang now seeks to exercise her constitutional right to self-representation at sentencing, while requesting the Court appoint standby counsel to provide guidance on procedural matters and to be available should circumstances change.

# II. LEGAL STANDARD

In *Faretta v. California*, the Supreme Court held that the Sixth Amendment guarantees a criminal defendant the right to represent herself if she "knowingly and intelligently" waives her right to counsel. 422 U.S. at 835. This right applies at sentencing as well as at trial. *Mempa v. Rhay*, 389 U.S. 128, 134 (1967).

Ms. Wang makes this request well in advance of sentencing, providing the Court and all parties adequate time to prepare. She is prepared to proceed with sentencing as currently scheduled for March 24, 2026, or on any date the Court deems appropriate.

# III. MS. WANG'S DEMONSTRATED COMPETENCE AND RELIABILITY

## A. Seventeen Months of Perfect Federal Compliance

Since her release on July 10, 2024, Ms. Wang has maintained a perfect 17-month compliance record with zero violations of any pretrial release condition. This Court has authorized her interstate travel on seven separate occasions, and she has complied fully with all conditions and returned as scheduled in every instance:

- July 22, 2024 (Dkt. 45): Modified conditions for out-of-state court hearings
- November 18, 2024 (Dkt. 59): California court appearance
- February 18, 2025 (Dkt. 61): Out-of-state court hearing
- March 17, 2025 (Dkt. 64): Out-of-state court hearing
- August 1, 2025 (Dkt. 82): San Francisco court hearing
- December 19, 2025 (Dkt. 92): Nevada and Southern California travel

## B. Historical Compliance: Five Years and 79 Interstate Travels

Ms. Wang has not seen or heard from her child since May 17, 2024. Her compliance extends far beyond her federal case:

- Seven years of supervised visitation without incident (2019-2024)
- Approximately 79 in-person supervised visits to California (two visits per month)
- Nearly 200 supervised virtual visits with her child
- Never missed an in-person visit with her child
- No security incidents across hundreds of court appearances and visitation sessions
- Never attempted unauthorized contact with V1 or his family despite knowing their address

## C. Pattern of Compliance Once Procedures Are Clarified

Ms. Wang has demonstrated a consistent pattern: when court directives are ambiguous, she may initially misunderstand the requirements; but once clearly instructed, she complies fully and immediately.

**Example 1: The Subpoena Matter (2020-2021)**

The magistrate judge's reliance on the 2020 Utah state court conviction warrants careful examination. The underlying conduct does not reflect dishonesty or deception that would support a finding of untrustworthiness.

**Context:** Between 2020 and 2021, Ms. Wang issued subpoenas in her custody proceedings pursuant to Judge Thomas Low's orders dated March 6, 2020 (Dkt. 298), June 3, 2020 (Dkt. 479), and clarification during the August 27, 2021 hearing. During COVID-19, she re-used subpoenas bearing prior court-issued stamps rather than obtaining fresh blank forms from the clerk, as required by Utah R. Civ. P. 45(b)(2).

**Critically:**

- Ms. Wang signed all subpoenas in her own legal name
- She openly filed the subpoenas in the official court record
- She did not impersonate any officer or conceal her role
- Her mistake lay in misunderstanding the technical requirement that each subpoena must be separately issued

**Source of Misunderstanding:** In related California proceedings, V1's attorneys obtained a single court discovery order permitting them to issue numerous ISP subpoenas without further court permission. Unlike a licensed attorney, Ms. Wang, proceeding pro se in Utah, did not appreciate the procedural distinction. Some California courts make pre-stamped subpoenas available online to pro se litigants, further reinforcing her confusion.

**Immediate Compliance:** In May 2021, Judge Low prohibited Ms. Wang from continuing the practice of re-using stamped subpoenas. Since that directive, she has been in full compliance. This is the same pattern demonstrated with the email issue—once a directive is clear, Ms. Wang complies immediately and completely.

**Plea Agreement Context:** The Utah prosecutor, Jared Perkins, negotiated a reduction from Felony 3 Forgery to a Class A Misdemeanor in light of these mitigating circumstances. In his September 22, 2025 correspondence, Prosecutor Perkins acknowledged the need to "massage the language" to ensure an adequate factual basis. His proposed amendment confirms the conduct involved a procedural error by a pro se litigant during COVID-19, not intentional deception or fraud.

**Relevance:** This is not the profile of someone who cannot be trusted to represent herself. Someone intent on defying court authority would not: (1) sign documents in their own name; (2) openly file materials in the court record; (3) immediately cease the conduct once instructed; (4) maintain perfect compliance for years afterward; (5) return successfully from seven prior authorized trips.

**Example 2: The Email Matter (December 2025 - January 2026)**

The magistrate judge's reliance on seven emails sent on January 9, 2026, fails to account for context and ambiguity surrounding the December 30, 2025 directive. There was significant uncertainty regarding the procedure for emailing the court. Ms. Wang understood that if represented by counsel, communications should go through her attorney. However, Judge Pead's comments were ambiguous as to whether he was encouraging pro se participation by allowing her motion to be filed on the docket (No. 97).

The court questioned Ms. Wang extensively on December 30, 2025, and later on January 12, 2026, criticized her for simply saying "objection"—these mixed signals created genuine confusion about whether direct communication was appropriate or prohibited. Equating a few recent emails—sent during a period of procedural confusion—with an inability to represent herself at sentencing contradicts seventeen months of exemplary compliance.

**This Pattern Demonstrates:**

- Ms. Wang is not willfully defiant or unable to follow procedures
- She makes good-faith efforts to comply with procedures
- When procedures are ambiguous, she may initially misunderstand
- Once procedures are clarified, she complies immediately and completely
- She does not repeat the same mistake after being corrected

This pattern actually supports her request for self-representation with standby counsel. Standby counsel can clarify any procedural ambiguities in real-time, ensuring Ms. Wang complies with all court requirements at sentencing.

### D. Sophisticated Understanding of Complex Matters

Ms. Wang has demonstrated sophisticated understanding of complex legal matters:

- Successfully navigated family court proceedings in three states
- Maintained detailed and organized records spanning seven years
- Prepared coherent court filings and prevailed in three California appeals against V1's seasoned appellate counsel
- Successfully coordinated multiple interstate trips in compliance with pretrial service requirements
- Worked as a tax professional for Fortune 500 companies

## IV. REQUEST FOR APPOINTMENT OF STANDBY COUNSEL

While Ms. Wang wishes to control her own defense at sentencing, she recognizes the value of having experienced legal counsel available for guidance. Ms. Wang respectfully requests that the Court appoint her current counsel with the Federal Defenders Office to serve as standby counsel.

### A. Benefits of Standby Counsel

Standby counsel can provide valuable assistance on matters of:

- Understanding of Federal Sentencing Guidelines
- Legal research on sentencing issues and departures
- Preparation of sentencing memoranda and supporting documentation
- Navigation of complex evidentiary issues
- Guidance on addressing the Presentence Investigation Report

See Guide to Judiciary Policy, Vol. 7A, § 220.55; see also *United States v. Moussaoui*, 591 F.3d 263, 269-70 (4th Cir. 2010).

### B. Unique Challenges Requiring Standby Counsel

**1. Multiple Jurisdictions**

The case involves proceedings in federal court (District of Utah), California Family Court (San Francisco County), California Criminal Court, Utah Family Court, Utah Criminal Court, and Danish Family Court (Copenhagen). Each jurisdiction has generated voluminous records that may be relevant to sentencing.

**2. Complex Factual History**

Seven years of family court litigation (2018-2025), approximately 79 in-person supervised visits to California (2019-2024), nearly 200 virtual visits, multiple protective orders, criminal proceedings in multiple jurisdictions, and international custody proceedings. Standby counsel can help organize this complex history.

**3. Mitigating Evidence**

Ms. Wang has significant mitigating evidence including: perfect 17-month compliance record; seven successful interstate trips; seven years of supervised visitation without incident; never missed a visit; no security incidents; never attempted unauthorized contact; employment history; evidence of procedural misunderstanding; prosecutor's recognition of mitigating circumstances; and immediate compliance pattern.

**4. Challenges to the Presentence Investigation Report**

Ms. Wang may need to challenge certain factual assertions in the PSR. Standby counsel can provide guidance on how to properly raise and preserve these challenges.

## C. Proposed Scope of Standby Counsel's Role

**Pre-Sentencing Phase:**
- Assist in understanding Federal Sentencing Guidelines
- Provide guidance on preparing for the sentencing hearing
- Help assemble and organize mitigating evidence
- Review the PSR with Ms. Wang
- Be prepared to assume full representation if circumstances change

**Sentencing Hearing:**
- Be present in the courtroom
- Be available for consultation during recesses
- Provide guidance on courtroom procedures
- Preserve legal issues for appeal by raising objections when appropriate
- Stand ready to assume representation if Ms. Wang withdraws her waiver

## D. Alternative: Hybrid Representation

If the Court is concerned about permitting full self-representation, Ms. Wang respectfully requests in the alternative that the Court permit hybrid representation at sentencing, where both Ms. Wang and counsel participate actively. While the Supreme Court has held that *Faretta* does

not require courts to permit hybrid representation, *McKaskle*, 465 U.S. at 183, many courts have found it to be an appropriate accommodation.

## V. CONCLUSION

Ms. Wang has a constitutional right to represent herself at sentencing if she knowingly and intelligently waives her right to counsel. The appointment of standby counsel will protect Ms. Wang's interests, preserve the integrity of the proceedings, and promote efficiency without infringing on her *Faretta* rights.

Ms. Wang's 17-month perfect compliance record, her seven successful prior trips, her seven years of supervised visitation compliance, and her pattern of immediate compliance once procedures are clarified all demonstrate her reliability and capability. Her sophisticated understanding of complex matters, developed through years of navigating multi-jurisdictional proceedings, equips her to present her case effectively at sentencing with the assistance of standby counsel.

For these reasons, Ms. Wang respectfully requests that the Court:

- Grant Ms. Wang's request to proceed pro se at sentencing and in related post-plea proceedings;
- Conduct a thorough Faretta colloquy to ensure Ms. Wang's waiver is knowing, intelligent, and voluntary;
- Appoint standby counsel to assist Ms. Wang; and
- Clarify on the record the scope and limitations of standby counsel's role.

In the alternative, Ms. Wang requests that the Court permit hybrid representation at sentencing.

Respectfully submitted this  14  day of January, 2026.

*[signature]*
KAILIN WANG
Pro Se Defendant