MELISSA HOLYOAK, United States Attorney (#9832)
JOEY BLANCH, Assistant United States Attorney (#16665)
Attorneys for the United States of America
111 South Main Street, Suite 1800
Salt Lake City, Utah, 84111
Telephone: (801) 524-5682

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| UNITED STATES OF AMERICA, | Case No. 2:24-CR-163 TS |
|---|---|
| Plaintiff, | **GOVERNMENT'S OBJECTION TO DEFENDANT'S REQUEST THAT THE DISTRICT COURT MODIFY CONDITIONS OF RELEASE** |
| vs. | |
| KAILIN WANG, | Magistrate Judge Dustin Pead |
| Defendant. | Judge Ted Stewart |

The United States, by and through the undersigned Assistant United States Attorney, has objected to defendant Kailin Wang's request to modify conditions of pretrial release that would allow her to travel to Denmark to attend a family court hearing in person. After significant briefing by the parties, a zoom hearing and in-person hearing, the Honorable Magistrate Judge Dustin Pead agreed with the United States and denied defendant's request. Defendant has appealed, asking the District Court to review Judge Pead's order denying her request. The United States continues to object to defendant's request to travel.

The United States' position has been thoroughly briefed, as has the victim's position. *See* ECF 96, 100, 101, 105. The United States objects for the same reasons included in the previously filed documents. Those documents are incorporated and will not be repeated in

1

detail herein.  In sum, defendant has been on pre-trial release since she appealed her pretrial detention to this Court.  This Court released defendant but only under strict conditions of pretrial supervision, including Internet restrictions, home detention, and GPS monitoring.  Now, defendant has plead guilty in this case and in a related Utah state case, and is pending sentencing.  She faces up to a year in custody.  As Judge Pead noted in the hearing on January 12, 2026, there are significant concerns that defendant does not obey court orders when they conflict with what she wants.  Allowing her requested travel would make all the conditions of release impossible to enforce – GPS monitoring does not work outside the United States, her Internet access cannot be monitored or restricted, she would be free to do whatever she wants, and go wherever she likes.  If she chooses to violate the court's conditions or even flee, she would be entirely outside the jurisdiction of the United States.   Taking such a risk is entirely unnecessary, as the Danish court has already determined that defendant's personal appearance is unnecessary, and she may appear by teleconference.  Indeed, according to information presented at the January 12, 2026 hearing, the Danish court went great lengths to set this up; they tried to arrange for her to attend vie teleconference in a Utah courthouse but when that did not work they arranged for her to appear from the Danish embassy.

    //

For all the reasons set forth in the United States's previous filings on this matter, as well as the concerns expressed by Judge Pead at the hearing, the United States continues to object to defendant's request to travel outside the jurisdiction of the United States while pending sentencing.

MELISSA HOLYOAK
United States Attorney

*/s/ Joey Blanch*
JOEY L. BLANCH
Assistant United States Attorney
