IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>KAILIN WANG,<br><br>Defendant. | AMENDED MEMORANDUM DECISION AND ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER DENYING MOTION TO MODIFY<br><br>Case No. 2:24-CR-163-TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion to Review Magistrate's Order Denying Defense's Motion to Modify Conditions of Pretrial Release.[1] For the reasons described herein, the Court will affirm the Magistrate Judge's determination and deny Defendant's Motion to Modify Conditions of Release ("Motion to Modify").

I.  BACKGROUND

Defendant Kailin Wang is charged in a four-Count Indictment for Interstate Cyberstalking in violation of 18 U.S.C. §§ 2261A(2) and 2265A(a) (Counts 1 and 2) and Making a False Statement or Representation in violation of 18 U.S.C. § 1001(a)(2) (Counts 3 and 4). The government filed a Motion for Detention on May 28, 2024, arguing that Defendant posed a threat to the safety of the alleged victims in this case and posed an unmanageable flight risk. Upon Defendant's Motion for Review of Detention,[2] the Court disagreed with the government and ordered Defendant released on numerous strict conditions, including that Defendant: not travel

---

[1] Docket No. 110.

[2] Docket No. 27.

outside the United States without permission from the Court; surrender her passport; submit to home detention and GPS monitoring; and participate in a computer and internet monitoring program wherein she is not allowed to access a computer or the internet unless approved.[3]

On September 30, 2025, Defendant pleaded guilty to Counts 1 and 2 of the Indictment.[4] Per her Plea Agreement with the government, the parties will recommend a sentencing range of no less than a five-year term of probation and no more than a 12-month term of imprisonment under Fed. R. Crim. P. 11(c)(1)(C).[5] Her sentencing is currently scheduled to take place in March of this year.

On December 23, 2025, Defendant filed a Motion to Modify Conditions of Pretrial Release,[6] requesting that she be permitted to travel to Copenhagen, Denmark to attend a custody hearing regarding her child. Notably, her child's father is one of the victims that she has now pleaded guilty to cyberstalking in this case. To travel to Denmark, Ms. Wang requires access to her expired passport, which is being held by a court in California. Therefore, in addition to seeking the Court's permission to leave the United States, Defendant requests immediate return of her expired passport so that she may apply for a new passport on an expedited basis. The government opposes Defendant's request.[7]

On January 12, 2026, Magistrate Judge Dustin B. Pead held a hearing on the Motion to Modify. After hearing argument from both parties, he denied Defendant's Motion. Defendant's counsel subsequently filed the Motion for Review presently before the Court. The following day,

---

[3] Docket No. 41.
[4] Docket Nos. 88, 89.
[5] Docket No. 89, at 5.
[6] Docket No. 94.
[7] Docket No. 96.

Defendant's Counsel filed a Motion for Leave to Proceed Pro Se and for Appointment of Standby Counsel ("Motion to Proceed Pro Se") on Defendant's behalf.[8] The Motion to Proceed Pro Se is scheduled for a hearing before the Magistrate Judge on January 22, 2026.

## II. DISCUSSION

   a. *Motion to Proceed Pro Se*

As an initial matter, the Court will address the effect of Defendant's pending Motion to Proceed Pro Se. Defendant's Motion to Proceed Pro Se requests that Defendant be permitted "to represent herself at sentencing and in any related post-plea proceedings" only.[9] She goes on to request stand-by counsel and details issues that may arise at sentencing and in preparing for sentencing wherein she would benefit from stand-by counsel. Her request does not address or discuss a desire to represent herself on the Motion to Modify or Motion for Review presently before the Court. Neither does she request that the Court strike the Motion for Review filed by her counsel. Further, at the January 12 hearing, the Magistrate Judge allowed Defendant time to privately discuss with her attorneys if she wished to represent herself on the Motion to Modify. Following her discussion, she elected to proceed with the benefit of counsel. Defendant therefore appears to consent to her counsel's assistance on the Motion to Modify and subsequent appeal.

The Court also received via email a pro se Motion for Review of Magistrate Judge Pead's decision from the email of Defendant's father purporting to be on Defendant's behalf. While the Court has mostly disregarded emails received from John Wang, as he is not a party to this case and Defendant has been warned against emailing filings to the Court, the Court has lodged and

---

[8] Docket No. 112.

[9] *Id.* at 1.

3

considered the pro se Motion[10] due to Defendant's pending Motion to Proceed Pro Se and the time-sensitive nature of the underlying Motion to Modify. Because the instant Motion to Review is pressing (the custody hearing is scheduled to occur in Denmark on January 26, 2026), the Court finds it prudent to address the Motion to Review promptly and before her Motion to Proceed Pro Se is determined.

    b. *Motion to Modify Conditions of Release*

As noted, the Court has previously conducted a detention hearing in this case. Further, the Court has fully reviewed the numerous filings submitted by both parties related to the Motion to Modify, as well as the January 12 hearing before the Magistrate Judge. The Court finds that a hearing on this matter is not required and would not be materially helpful.[11]

This matter is governed by 18 U.S.C. § 3145(b). As with a review of a release or detention order, the Court conducts a de novo review of the issue giving no deference to the Magistrate Judge's findings or conclusions.[12] As noted, the Court previously held a hearing on Defendant's motion to review the magistrate judge's order of detention, wherein the Court determined there were conditions of release that would reasonably assure the appearance of Defendant and the safety of any other person and the community.[13] In reaching this determination, the Court considered the following factors as required by statute:

    (1) The nature and circumstances of the offense charged . . . ;

---

[10] Docket No. 117 (SEALED).

[11] *United States v. Patel*, No. 1:19-CR-01631 KWR-6, 2021 WL 4263501, at *1 (D.N.M. Sept. 20, 2021) (declining to hold hearing on a motion to amend conditions of release where "neither party has requested a hearing or cited to a statutory provision requiring a hearing"); *United States v. Murillo*, No. 1:24-CR-00189-SKC, 2025 WL 1794457, at *1 (D. Colo. June 30, 2025) (finding a hearing on a motion to amend was not "necessary or required").

[12] *United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003) (holding that district court's review under § 3145(a) is de novo).

[13] *See* Docket No. 45.

      (2) the weight of the evidence against the person;
(3) the history and characteristics of the person, including—
(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .[14]

In setting the conditions of Defendant's release, the Court imposed the "least restrictive . . . condition, or combination of conditions" that the Court determined would "reasonably assure the appearance of the person as required and the safety of any other person and the community,"[15] as directed by statute. The Court found home detention, GPS monitoring, and internet restrictions, among numerous other conditions, to be necessary to meet the statute's objectives.

Since the Court issued its release order, the following has occurred: Defendant has pleaded guilty to Counts 1 and 2—both counts of cyberstalking—for which she faces a term of imprisonment of up to one year; Defendant has pleaded guilty to criminal charges pending before other courts as part of a global plea agreement; Defendant's probation officer reports that she has done well on supervision and has complied with the terms of her supervised release, which she has been participating in for about 17 months;[16] Defendant has not absconded or violated the

---

[14] 18 U.S.C. § 3142(g).

[15] *Id.* § 3142(c)(1)(B).

[16] There is some question as to her access to the internet considering the Court has received numerous emails on her behalf from her father's account. The government further asserts that Defendant has communicated with the AUSA assigned to this case via email "repeatedly." Docket No. 96, at 10.

terms of her supervision when the Court has permitted her to travel outside of Utah; and her child now resides with Victim 1 in Denmark.

Defendant now seeks to travel to Denmark to attend a hearing wherein significant issues regarding her custody and visitation rights will be determined. Defendant argues her physical presence at the Denmark hearing is "necessary to ensure a fair hearing" because remote access to the hearing would deny her "real-time consultation with her Danish attorney to help the attorney understand the years-long complex child custody and visitation history of case."[17] She further asserts that remote access would "substantially impair her ability to communicate effectively with her attorney,"[18] that she would not have the ability to have a break-out session with her attorney to have a private conversation during the hearing;[19] that interpreters will be necessary for both parties, adding further complications to remote access; and that Defendant's Danish attorney has asserted that "it is preferable in cases addressing future custody and visitation that both parties are present in person because . . . the attendance in person can affect how the court views the parent as a person," and her being physically present will allow the Danish attorney to talk to Defendant and guide her through the hearing.[20] Defendant's pro se Motion further discusses the high stakes of the hearing, the years-long and complex history of the custody dispute, and the purported necessity of Defendant being physically present at the hearing.

While the Court understands the significance of the custody hearing and agrees that being physically present would be preferential, the Court believes that the Danish court overseeing the custody proceedings is best suited to assess the fairness and effectiveness of Defendant's remote

---

[17] Docket No. 94, at 2–3.

[18] *Id.* at 3.

[19] Docket No. 104, at 5.

[20] *Id.* at 5–6.

participation. The Danish court has determined her physical presence is not necessary for the proceeding and the Court trusts this is a fair resolution. Of primary importance to this Court is whether conditions exist that can reasonably assure the appearance of Defendant as required and the safety of the victims and the community.

      Defendant argues that additional conditions can reasonably assure her appearance, including that she be required to finalize her travel plans with her probation officer, that she be required to check in with her probation officer multiple times a day while away and shortly after returning to the United States, that her parents act as third-party custodians to ensure her return, that she have no contact with the victim or the victim's family except as required at the hearing, and that she be granted only a limited travel window immediately surrounding the scheduled hearing. She also argued that any failure to comply with conditions while in Denmark would put at risk the global resolution she has reached with the government, which allows her to argue for a probationary sentence for the charges before this Court and provides for dismissal of other pending criminal charges. In her Reply to the Motion to Modify, Defendant asserted that failure to return to the United States "could negatively affect her ability to fight for custody and visitation rights of her only child, something she has done for several years with a great amount of effort and cost."[21] Collectively, Defendant asserts this is sufficient to ensure her swift return to the United States following the custody hearing.

      In opposition, the government asserts that Defendant is aware that the government intends to seek 12 months' custody, which is a very significant sentence for Defendant who has not previously been incarcerated for such a length of time. Further, the government strongly asserts that all conditions placed on her by the Court will be "abandon[ed]" if her request to

---

[21] *Id.* at 17.

travel is granted because "she will be outside the jurisdiction of the pretrial services officers" and thus there is no way to monitor her internet access or location, and she will be "entirely outside the reach of this Court."[22]

    Having considered the relevant factors and the parties' respective arguments, the Court does not believe there are any meaningful restrictions the Court can impose that will meet the goals of reasonably assuring Defendant's appearance as required and the safety of others if she is issued a valid passport and permitted to leave the United States. The Court appreciates that Defendant has been compliant with the terms of her release when allowed to travel to California. However, unlike her travel to California, there is no meaningful way for the Court to monitor Defendant or enforce conditions if she travels outside of the United States. The Court is further concerned that Defendant's child now resides permanently in the country to which she wishes to travel, which may add motivation to abscond. Further, as noted, the Court trusts that the Danish court has fairly assessed Defendant's ability to participate in the hearing remotely.

## IV.  CONCLUSION

It is therefore

ORDERED that the Magistrate Judge's Order (Docket No. 108) is affirmed and Defendant's Motion to Modify Conditions of Release (Docket No. 94) is DENIED.

DATED this 20th day of January, 2026.

BY THE COURT:

Ted Stewart
United States District Judge

---

[22] Docket No. 96, at 9.