MELISSA HOLYOAK, United States Attorney (#9832)
JOEY BLANCH, Assistant United States Attorney (#16665)
Attorneys for the United States of America
111 South Main Street, Suite 1800
Salt Lake City, Utah, 84111
Telephone: (801) 524-5682

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| UNITED STATES OF AMERICA, | Case No. 2:24-CR-163 TS |
|---|---|
| Plaintiff, | **GOVERNMENT'S OBJECTION TO DEFENDANT KAILIN WANG'S MOTION TO MODIFY CONDITIONS OF PRETRIAL RELEASE** |
| vs. | |
| KAILIN WANG, | |
| Defendant. | Magistrate Judge Dustin Pead<br>Judge Ted Stewart |

The United States, by and through the undersigned Assistant United States Attorney, objects to defendant Kailin Wang's request to modify conditions of pretrial release that would allow her to leave her home, unmonitored, for up to three hours a day, within a 10-mile radius of her home.

**VICTIM'S POSITION**

On February 23, 2025, Victim 1's attorneys filed their objection to Wang's request. (ECF 134).

1

## ARGUMENT

The government objects. Less than three months from sentencing, there is simply no good reason to modify defendant's conditions of pretrial release.

Since the charges were initially filed, it has been the government's position that defendant should be detained pending trial because she poses a danger to the community that cannot be ameliorated by any condition or combination of conditions of pretrial release. (ECF 10 and 32). While the District Court ultimately disagreed with the government on the issue of pretrial detention, the Court only released defendant under strict conditions of pretrial supervision, including home detention.

Nothing has changed, except that defendant has pleaded guilty and is about to be sentenced. Under the conditions defendant proposes, she could access the Internet - the means by which she stalks and harasses her victims - at libraries, coffee shops, malls, even the gym.

Throughout her home detention, defendant has walked right up to the line of violating the conditions of her release. As discussed in previous proceedings, defendant posted the discovery in this case on a Google drive and shared it with the California courts; she is prohibited from Internet access but sends a constant stream of emails to the undersigned AUSA and to Court personnel; she has been directly ordered to stop contacting the Courts and she has engaged in a barrage of emails to the probation officer assigned to write the Presentence Report, even after being told he works for the courts

and should not be contacted directly. Defendant cannot be trusted to leave her home for three hours every day, alone, and go wherever she wants to go, even with GPS monitoring.

Defendant has been on home detention for many months, living with her parents. There is no reason she suddenly needs to grocery shop. Nor does she need three hours a day outside her home to exercise. While defendant argues that fresh air and exercise are necessary to her health, her doctor's note recommends 150 minutes of exercise <u>per week</u>; she seeks relief from home detention for 1,260 minutes per week. Nothing in defendant's motion justifies her request to leave her home for three hours a day, nor does she explain why she cannot get exercise and fresh air at home. While her ability to engage in the type and variety of exercise she desires may be limited on home detention, she can exercise at home. Her defendant's conditions of pretrial detention should remain the same until she is sentenced.

## **CONCLUSION**

Based on the foregoing, the United States requests that the court deny defendant's motion.

Respectfully submitted this 23th day of February, 2026.

          MELISSA HOLYOAK
          United States Attorney

          <u>/s/ Joey Blanch</u>
          JOEY L. BLANCH
          Assistant United States Attor