IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>KAILIN WANG,<br><br>Defendant. | ORDER<br><br>Case No. 2:24-CR-163-TS<br><br>District Judge Ted Stewart |

Defendant Kailin Wang filed a Motion to Proceed Pro Se on February 24, 2026, which was subsequently granted by the Magistrate Judge. Defendant has since emailed the Court numerous times with instructions, questions, or documents to be filed. The Court now provides directions regarding Defendant's communications with the Court.

a. *Filings Under Seal*

Defendant has emailed to the Court numerous motions and attachments to be docketed and stated in the body of the email that each document is to be docketed under seal. Defendant, however, does not state a basis for sealing the documents.

"Courts have long recognized a common-law right of access to judicial records."[1] "Although this right is not absolute, there is a strong presumption in favor of public access."[2] "To overcome this presumption against sealing, the party seeking to seal records must articulate

[1] *Mann v. Boatright,* 477 F.3d 1140, 1149 (10th Cir. 2007).

[2] *United States v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013) (internal quotation marks and citation omitted).

a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process."[3]

Because Defendant has not articulated a basis on which the filings are to be under seal, the Court will not docket the requested filings. Defendant must resend the documents she wishes to be docketed and include therewith a separate motion explaining why she believes the records should be sealed.

### b. Requests of the Court

Defendant has made various requests to the Court via email. This is improper. Rule 47 of the Federal Rules of Criminal Procedure provides that "[a] party applying the court for an order must do so by motion."[4] The motion "must be in writing" and "must state the grounds on which it is based and the relief or order sought."[5] Accordingly, any substantive request made to the Court via email will be ignored. This includes requests regarding holding or replacing filings previously emailed for docketing.

Further, Defendant is reminded that providing substantive information to the Court in the body of an email and not in relation to a motion before the Court is improper and will, accordingly, not be considered by the Court.

### c. Soliciting Legal Advice

Defendant is reminded that the Court and its staff cannot give Defendant any legal advice or answer any questions soliciting such. Any such questions will be ignored.

---

[3] *JetAway Aviation, LLC v. Bd. of Cnty. Comm'rs of Cnty. of Montrose, Colo.*, 754 F.3d 824, 826 (10th Cir. 2014) (internal quotation marks and citation omitted).

[4] Fed. R. Crim. P. 47(a).

[5] *Id.* 47(b).

It is therefore

ORDERED that Defendant resubmit any filings that she wishes to be docketed in accordance with the directions included in this Order.

DATED this 6th day of April, 2026.

BY THE COURT:

_____

Ted Stewart
United States District Judge