Kailin Wang
2481 Fairway Dr.
Spanish Fork, Utah 84660
801-787-9755
kaywg2372@gmail.com

UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**KAILIN WANG**,<br><br>Defendant. | **MOTION TO RESTRICT ACCESS TO EXHIBITS AT RESTRICTION LEVEL 2**<br><br>Case No. 2:24-cr-00163-TS<br><br>Judge Ted Stewart<br><br>Magistrate Judge Dustin Pead |

The moving party respectfully moves this Court pursuant to DUCivR 5-3 (or DUCrimR 49-2, as applicable) for an order restricting access to the following exhibits at Restriction Level 2, limiting access to the parties and the Court. In support thereof, the moving party states:

## I. EXHIBITS SUBJECT TO THIS MOTION

The following exhibits are submitted concurrently with this Motion and are requested to be filed at Restriction Level 2:

Exhibit 1:  Gmail –Government Sentencing Discovery.pdf

Exhibit 2:  Amended Rebuttal to 2-23-26 Dom_Kill_Baby_K_Post.pdf

Exhibit 3:  March 6, 2019 Kill Baby K Post.pdf

Exhibit 4:  VOLUME 1_RW _ October 2013 to 2014.pdf

Exhibit 5:  2019-10-18 People of California v. Wang 19016407 Complaint.pdf

Exhibit 6:  V2 (WS) July 5, 2017 to November 20, 2017.pdf

Exhibit 7:  2018-12-06 Spanish Fork City v. Wang.pdf

Exhibit 8:   2018-05-04 Wang v. WS (V2) 180400131.pdf

Exhibit 9:   10/25/2013_RW 497 Pages.pdf

## II.  RESTRICTION LEVEL REQUESTED

The moving party requests that these exhibits be filed and maintained at Restriction Level 2 pursuant to DUCivR 5-3(b)(2). At Restriction Level 2, access is limited to: (1) the Court and court personnel; and (2) the parties and their counsel of record. The documents shall not be accessible to the general public through the Court's electronic filing system (CM/ECF).

## III.  GROUNDS FOR RESTRICTION

Good cause exists to restrict public access to these exhibits. The exhibits contain sensitive materials—including personal identifying information, records from prior criminal and civil proceedings, private communications, and other materials whose unrestricted public disclosure could cause harm disproportionate to any public interest in access. Specifically:

a.   Exhibits 1 and 2 contain private communications and sentencing-related discovery materials that, if publicly disclosed, could prejudice the rights of the parties and third persons identified therein.

b.   Exhibits 3 and 2 reference sensitive online posts whose unrestricted public availability could endanger individuals named or identifiable within the documents.

c.    Exhibits 4 and 9 are voluminous records spanning multiple years and contain personal communications and private information of third parties who have not appeared in this action.

d.   Exhibits 5, 7, and 8 are records from prior state court criminal and civil proceedings. Their public re-disclosure through federal court records is unnecessary and could cause harm to individuals named in those proceedings.

e.    Exhibit 6 contains materials from a defined and sensitive time period whose contents may implicate privacy interests of identified individuals.

The requested restriction is the least restrictive means adequate to protect the interests identified above. Restriction Level 2 preserves meaningful access for all parties and the Court while protecting third-party and party interests from unnecessary public exposure.

## IV.  COMPLIANCE WITH LOCAL RULE

This Motion is accompanied by the exhibits to be restricted, filed separately under restriction, as required by DUCivR 5-3(c). The moving party will file a publicly accessible Notice of Restricted

Filing on the public docket identifying the existence—but not the contents—of the restricted exhibits, in accordance with the Court's local rules.

## V.  **CONCLUSION**

For the foregoing reasons, the moving party respectfully requests that this Court enter an order restricting access to Exhibits 1 through 9 at Restriction Level 2, limiting access to the parties, their counsel of record, and the Court.

Respectfully submitted,

Dated: April 20, 2026

_____

Kailin Wang

# CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2026, a true and correct copy of the foregoing Motion in Limine  and accompany exhibits was served via electronic mail upon:

Joey L. Blanch
Assistant United States Attorney
Joey.Blanch2@usdoj.gov

Conrad Kaufman
U.S. Probation Officer
Conrad_Kaufman@utp.uscourts.gov

Richard Sorenson
Standby Counsel
richard_sorenson@fd.org

_____
Kailin Wang

48