

## March 6, 2019 "Kill Baby K" post-Never Received IC3 Complaints undisclosed March 14, March 18, March 26, and August 4, 2019 IC3 complaints

**John Wang** <yunlong88cong@gmail.com>                                        Tue, Apr 14, 2026 at 3:45 AM
To: "Blanch, Joey (USAUT)" <Joey.Blanch2@usdoj.gov>
Cc: Richard Sorenson <richard_sorenson@fd.org>

Subject: Clarification re "Kill Baby K" Post, PSR, and Perjury Exposure – United States v. Wang

Dear Mr. Blanch,

Ms. Wang writes to seek clarification regarding the government's position concerning the March 6, 2019 "Kill Baby K" post and the factual findings the United States is requesting the Court to make at sentencing in United States v. Wang.

Ms. Wang has spent six years testifying to the facts underlying these posts at depositions and numerous evidentiary hearings in San Francisco, Utah, and elsewhere. Her truthful testimony served as a key reason she was permitted to maintain visitation with her son. As you are aware, the plea agreement's factual basis was negotiated such that Wang did not admit responsibility for authoring that post, nor did she admit that the IC3 complaints she submitted — including the March 6, 2019 "Kill Baby K" post — were false.

In light of this history — and in light of the government's prior statement during plea negotiations that a contrary admission could expose Wang to perjury liability and "a cascade of additional criminal charges" — clarification of the government's current purpose in seeking factual findings related to the March 6, 2019 post is necessary.

Specifically, please confirm:

1. Whether the United States is seeking a factual finding that Wang authored the March 6, 2019 "Kill Baby K" post; and

2. Whether any such requested finding is intended, in whole or in part, to support a future perjury prosecution or any other charge based on Wang's prior sworn testimony denying authorship of that post.

This request is not intended to preclude any lawful sentencing argument the government may wish to advance. Rather, a clear statement of the government's intent is necessary so that Wang may fully assess her rights, including with respect to any potential motion concerning the plea agreement and any need for additional expert assistance or discovery.

Thank you for your prompt attention to this matter.

Respectfully,

John Wang sent on behalf of Kailin Wang, who dictated the message  (+1 801 709-0209); (+1 801-787-9755) (+1 801 361-8742)

The information in this email is intended solely for the use of the individual or entity to whom it is addressed and may contain proprietary, confidential, or privileged material, including attorney-client communications and information related to pending privileged litigation matters. If you are not the intended recipient, any review, dissemination, distribution, or copying of this message and any attached materials is strictly prohibited. If you have received this email in error, please notify the sender immediately and delete all copies of this message and any attachments.

[Quoted text hidden]

Exhibit D Amended Rebuttal to 2-23-26 Dom_Kill_Baby_K_Post_Unredacted.pdf
4859K



John Wang <yunlong88cong@gmail.com>

---

## March 6, 2019 "Kill Baby K" post-Never Received IC3 Complaints undisclosed March 14, March 18, March 26, and August 4, 2019 IC3 complaints

---

**Blanch, Joey (USAUT)** <Joey.Blanch2@usdoj.gov>                    Tue, Apr 14, 2026 at 10:13 AM
To: John Wang <yunlong88cong@gmail.com>
Cc: Richard Sorenson <richard_sorenson@fd.org>

1. Whether the United States is seeking a factual finding that Wang authored the March 6, 2019 "Kill Baby K" post;

The government intends to present the "Kill Baby K" post as relevant conduct at sentencing.  The court can consider it, and give it whatever weight, if any, the court sees fit.  I do not know whether we will request a specific factual finding; the court may determine that factual findings are necessary in order to rule on your objections to the PSR.

2. Whether any such requested finding is intended, in whole or in part, to support a future perjury prosecution or any other charge based on Wang's prior sworn testimony denying authorship of that post.

If you are asking whether any investigative or prosecuting agency has requested that we obtain factual findings at sentencing in order to support a perjury prosecution, the answer is "no."  Our only intention in presenting the "Kill Baby K" is to support our sentencing arguments in the case before the court.   However, if you are asking whether other prosecuting agencies could use such a factual finding against you in possible future prosecutions, I do not know and cannot give you legal advice.

[Quoted text hidden]