# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff,*<br><br>v.<br><br>KAILIN WANG,<br>*Defendant.* | **Case No. 2:24-cr-00163-TS**<br>**Judge Ted Stewart**<br>**[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION IN LIMINE** |

This matter is before the Court on Defendant's Motion in Limine to Exclude Evidence of Factually Disputed Conduct Over Which this Court Lacks Jurisdiction at Sentencing, and to Exclude Inadmissible Third-Party Declarations and Unreliable Expert Opinion Submitted by C.T./Victim 1. The Court is mindful that Defendant has entered a guilty plea pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure (Doc. 89), which provides for a stipulated sentencing range of no less than a 5-year term of probation and no more than a term of imprisonment of 12 months. The disputed matters addressed herein shall not be used to sentence Defendant toward the higher end of that stipulated range. Having considered the motion, the government's response (if any), the record in this case, and the arguments of the parties, and for good cause appearing, IT IS HEREBY ORDERED:

**1.** The Court will not make adverse factual findings at sentencing regarding factually disputed conduct whose essential elements occurred outside the District of Utah, including but not limited to:

(a) The March 6, 2019 "Kill Baby K" post;

(b) The 2013 "Rory Will" matter in New York, except that the Court may note the existence of the Manhattan County N.Y. Penal Law § 240.20 disorderly conduct disposition, which is a violation—not a misdemeanor or felony criminal conviction; and

(c) WS-related conduct charged during the period September 1 through October 29, 2017, when it is undisputed that WS resided in California and Ms. Wang resided in New York. This exclusion does not apply to conduct to which Wang entered a guilty plea that occurred outside that period.

As to these matters, the Court may acknowledge their existence and that they are disputed, but will not resolve those factual disputes or treat them as established aggravating predicates for purposes of determining the guideline range, imposing sentence under 18 U.S.C. § 3553(a), or—critically—determining where within the stipulated Rule 11(c)(1)(C) range to sentence Defendant, including the determination of whether to impose a term of imprisonment rather than a term of probation.

**2.** The Court will not treat the document titled "Defendant Kailin Wang's Use of Impersonation and Her Nude Photo Across Three Victims" (the "Impersonations Brief") or the April 14, 2026 "Updated Violence Risk and Threat Assessment" prepared by J. Reid Meloy, Ph.D. (the "Meloy Report") as established factual predicates for sentencing. The Court may consider their existence for limited contextual purposes, but will not rely on the factual assertions or conclusions in those materials to make disputed factual findings, to enhance the sentence, or to sentence Defendant toward the higher end of the stipulated Rule 11(c)(1)(C) range, in light of the reliability concerns identified in Defendant's motion and the standards of USSG § 6A1.3(a).

**3.** Consistent with the parties' Rule 11(c)(1)(C) plea agreement (Doc. 89), which provides for a stipulated sentencing range of no less than a 5-year term of probation and no more than a term of imprisonment of 12 months, the Court shall not treat any of the factually disputed conduct identified in paragraphs 1 and 2 above as a basis for imposing a term of imprisonment rather than a term of probation. The decision of where to sentence Defendant within the agreed-upon range shall be based solely on conduct that is either (i) admitted in the factual basis of the plea agreement, (ii) established by reliable and properly admitted evidence, or (iii) undisputed of record. Nothing in this Order limits the Court's authority to consider the full record of charged conduct to which Defendant has entered a guilty plea, or any other information that is not subject to the exclusions set forth herein.

IT IS SO ORDERED.

DATED this ____day of __, 2026.

_____
**THE HONORABLE TED STEWART**
United States District Judge