MELISSA HOLYOAK, First Assistant United States Attorney (#9832)
JOEY BLANCH, Assistant United States Attorney (#16665)
Attorneys for the United States of America
111 South Main Street, Suite 1800
Salt Lake City, Utah, 84111
Telephone: (801) 524-5682

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KAILIN WANG,<br><br>Defendant. | Case No. 2:24-CR-163 TS<br><br>**GOVERNMENT'S OBJECTION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE AT SENTENCING**<br><br>Magistrate Judge Dustin Pead<br>Judge Ted Stewart |

On April 19, 2026, Defendant Wang emailed the court a motion to exclude evidence at sentencing. The government objects.

**Argument**

Defendant complains that the United States' sentencing presentation rests on out-of-district-conduct, inadmissible hearsay, and materials prepared by Victim's counsel. (Mot. at 5.)  The Court can consider all evidence relevant to the § 3553(a) factors.[1]

---

[1] The government has not yet filed its sentencing position.  The government notes that pursuant to the March 9, 2026 order by Judge Pead, the parties must file their sentencing

1

> No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.

18 U.S.C. § 3661.

Should defendant dispute evidence presented by the United States, the correct procedure is not a motion to suppress, preventing the Court from considering the evidence. Rather, defendant can simply address the factual dispute in her sentencing position and at the sentencing hearing.[2] The Court can then decide what weight, if any, to give to the proffered evidence.

1. **The Court Can Consider Conduct That Occurred Outside the District of Utah**

Defendant asks the Court not to consider conduct that occurred outside the District of Utah. This argument conflates behavior that can be charged in the District of Utah, and evidence the court can consider at sentencing. The Court can consider all evidence relevant to the sentencing factors set forth in 18 U.S.C. §3553(a). Defendant cites no

---

positions by April 25, 2026. However, the PSR has not yet been finalized. Probation's deadline for filing the PSR is not until April 28. The parties have contacted the court to seek a filing deadline after the PSR is filed.

[2] Defendant argues that the United States has not proven the disputed conduct by a preponderance of the evidence. (Mot. at 21). We agree with defendant the sentencing phase requires only a preponderance of the evidence, even where a contested fact has a significant impact on the sentence. *See, e.g, United States v. Robertson*, 946 F.3d 1168, 1171 (10th Cir.), cert. denied, 141 S. Ct. 398, 208 L.Ed.2d 109 (2020); *see also* USSG § 6A1.3(a).

authority for the proposition that a sentencing Court may only consider relevant conduct that occurred inside the district – because there is none.[3]

## 2.  Hearsay Is Admissible At Sentencing

Defendant's reliance on *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004) to argue that the court should reject hearsay – from witnesses, victims, experts - is misplaced. Federal courts have held that the Sixth Amendment right of confrontation established in *Crawford* does not apply to non-capital sentencing proceedings. Because sentencing is not a "criminal prosecution" within the meaning of the Confrontation Clause, courts allow hearsay testimony to be used, provided it has some minimum indicia of reliability. *See, e.g. United States v. Bustamante*, 454 F.3d 1200, 1202 (10th Cir. 2006).

## 3.  The Court Can Consider Defendant's Charged, Uncharged, and Dismissed Conduct

Defendant argues that the Court cannot consider uncharged conduct unless it is part of the "same course of conduct" as the offenses of conviction. (Mot. at 21). This "course of conduct analysis" only applies for offense level calculations. It does not limit what the court can consider to determine the correct sentence under the §3553(a) factors.

---

[3] Defendant further asks the Court not to make factual findings related to conduct that occurred outside the District of Utah. Nothing prevents the Court from making findings about relevant conduct, regardless of where that relevant conduct occurred. The Court will likely be required to make findings in order rule on objections to the PSR and sentencing guidelines enhancements, and to provide justifications for the sentence and/or conditions of probation or supervised release.

3

Defendant also asserts that the Court may not consider conduct to which she did not plead, facts she did not admit, or counts that were dismissed pursuant to the plea agreement. (Mot. at 23-27). The Court can consider any of defendant's conduct for the § 3553(a) factors. Nothing in the plea agreement suggests that the Court is bound only to consider the factual basis of her guilty plea or charges that were dismissed pursuant to the plea. To the contrary, the plea agreement specifically acknowledges that the Court *can* and *will* take such conduct into account:

> Relevant Conduct. I understand and agree that the Presentence Report may include descriptions of conduct I engaged in which either was not charged against me, will not be pleaded to by me, or both. I understand and agree that the Court will take these facts into consideration in determining the reasonableness of the stipulated sentence.

ECF 89 at 6-7, ¶ 12(g).

## Conclusion

Defendant's filing is a sentencing argument, disguised as a motion to suppress evidence. It is premature, as the government has not yet filed its sentencing position. Further, it is based on her mistaken understanding of the law regarding what the Court may and may not consider at sentencing. It should be denied.

MELISSA HOLYOAK
First Assistant United States Attorney

*/s/ Joey Blanch*

_____

JOEY L. BLANCH
Assistant United States Attorney