MELISSA HOLYOAK, First Assistant United States Attorney (#9832)
JOEY BLANCH, Assistant United States Attorney (#16665)
Attorneys for the United States of America
111 South Main Street, Suite 1800
Salt Lake City, Utah, 84111
Telephone: (801) 524-5682

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:24-CR-163 TS |
| Plaintiff, | **GOVERNMENT'S OBJECTION TO DEFENDANT KAILIN WANG'S MOTION TO MODIFY CONDITIONS OF PRETRIAL RELEASE** |
| vs. | |
| KAILIN WANG, | |
| Defendant. | Magistrate Judge Dustin Pead<br>Judge Ted Stewart |

The United States, by and through the undersigned Assistant United States Attorney, objects to defendant Kailin Wang's renewed request to modify conditions of pretrial release (ECF 177). Defendant previously made this request (ECF 132). The government already filed its objection (ECF 135) and the victim separately filed their position (ECF 134). The Court denied defendant's request. (ECF 142). Defendant now suggests that new lab results require reconsideration. The government continues to object.

### VICTIM'S POSITION

Provided to government counsel by email from Victim 1's counsel, Douglas Rappaport, dated April 29, 2026:

1

"Just last month, Defendant Wang made a very similar request to modify the terms of her release, which was denied. In that proceeding, I filed an objection (ECF 134) highlighting that the defendant's requested modifications would expand her ability to access third-party computers or other internet-enabled devices which Pretrial Services could not inspect. Given that Defendant's criminal history reflects a demonstrated, sophisticated, and persistent use of technology to locate, threaten, and subject victims to continued abuse, including encouraging third-party action, any modification of the electronic monitoring would increase the risk to the victims and make it easier for Defendant Wang to circumvent supervision. Accordingly, for the reasons stated in ECF 134, which I incorporate by reference, and that there is no evidence presented that defendant Wang's cholesterol levels could not be managed by exercise on the property where she resides or through medication, it is respectfully requested that the Court deny her request."

## ARGUMENT

Defendant's initial request to modify her conditions of release requested that she be allowed to leave her home, unmonitored, for up to three hours a day, within a 10-mile radius of her home.  In her renewed request, she is less explicit about what she is requesting, but it appears that she still requests to be allowed to leave her home for up to three hours a day.

For the same reasons already set forth in the government's previously filed objection (ECF 135), the government objections.  That filing is incorporated as if set forth in full herein.

Defendant's motion suggests that her recent lab results are new facts warranting reconsideration. She claims that her doctor reviewed the labs and told her that she is in the "danger zone" for stroke and myocardial infarction, but she does not include anything from the doctor himself. However, defendant has not included any letter from her doctor suggesting that exercise outside her home for three hours a day is medically necessary. More importantly, she does not include any letter from the doctor suggesting that the required lifestyle changes cannot be reasonably accomplished from her home.

No one argues that defendant should be prohibited from exercise. However, as the Court previously ruled, "By its definition, home detention is restrictive in nature allowing for limited exceptions. This means, for every defendant subject to the restriction, that desired or needed exercise must be tailored to those circumstances." (ECF 142). There is still nothing to credibly suggest that defendant cannot engage in "regular" exercise at her home. There remains no reason to believe that the defendant's needs cannot be "reasonably (even if not preferably) met" under her current conditions of pretrial release. (*Id.*) There is no reason to change her conditions of release at this point, particularly as the sentencing date is currently set for June 9, 2026 (ECF 189), approximately a month away.

3

## CONCLUSION

Based on the foregoing, the United States requests that the court deny defendant's

motion.

Respectfully submitted this 29th day of April, 2026.

MELISSA HOLYOAK
First Assistant United States Attorney

*/s/ Joey Blanch*
JOEY L. BLANCH
Assistant United States Attorney

4