Kailin Wang
2481 Fairway Dr.
Spanish Fork, Utah 84660
801-787-9755
kaywg2372@gmail.com

FILED
2026 APR 30
CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br><br>**KAILIN WANG**,<br><br>Defendant. | **DEFENDANT'S REPLY TO [ECF 200] IN SUPPORT OF MOTION TO EXCLUDE UNLAWFULLY OBTAINED AND NEWLY DISCOVERED FRAUDULENT EVIDENCE FROM SENTENCING PROCEEDINGS AND FOR A FATICO/FRANKS HEARING**<br><br>Case No. 2:24-cr-00163-TS<br><br>Judge Ted Stewart |

## PRELIMINARY STATEMENT

The government's opposition (ECF 200) rests on a single factual claim: that Defendant Kailin Wang shared the Google Drive link in a California court filing, thereby eliminating any expectation of privacy in the Discovery folder and allowing law enforcement to access its contents without a warrant. That claim is factually wrong, and the government's own evidence proves it.

The URL Wang included in her August 23, 2024 California appellate filing is the Muyskens folder link -- a completely different Google Drive folder **with a completely different unique identifier** than the Discovery folder that 221B Partners captured and handed to the FBI. The government seized evidence from a folder whose link Wang never shared with anyone.

1

The government's invocation of the private search doctrine fails for an additional reason it has never disclosed: 221B Partners is not a neutral private actor who happened upon Wang's files. 221B Partners is the successor firm to Hillard Heintze -- the same organization, the same personnel -- that has been retained by CT (V1) since December 2018 to surveil Wang and provide intelligence to law enforcement.

On March 6, 2019, Mark Brenzinger of Hillard Heintze called 911 in Spanish Fork, Utah to report the alleged 'Kill Baby K' social media post, with CT (V1's) mother and custody attorney on the line, specifically to coordinate law enforcement action against Wang. The Utah Valley Dispatch Call Detail Report confirms Hillard Heintze as the official complainant. Six years later, 221B Partners -- the same firm, the same individuals -- used the same methodology to capture Wang's Google Drive and deliver the URL to the FBI. This is not independent private action. This is a documented, continuous, adversarial intelligence operation with law enforcement as the consistent intended recipient. The private search doctrine does not immunize this pattern of conduct.

The Proof of Service from the California First Appellate District confirms that Wang's August 23, 2024 filing (Exhibit A, B) was served on exactly one opposing party: Michelene Insalaco of Sucherman-Insalaco LLP -- not 221B Partners. The government has never explained how 221B Partners obtained the Discovery folder URL. The motion should be granted and an evidentiary hearing ordered.

**ARGUMENT**

## I.  THE GOVERNMENT'S FOUNDATIONAL FACTUAL CLAIM IS DEMONSTRABLY FALSE.

2

The government states: 'Defendant disseminated the link to others, including Victim 1's counsel, by including the link to the Google Drive in her filing with the California court.' ECF 200 at 2. Every argument depends on this premise. It is factually incorrect.

## A.  The URL Wang Shared and the URL the Government Captured Are Completely Different.

The filing Wang submitted to the California Court of Appeal on August 23, 2024 contained a hyperlink to the Muyskens folder:

```
https://drive.google.com/drive/folders/1f_mCM7koHO-
Ns4_w5KQlcEA9P7hOdgnJ?usp=share_link
```

The URL that 221B Partners captured via Page Vault (RM0014156, RM0014166) and provided to the FBI is:

```
https://drive.google.com/drive/folders/1Y0h1xsOTLlvh2YwW0N
6o2f92Ba5gyg4W
```

The unique folder identifiers are completely different:

```
Muyskens folder ID:   1f_mCM7koHO-Ns4_w5KQlcEA9P7hOdgnJ

Discovery folder ID:  1Y0h1xsOTLlvh2YwW0N6o2f92Ba5gyg4W
```

These are two separate Google Drive folders.  Sharing the Muyskens link grants access to that folder only, trespassing, and using illegal means to venture beyond to what was shared violates the law.

Defendant nor her family shared the "Discovery"  folder URL ("URL 1Y0h1").

3

**The third-party doctrine cannot apply to a URL the defendant never disclosed.**

See 8/23/24 Letter to CA Court of Appeals p. 2 if you hover over the "Jennifer Kerkoff Muyskens" link,  you will it is a completely different URL then the one CT V1's agents provided to the government.

On 5/23/24 KW was arrested in Utah by the FBI for an indictment dated 5/8/24.  CT had AUSA Jennifer Kerkoff Muyskens re-charges  the exact same charges, with the exact same evidence, and new alterations of old evidence dating back to 2017, and 2019, related to W█████ S████ and CT  (which is already █████████████████████████████████████████████ded  the only 3 new charges in ████████████████████████████████████████████████ng CT no showed without not████████████████████████████████████████████████-Person Visitation b.) 4/9/24 post made on linked in that included the minors and CT's publicly available photos posted in a family tree along with a miniature picture of the minor stating "mommy loves you [minor's full name] forever and forever. And that CT legally absconded with the child to Denmark  c.) on 4/12/24 KW included CT's address in a court filing reply that was NOT posted on any website. On 5/10/24 due to the 3 new incidents  above were also the subjection of a Motion to Detain without bond filed in People v. Wang 19016407 by Donald A. Du Bain.

https://drive.google.com/drive/folders/1f_mCM7koHO-Ns4_w5KQlcEA9P7hOdgnJ?usp=share_link

Note the 5/23/24 arrest is strikingly similar to the beginning of this case where.

4

 Gmail

**Additional Discovery**

Blanch, Joey (USAUT) <Joey.Blanch2@usdoj.gov>                                       Tue, Apr 21, 2026 at 1:56 PM
To: "yunlong88cong@gmail.com" <yunlong88cong@gmail.com>
Cc: Richard Sorenson - FDO <richard_sorenson@fd.org>

Ms Wang,

As I previously mentioned, the documents reviewed by Dr. Meloy for the updated assessment are all documents you should already have, other than the attached. If you nevertheless wish us to produce the rest of the documents he reviewed, I am happy to produce them to Mr. Sorenson so you can review them at his offices in accordance with the protective order. I am also attaching a copy of the discovery index as it currently exists. Please be aware it does not include documents produced after NOC5.

1. **RM0012763 (2024-04-16 search results)**: Capture of Google search results for the name of Minor-1.

2. **RM0013053 (2024-12-11 SB)**: Capture of a social media post by third-party S.B., including Defendant's court filing.

3. **RM0014156 (2025-03-17 Page Vault capture of Discovery folder)**: Capture of Defendant's discovery posted online at the publicly available URL https://drive.google.com/drive/folders/1Y0h1xsOTLIvh2YwW0N6o2f92Ba5gyg4W ("URL 1Y0h1").

4. **RM0014159 (2025-03-17i Discovery folder)**: Capture of Defendant's discovery posted at "URL 1Y0h1" on March 17, 2025.

5. **RM0014160 (2025-03-17ii Discovery folder)**: Capture of Defendant's discovery posted at "URL 1Y0h1" on March 17, 2025.

6. **RM0014166 (2025-03-26 917am PT Page Vault capture of Discovery folder)**: Capture of Defendant's discovery posted online at "URL 1Y0h1" on the morning of March 26, 2025.

7. **RM0016162 (2025-10-04 Gmail - Julie just messaged you)**: LinkedIn private message sent by third-party J.H. to a protected party in Victim-1's family, the day after Defendant filed allegations in San Francisco Superior Court.

Best,

Joey L. Blanch | Assistant U.S. Attorney

111 S. Main St. Suite 1800 | Salt Lake City, UT 84111

(801) 524-5682 | joey.blanch2@usdoj.gov

## B. The Proof of Service Confirms the Filing Reached Only One Opposing Attorney.

The TrueFiling Proof of Service -- a court-certified record -- shows the August 23, 2024 Second Letter Brief was served on exactly two addresses: Wang herself and Michelene Insalaco of Sucherman-Insalaco LLP. Not 221B Partners. Not any member of Victim's extended legal team. The government has never explained how 221B Partners, a different firm entirely, Douglas Rappaport obtained the Discovery folder URL.

5

## C.  The California Filing Was Not Publicly Accessible.

Case No. A170819 is a restricted child custody proceeding. Records Manager Beth Robbins has confirmed public access is completely prohibited, the clerk alone operates the terminal, no viewer can click embedded hyperlinks, and even parties receive only paper copies. A hyperlink that cannot be clicked in a proceeding the public cannot access is not public posting.

## II.  THE THIRD-PARTY DOCTRINE DOES NOT APPLY.

*Smith v. Maryland*, 442 U.S. 735 (1979), requires voluntary exposure of the specific information at issue. Wang never shared the Discovery folder URL. She assumed no risk of disclosure of a URL she never distributed. Even as to the Muyskens URL, the disclosure was to one appellate attorney in a sealed child custody proceeding -- not to the public, not to 221B Partners, Douglas Rappaport, Erica T. Johnstone (CT V1's internet attorney) and not to law enforcement. See *Carpenter v. United States*, 585 U.S. 296, 314 (2018).

## III.  THE PRIVATE SEARCH DOCTRINE DOES NOT APPLY -- 221B PARTNERS IS CT (V1'S) ADVERSARIAL INTELLIGENCE FIRM WITH A DOCUMENTED HISTORY OF COORDINATING WITH LAW ENFORCEMENT AGAINST WANG.

The private search doctrine rests on the premise that a truly independent private actor, operating for their own purposes without government direction or coordination, is not bound by the Fourth Amendment. *Burdeau v. McDowell*, 256 U.S. 465, 475 (1921).

**The Tenth Circuit applies a two-part test:** (1) whether the government knew of and acquiesced in the private party's conduct; and (2) whether the private party intended to assist law enforcement. *United States v. Smythe*, 84 F.3d 1240, 1242-43 (10th Cir. 1996). Both elements are demonstrated here by documentary evidence the government has never disclosed.

6

**A.  221B Partners and Hillard Heintze Are the Same Organization with the Same Personnel.**

221B Partners was formed by the same individuals who operated Hillard Heintze's investigations practice. Jennifer Mackovjak, Partner at 221B Partners, led Hillard Heintze's Investigations Practice and was listed as one of CT (V1's) seven expert witnesses in his October 15, 2019 Trial Brief. Christopher Brenner, Senior Director at 221B Partners, is the same Christopher Brenner listed as a Director at Hillard Heintze in the 2019 Trial Brief witness list. Adam Zoll, Senior Director at 221B Partners, is the same Adam Zoll listed as a Director at Hillard Heintze who submitted a Freedom of Information Law request to the New York DMV to obtain Wang's personal records while identifying himself as from Hillard Heintze at 30 South Wacker Drive, Chicago. The Utah Valley Dispatch Call Detail Report lists Hillard Heintze at 30 South Wacker Drive, Chicago as the complainant in the March 6, 2019 welfare call -- the same address.

**B.  On March 6, 2019, Hillard Heintze Called 911 to Coordinate Law Enforcement Action Against Wang -- Using the Same Playbook Later Used with the Google Drive.**

The pattern of 221B Partners/Hillard Heintze acting as CT (V1's) adversarial intelligence operation with law enforcement as the direct recipient is not a theory -- it is documented in a certified court transcript and official dispatch records.

On March 6, 2019 at 2:12 PM, Mark Brenzinger -- operating from Hillard Heintze at 30 South Wacker Drive, Chicago -- called 911 in Spanish Fork, Utah. On the call with him were TT (V1's mother) and Darrick Chase (CT (V1's) custody attorney who later committed suicide according to his son in his coroner's report the reason being a particular case was bothering him). Brenzinger told the 911 operator he worked at a 'private investigation firm' called Hillard Heintze, that Wang had posted a threat to herself and the baby 'about two hours ago,'

7

and asked that police respond to Wang's home at 2481 Fairway Drive. He informed the operator: 'We've been working with your constable in the area, and he's been working with a sergeant.' TT (CT V1's mother the driving force behind these litigations) provided Wang's phone numbers, vehicle descriptions, and license plate numbers that the firm had obtained through its ongoing surveillance of Wang.

The Utah Valley Dispatch Call Detail Report confirms this call, lists Hillard Heintze as the official complainant, and records that two police units were dispatched. This is the same March 6, 2019 incident involving the alleged 'Kill Baby K' post that CT (V1's) retained investigator Brenzinger reported to law enforcement.

In 2025, 221B Partners -- the same firm, the same personnel -- located the Google Drive in question, captured the Discovery folder using professional forensic capture tools (Page Vault), and immediately provided the URL and captures to the FBI.

**The methodology is identical:** adversarial private investigators monitor Wang's digital activity, find something they characterize as incriminating, and immediately deliver it to law enforcement for use against her. This is not independent private action. This is a six-year-long adversarial intelligence operation with law enforcement as the consistent intended and actual recipient.

### C. The Tenth Circuit's Government Agent Test Is Directly Satisfied.

Under *Smythe*, the Court examines whether the government knew of and acquiesced in the conduct, and whether the private party intended to assist law enforcement. 84 F.3d at 1242-43. The March 6, 2019 dispatch records establish that law enforcement received and acted on Hillard Heintze's intelligence in 2019 and once again the evidence acquired is fraudulent. The FBI's receipt of the Google Drive evidence from 221B Partners in 2025 follows the same pattern.

**The government has never disclosed:** (1) when federal prosecutors first had contact with 221B Partners regarding the Google Drive; (2) whether there was any coordination before the March 2025 captures; (3) whether the FBI directed or encouraged 221B Partners' access; or (4) what instructions, if any, CT (V1's) attorneys gave 221B Partners regarding the California court filing. These questions go directly to the government agent analysis and cannot be resolved without an evidentiary hearing.

### D.  Even If the Private Search Doctrine Applied, the Government Exceeded Its Scope.

Under *United States v. Jacobsen*, 466 U.S. 109, 114-15 (1984), the government may only replicate what the private party was authorized to access. Wang never shared the Discovery folder URL ("URL 1Y0h1").

If 221B Partners accessed it by navigating beyond the Muyskens link, that navigation was unauthorized. The Google Drive activity log (RM0014159) shows the Muyskens folder was removed from the Discovery folder on September 21, 2024 -- five months before the March 2025 captures. Any navigational path between the folders that may have existed in August 2024 was severed months before 221B Partners captured the Drive.

### IV.  THE WARRANTLESS GOVERNMENT SEARCH VIOLATED THE FOURTH AMENDMENT.

Once the private search doctrine fails, the FBI's access to the Discovery folder stands as a warrantless search of private cloud storage with no applicable exception. Users retain a constitutionally protected expectation of privacy in private cloud-storage files. *United States v. Lowers*, No. 24-4546, slip op. at 2-3 (4th Cir. Mar. 10, 2026); *United States v. Maher*, 120 F.4th 297, 307-09 (2d Cir. 2024). No warrant was sought. No warrant was obtained. The search was per

se unreasonable. *Katz v. United States*, 389 U.S. 347, 357 (1967). All evidence derived from it must be excluded.

## V.  THE EXCLUSIONARY RULE APPLIES AT SENTENCING.

The exclusionary rule applies at sentencing when Fourth Amendment violations are deliberate, part of a pattern of bad faith, or undertaken for the purpose of enhancing the sentence. *United States v. Jessup*, 966 F.2d 1354, 1356 (10th Cir. 1992); *Verdugo v. United States*, 402 F.2d 599, 610-13 (9th Cir. 1968). The government filed a Motion to Revoke based on this evidence, withdrew it as a plea condition, and now seeks the same aggravation at sentencing through the PSR. The Court should not permit the government to accomplish through sentencing what it traded away as a condition of the plea.

## VI.  DUE PROCESS INDEPENDENTLY REQUIRES EXCLUSION OR A HEARING.

Due process requires sentencing to rest on accurate, constitutionally obtained information. *Gardner v. Florida*, 430 U.S. 349, 358 (1977); Fed. R. Crim. P. 32(i)(3)(B). The government's aggravation theory is contradicted by: (1) the different folder URLs establishing Wang nor her family never shared the Discovery folder link; (2) the court-certified Proof of Service showing the filing reached only Insalaco; (3) the California court of appeals Beth Robbins Records Manager's confirmation of inaccessibility; (4) the activity log showing folder separation months before the captures; and (5) the undisclosed six-year adversarial relationship between 221B Partners/Hillard Heintze and law enforcement. Additionally, the Protective Order underlying this theory was drafted by AUSA Jennifer Kerkoff Muyskens, subsequently found guilty of lying to the court and altering and concealing exculpatory evidence in this case. Under *Franks v. Delaware*, 438 U.S.

10

154 (1978), the Court must scrutinize with heightened care any legal framework produced by an officer adjudicated to have committed fraud upon the court in the same proceeding.

## VII.  AN EVIDENTIARY HEARING IS REQUIRED BEFORE SENTENCING.

The factual questions identified above cannot be resolved on the existing record. The government has never disclosed: (1) when federal prosecutors first had contact with 221B Partners regarding the Google Drive; (2) whether there was coordination before the March 2025 captures; (3) how 221B Partners obtained the Discovery folder URL; (4) what 221B Partners specifically accessed and in what order; (5) whether the FBI directed or encouraged 221B Partners' access; or (6) the full scope of the government's relationship with 221B Partners and Hillard Heintze going back to 2019. These questions are dispositive of the government agent analysis and the private search doctrine, and they require testimonial and documentary evidence to resolve. The Court should hold a Fatico hearing on these factual disputes and a Franks hearing on whether false statements or omissions infected the legal framework the government relies upon for aggravation before sentencing proceeds.

## CONCLUSION

The government's opposition fails at its factual foundation. The link Wang shared and the folder the government accessed have different URLs. Wang never shared the Discovery folder URL. The court-certified Proof of Service confirms the filing reached only one opposing attorney. The California court confirmed the proceeding was not publicly accessible. The activity log confirms folder separation months before the captures. And 221B Partners is not a neutral private actor -- it is the successor to Hillard Heintze, the same organization that has surveilled Wang and coordinated with law enforcement since March 6, 2019, when Mark Brenzinger called 911 from

11

Chicago with CT (V1's) family and attorney on the line to report the alleged 'Kill Baby K' post and coordinate police action at Wang's home. The same firm, the same personnel, and the same law-enforcement-delivery methodology were used six years later to capture and deliver the Discovery folder to the FBI. That is not an independent private search. It is a coordinated adversarial intelligence operation, and the Fourth Amendment applies to it.

Defendant Kailin Wang respectfully requests that the Court: (1) exclude from all sentencing proceedings all evidence obtained from the warrantless search of the Discovery folder; (2) exclude any evidence whose aggravating force depends on the June 4, 2024 Protective Order; (3) hold a Fatico/Franks hearing before sentencing to resolve the undisclosed questions about 221B Partners' relationship with law enforcement, the coordination timeline, and the scope of the search; and (4) direct that its sentencing determination rest only on lawfully and constitutionally obtained evidence.

Respectfully submitted,

/s/ Kailin Wang, Defendant Pro Se

Date: April 29, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2026 , a true and correct copy of the foregoing was served upon the following parties:

Joey L. Blanch, AUSA -- joey.blanch2@usdoj.gov

Richard Sorenson, Federal Public Defender -- richard_sorenson@fd.org

Conrad Kaufman, U.S. Probation Officer -- Conrad_Kaufman@utp.uscourts.gov

12