Court of Appeal, First Appellate District
Charles D. Johnson, Clerk/Executive Officer
Electronically RECEIVED on 8/23/2024 at 2:16:35 PM

Court of Appeal, First Appellate District
Charles D. Johnson, Clerk/Executive Officer
Electronically FILED on 8/23/2024 by C. Hoo, Deputy Clerk

Kailin Wang
2481 Fairway Dr.
Spanish Fork, Utah 84660
801-787-9755
kaywg2372@gmail.com

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
## FIRST APPELLATE DISTRICT, DIVISION FOUR

| | |
|---|---|
| C.T., *Petitioner and Respondent* | A170819 |
| v. | San Francisco City & County |
| K.W., *Respondent and Appellant* | Super. Ct. No. FDV-19-814465 |

**Second Letter Brief**

This court wanted a letter brief outlining why the orders made on 5/2 and 5/9/24 are appealable or why they qualify as an extraordinary writ, the court not only failed to comply with the Condon factors, it failed to order an evidentiary hearing and allowed CT to disappear with the child internationally and de facto terminated KW's parental rights all without even an evidentiary hearing. It qualifies as an extraordinary writ due to CT litigating the same thing in a different context in his Petition for Writ Case no. Case No. A171160 filled on 8/22/24.[1] Due to the urgency of these proceedings, I reserve the right to challenge the other issues decided at the 5/2 and 5/9/24 hearing with the entry of an appealable order.  📷 3422 UCCJEA

2/29/24 CT files another Ex Parte termination of all forms of visitation request just months after his previous denial of termination of all forms of visitation.
📄 2024_02:29:24_CT FL-300 Temp. Emergency Ex Parte.pdf

3/2 & 3/9/24 CT no notice, no show for California in-person Rally Supervised Visitation after KW and her family traveled from Utah to California twice.
📄 2024_03:11:24_Updated OSC.pdf

---

[1] However, in "exceptional circumstances," immediate review may lie by petition for writ of mandate (so-called "Oceanside doctrine," upholding writ review of discovery and pleading issues of first impression that are likely to produce general guidelines for future cases). [*Oceanside Union School Dist. v. Sup.Ct.* (Brighter Homes, Inc.) (1962) 58 C2d 180, 185-186, 23 CR 375, 378, fn. 4; Pacific Tel. & Tel. Co. v. Sup.Ct. (Duke), supra; see City of Tulare v. Sup.Ct. (M.C.) (2008) 169 CA4th 373, 380, 86 CR3d 707, 711; San Joaquin County Dept. of Child Support Services v. Winn (2008) 163 CA4th 296, 300-301, 77 CR3d 470,

matter under submission and invited the parties to submit proposed orders. See also Reply Brief filed on 04/16/2024 in Case no. A166854.

On 4/30/24 KW prepared an extensive proposed order emphasizing the need for enforceable orders for an international move-away as mandated under Marriage of Condon.

> **Move-away order *reversible* if lacking enforcement guarantees:** An order permitting the move-away may be well within the trial court's discretion under the general *Burgess* balancing test and because it passes the "cultural" and "distance" hurdles unique to foreign country relocations. **But the order is nonetheless *reversible error* if its provisions concerning the nonmoving parent's custody/visitation rights lack guaranteed enforceability in the foreign country courts.** [*Marriage of Condon*, supra, 62 CA4th at 561-562, 73 CR2d at 52-53—order permitting mother to relocate children to Australia remanded because it failed to adequately secure enforcement of nonmoving father's custody rights] (Hogoboom King, Cal. Practice Guide: Family Law (The Rutter Group 2023) 1) [7:575.7] "An unenforceable orer is no order at all, and thus is *void*." [*Marriage of Condon*, supra, 62 CA4th at 562, 73 CR2d at 53 (emphasis added)] *In re Marriage of Abargil* applied Condon principles to an initial international move-away case and attempted to establish "guaranteed enforceability" of a California order in a foreign country.

On 5/2/24 Judge Roeca granted CT's move-away denying KW's request for an evidentiary hearing, stated there are no final custody orders in this case, and stated that California  has jurisdiction under the UCCJEA and ordered a visitation schedule  and custody evaluation to be confirmed on 6/11/24.  The court also issued the 30-day stay under CCP 917.7, The 5/2/24 order ordered none of the safe-guards mandated under Condon such as to post bond, register the California order in the foreign country and under the Hague Convention, pay for travel, etc.  See 5/2/24 FOAH p. 5 of 8

On 5/23/24 KW was arrested in Utah by the FBI for an indictment dated 5/8/24.  CT had AUSA Jennifer Kerkoff Muyskens re-charges  the exact same charges, with the exact same evidence, and new alterations of old evidence dating back to 2017, and 2019, related to Walker Stone and CT  (which is already charged under PC 646.9 in People v. Wang 19016407) which included  the only 3 new charges in 2024 that consist of  a.) 3/3/24 Email to Menlo Park Police reporting CT no showed without notice after the Wang's traveled from UT to CA for Court Ordered In-Person Visitation b.) 4/9/24 post made on linked in that included the minors and CT's publicly available photos posted in a family tree along with a miniature picture of the minor stating "mommy loves you [minor's full name] forever and forever. And that CT legally absconded with the child to Denmark  c.) on 4/12/24 KW included CT's address in a court filing reply that was NOT posted on any website. On 5/10/24 due to the 3 new incidents  above were also the subjection of a Motion to Detain without bond filed in People v. Wang 19016407 by Donald A. Du Bain.

Note the 5/23/24 arrest is strikingly similar to the beginning of this case where.

| CA 1st District Court of Appeal<br>Court Name | **PROOF OF SERVICE** | A170819<br>Case Number |
|---|---|---|

1. At the time of service, I was at least 18 years of age.
2. My email address used to e-serve: **kaywg2372@gmail.com**
3. I served a copy of the following document(s) indicated below:

Title(s) of documents served:

**LETTER - LETTER:** Second Letter Brief

| Person Served | Service Address | Type | Service Date |
|---|---|---|---|
| Kailin Wang | kaywg2372@gmail.com | e-Serve | 08-23-2024   2:16:34 PM |
| Court Added | | | 0517cd49-65c8-40ad-915c-295902f7aa79 |
| Michelene Insalaco | MI@sucherman-insalaco.com | e-Serve | 08-23-2024   2:16:34 PM |
| Sucherman - Insalaco LLP | | | ffdfaed2-ddbd-4478-8686-7c4743158f97 |

TrueFiling created, submitted and signed this proof of service on my behalf through my agreements with TrueFiling.
The contents of this proof of service are true to the best of my information, knowledge, and belief.

I declare under penalty of perjury that the foregoing is true and correct.

08-23-2024
Date

/s/Kailin Wang
Signature

Wang, Kailin (Pro Per)
Last Name, First Name (Attorney Number)


Firm Name