UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

FILED
2026 MAY 11
CLERK
U.S. DISTRICT COURT

UNITED STATES OF AMERICA,

Plaintiff,

v.

KAILIN WANG,

Defendant.

Case No. **2:24-cr-00163-TS**

Judge Ted Stewart

**DEFENDANT'S MOTION FOR LIMITED PERMISSION TO TRAVEL TO DENMARK**

**FOR HIGH COURT CUSTODY HEARING**

Defendant Kailin Wang respectfully requests a limited modification of her release conditions to permit **six days of travel to Copenhagen, Denmark**, to attend the **June 18, 2026, 9:00 a.m. hearing** before the Eastern High Court of Denmark, **Østre Landsret, Case No. BS-8876/2026-OLR**.

This request is materially different from Ms. Wang's prior January 2026 request (ECF No. 119). The prior denial rested in part on the availability of remote participation. The current record is different. Ms. Wang's newly appointed Danish High Court counsel, Thomas Puggaard Ghiladi, advokat (H), has confirmed that the hearing is scheduled for June 18, 2026 at 9:00 a.m. at the High Court in Copenhagen and stated: "I need you to be present that day." Counsel also confirmed that Ms. Wang remains subject to a lawyer's-order requirement, meaning the High Court will not accept that she conduct the case without legal assistance. Exhibit A. At the January 12, 2026 hearing, Magistrate Judge Pead noted that travel might be warranted "if, for instance, the Court in Denmark said she has to appear in person or her interest is going to be dismissed." 1/12/26 Trans. 49:22–25. That condition is now met.

1

This is therefore not a request for optional travel. It is a request to attend a mandatory High Court custody appeal involving Ms. Wang's only child, whom she has not seen since May 17, 2024. The Danish appeal concerns a judgment that terminated joint parental responsibility, visitation, contact, and information rights. Denial of travel would operate as a practical bar to meaningful participation in that foreign appellate proceeding.

## I. CHANGED CIRCUMSTANCES

The January denial does not control because the material facts have changed. At the time of the January request, remote participation was available. Now, appointed Danish High Court counsel states Ms. Wang needs to be present in Copenhagen. The High Court also imposed a mandatory-representation structure under which Ms. Wang cannot simply appear pro se or file personally.

The Court should therefore evaluate this motion on the present record: a mandatory June 18, 2026 High Court hearing, counsel's statement that Ms. Wang must be present, an expired passport requiring court-controlled renewal, and a narrow six-day travel window.

Magistrate Judge Pead himself identified this precise scenario at the January 12, 2026 hearing. Denying the prior request, the Court noted: "This may be a different case, if, for instance, the Court in Denmark said she has to appear in person or her interest is going to be dismissed. That's not what's happened here." 1/12/26 Trans. 49:22–25. That is exactly what has happened here. Ms. Wang's appointed Danish High Court counsel has now confirmed that her personal presence is required and that the appeal risks dismissal if she cannot appear as required. The condition Judge Pead identified as sufficient for a different result is now the operative fact.

## II. FLIGHT-RISK ARGUMENTS WERE ALREADY REJECTED

The government should not defeat this motion by recycling flight-risk arguments already rejected at detention. Magistrate Judge Oberg stated she was "less convinced about the serious risk of flight" and was not persuaded that nonappearance was unmanageable. 5/28/24 Trans. 30:8–17; 45:11–14. Judge Stewart later stated: "I don't think there should be any more argument over risk of flight." 7/2/24 Trans. 17:13–15. Both transcripts, along with the government's Supplemental Detention Brief and the January 12, 2026 Pead hearing excerpt (Trans. 49:22–25), are filed as Exhibit F (PDF pp. 31–39).

Since release, Ms. Wang has remained under supervision and has complied with release conditions. The requested travel is not open-ended. It is a six-day, court-approved trip for a mandatory court hearing, with passport control, itinerary approval, location reporting, and immediate passport surrender upon return.

2

### III. FEDERAL COURTS HAVE APPROVED LIMITED INTERNATIONAL TRAVEL UNDER SIMILAR CONDITIONS

Limited international travel is not categorically forbidden. In *United States v. Cardiff*, Case No. 5:23-cr-00021-JGB (C.D. Cal.), the government opposed travel to Ireland based on dual citizenship, residence abroad, family abroad, alleged passport concerns, and monitoring concerns. The court nevertheless granted ten days of international travel, returned the passport before travel, required itinerary approval, required the defendant to remain in contact with and provide location information to the supervising officer, and required immediate passport surrender upon return. Exhibit R (PDF pp. 145–164).

Ms. Wang seeks less than Cardiff: six days, one destination, one court hearing, no general passport possession, and immediate return of the passport.

Judge Stewart has also granted international travel where good cause exists and travel can be coordinated with supervision. In *United States v. Rasband,* Case No. 1:17-cr-00027-TS (D. Utah), this Court granted travel to Mexico after consultation with probation and ordered coordination with the probation officer. Exhibit S (PDF pp. 165–168).

### IV. COMPUTER-MONITORING CONCERNS CAN BE MANAGED

The Court need not deny travel based on concern that internet access cannot be monitored abroad. RemoteCOM Support confirmed that international monitoring should work so long as the supervising officer approves it and the client has a strong internet connection. Exhibit T (PDF pp. 169–171).

The PSR also contemplates computer-monitoring and cybercrime-management conditions, including approved devices, monitoring software, disclosure of devices and accounts, and searches to verify compliance. Exhibit U (PDF pp. 172–174, under restriction). Internet-related concerns support a simple device condition, not denial.

### V. PASSPORT TRANSFER AND RENEWAL

Ms. Wang's passport is expired and remains in the custody of the San Francisco Superior Court. This federal case now controls Ms. Wang's release conditions, travel restrictions, and supervision. The passport should therefore be transferred to this Court or U.S. Pretrial Services so it can be renewed and controlled by the supervising federal court.

The passport issue has become a procedural Catch-22. C.T. moved to Denmark with the child, argued Denmark had jurisdiction over custody and visitation, and stated Danish orders were necessary for visitation. Yet C.T.'s victim advocate opposed transferring Ms. Wang's passport to

the Utah federal court, leaving her unable to travel to the very forum C.T. claimed was proper. Exhibit P (PDF pp. 99–105).

Ms. Wang requests that the expired passport be transferred to U.S. Pretrial Services or the Clerk of this Court, renewed only for the June 18 hearing, used only during the approved travel window, and surrendered immediately upon return.

## VI. REQUESTED CONDITIONS

Ms. Wang requests conditions modeled on Cardiff:

1. Travel limited to six days, centered on the June 18, 2026 hearing, with exact dates approved by Pretrial Services based on available flights;

2. Travel limited to Copenhagen, Denmark;

3. Complete itinerary, lodging, and Danish counsel contact information provided to Pretrial Services before departure;

4. Passport released only for the approved travel and surrendered to Pretrial Services immediately upon return, and no later than two hours after arrival in Utah;

5. Ms. Wang must remain in contact with Pretrial Services and provide her location while abroad as directed;

6. No contact with V1, V1's family, or the child except as expressly required or permitted by the Danish High Court proceeding; and

7. Ms. Wang may travel with only one Pretrial-Services-approved device, monitored or restricted as directed by Pretrial Services.

These conditions are simple, measurable, and enforceable. They give the Court control over the passport, travel dates, itinerary, location reporting, device use, and return.

## VII. RELIEF REQUESTED

Defendant respectfully requests that the Court:

1. Grant limited permission for Ms. Wang to travel to Copenhagen, Denmark, for the June 18, 2026 High Court hearing in Østre Landsret, Case No. BS-8876/2026-OLR;

2. Authorize a six-day travel window centered on the June 18 hearing, with exact dates approved by Pretrial Services;

4

3. Order the San Francisco Superior Court, or any current custodian of Ms. Wang's expired passport, to transfer the passport to U.S. Pretrial Services or the Clerk of this Court;

4. Authorize expedited passport renewal solely for the June 18, 2026 Denmark hearing;

5. Permit Ms. Wang to possess the passport only during the approved travel period;

6. Require Ms. Wang to comply with the conditions listed above; and

7. Grant any further relief the Court deems just and proper.

Respectfully submitted,

Dated: May 11, 2026

/s/ Kailin Wang
**Kailin Wang**
Defendant Pro Se

5

## APPENDIX A

### Updated Chronology of Events and Exhibit Descriptions

Supporting Motion for Limited Permission to Travel to Denmark

Exhibit labels and PDF page references reflect the uploaded exhibit file as filed.

### A.  Chronology of Key Events

Events are listed in chronological order. "PDF pp." references correspond to page numbers in the filed exhibit PDF.

**October 23, 2019 — Passport surrendered in SF criminal case**

Victim's advocate Douglas Rappaport requested passport surrender in People v. Wang (No. 19016407) before Judge Christine Van Aken, citing a 10-year China visa and child-abduction-risk finding in the family case. Exhibit C (PDF pp. 19–23).

**May 2, 2024 — California Move-Away Order granted**

SF Superior Court (Judge Roeca) permitted C.T. to relocate the child to Denmark. Order retained UCCJEA jurisdiction, required alternating-month Bay Area/Denmark visitation, and ordered a full custody evaluation. Exhibit D (PDF pp. 24–28).

**May 8, 2024 — Federal indictment filed in Utah**

United States v. Kailin Wang (Case 2:24-cr-00163) filed in District of Utah; four counts of cyberstalking and false statements. Exhibit E (PDF pp. 29–30).

**May 15–23, 2024 — Last in-person visit; arrest on federal warrant**

Final supervised visit at Rally on May 17, 2024—two hours of positive, affectionate interaction. On May 23, 2024, Ms. Wang was arrested at a restaurant in Orem, UT on the federal warrant. Exhibits I & J (PDF pp. 53–66).

**May 28–29, 2024 — Initial detention hearing; Government's Supplemental Detention Brief**

Magistrate Judge Oberg ordered detention on May 28, stating she was "less convinced about the serious risk of flight" and was not persuaded that nonappearance was unmanageable. The government filed a Supplemental Detention Brief by AUSA Jennifer K. Muyskens. SF DA simultaneously moved to detain in the state case. C.T.'s attorney emailed Rally cancelling all visits. Exhibit F (PDF pp. 31–39); Exhibit G (PDF pp. 40–50).

**June 1–3, 2024 — C.T. and child relocate permanently to Denmark**

6

C.T. later declared he and the child had been residing in Denmark since June 3, 2024; child enrolled in Danish school; all medical care moved to Denmark. Exhibit N (PDF pp. 86–89).

### July 3, 2024 — Judge Stewart grants pretrial release on de novo review

District Judge Ted Stewart overruled the magistrate's detention order, finding the government failed to establish flight risk or unmanageable danger. On July 2, 2024 at the detention-review hearing, Judge Stewart stated: "I don't think there should be any more argument over risk of flight." Ms. Wang released on home-detention conditions. Exhibit F (PDF pp. 31–39) (July 2 transcript); Exhibit L (PDF pp. 79–80) (July 3 written order).

### August 1, 2024 — California finds parties not in CA but retains jurisdiction

At an August 1 hearing, Judge Roeca found that none of the parties presently resided in California but stated continuing jurisdiction and declined to abandon the matter. Exhibit N (PDF pp. 86–89).

### August 19, 2024 — C.T.'s Update Declaration: Denmark has jurisdiction

C.T. declared Denmark had acquired jurisdiction, Danish orders were required for any supervised visitation, and Familieretshuset resources would be activated by Ms. Wang opening a case in Denmark. Exhibit N (PDF pp. 86–89).

### March 11, 2025 — SF Preliminary Hearing Vol. 4 — multiple counts dismissed

Judge Patrick S. Thompson dismissed multiple counts for lack of evidence, including welfare-check counts (Counts 6, 7) and CPO-violation counts (Counts 8–11), finding conduct did not meet the legal standard. Exhibit H (PDF pp. 51–62).

### March 20, 2025 — C.T. v. Superior Court: California retains UCCJEA jurisdiction

Court of Appeal affirmed that California's continuing jurisdiction was not lost by the parties' relocation to Denmark while the original custody proceeding remained pending and unresolved. 109 Cal.App.5th 1075. Exhibit O (PDF pp. 90–98).

### March 25, 2025 — Passport transfer to Utah federal court denied

In SF criminal court (Judge Caffese, Dept. 22), defense moved to transfer the expired passport to the Utah federal court. Rappaport opposed as victim's advocate, arguing the passport and family-court litigation belonged in SF. The court declined to transfer. Exhibit P (PDF pp. 99–105).

### July 10, 2024 — DC Bar charges AUSA Jennifer Kerkhoff Muyskens

The prosecuting AUSA was formally charged by the DC Office of Disciplinary Counsel with violations of Rules 3.3, 3.4, 3.8, and 8.4 in connection with over 200 inauguration-riot prosecutions. She subsequently left the legal profession. Exhibit M (PDF pp. 81–85).

### January 12, 2026 — Magistrate Judge Pead denies prior travel request; identifies key changed circumstance

Magistrate Judge Dustin B. Pead denied Ms. Wang's Motion to Modify Conditions of Release to permit Denmark travel (Case No. 2:24-cr-00163-TS, 9:32–10:51 a.m.). Denying the motion, Judge Pead stated on the record: "This may be a different case, if, for instance, the Court in Denmark said she has to appear in person or her interest is going to be dismissed. That's not what's happened here." 1/12/26 Trans. 49:22–25. That condition is now the operative fact in the present motion. Appearances: AUSA Joey Blanch; defense counsel Richard G. Sorenson and Wojciech S. Nitecki; victim's advocate Douglas L. Rappaport (via Zoom). Reporter: Michelle Mallonee, RPR, CCR, Utah CCR #267114-7801. Exhibit F (PDF pp. 38–39).

**February 23, 2026 — Danish Family Court judgment entered**

The Family Court at Copenhagen City Court (BS-29022/2025-KBH) dissolved joint parental responsibility, granted sole custody to C.T., refused all visitation and contact, and removed Ms. Wang's right to receive information about the child. This is the judgment now on appeal. Exhibit Q (PDF pp. 106–144).

**May 6, 2026 — Østre Landsret revokes counsel; mandatory representation; May 27 deadline**

The High Court revoked prior counsel Helle Paulsen's appointment, maintained mandatory attorney representation, warned that personal filings would be deemed not submitted, and ordered an attorney-filed pleading by May 27, 2026 or the appeal would be dismissed. Exhibit B (PDF pp. 3–18).

**May 6–8, 2026 — Ms. Wang contacts 500+ Danish attorneys; 32 confirmed refusals**

Outreach began 37 minutes after the High Court's notice, spanning Copenhagen, Aarhus, Aalborg, Odense, major national firms, and regional practices. All 32 responding attorneys declined—citing lack of family-law expertise, capacity, or rights of appearance. Thomas Puggaard Ghiladi, advokat (H), agreed to take the case on May 8. Exhibit B (PDF pp. 3–18).

**May 11, 2026 — New counsel confirms June 18 hearing; in-person presence required**

Thomas Puggaard Ghiladi confirmed appointment as Ms. Wang's lawyer, advised the hearing is scheduled for June 18, 2026 at 9:00 a.m. at the High Court in Copenhagen, and stated: "I need you to be present that day." He confirmed the mandatory lawyer's-order requirement. Exhibit A (PDF pp. 1–2).

**June 18, 2026 — Mandatory High Court hearing — Copenhagen**

Østre Landsret hearing on appeal from the February 23, 2026 Danish Family Court judgment. Travel authorization is the subject of the pending motion. Exhibit A (PDF pp. 1–2).

### B.  Exhibit Descriptions with PDF Page References

All exhibits are contained in the single uploaded PDF (174 pages total). Page references are to pages within that PDF.

### Exhibit A — PDF pp. 1–2 — May 11, 2026

Email from Thomas Puggaard Ghiladi to Kailin Wang. Appointed counsel confirms June 18, 2026 hearing at 9:00 a.m. at Østre Landsret in Copenhagen, states "I need you to be present that day," and explains the mandatory lawyer's-order requirement. Primary changed-circumstances document for the travel motion.

### Exhibit B — PDF pp. 3–18 — May 6–11, 2026

Gmail thread — Østre Landsret sagsnr. BS-8876/2026-OLR (6 messages). Complete communication record including: (1) High Court's May 6 notice revoking counsel Helle Paulsen, maintaining mandatory representation, and setting May 27 deadline with default/dismissal warning; (2) Wang's responses documenting practical impossibility of compliance (no CPR/MitID, no minretssag.dk access); (3) attorney outreach log summarizing campaigns to 500+ Danish attorneys; (4) table of 32 confirmed declinations (May 6–8) including Ghiladi's agreement on May 8; (5) Dec 30, 2025 email enclosing Magistrate Oberg and Judge Stewart detention hearing transcripts.

### Exhibit C — PDF pp. 19–23 — October 23, 2019

SF Criminal Court transcript — People v. Wang, No. 19016407 (Judge Van Aken). Proceedings at arraignment continuance. Victim's advocate Douglas Rappaport requested passport surrender, citing a 10-year China visa obtained that year and the family court's child-abduction-risk finding. The passport restriction originating in this California criminal case became the operative barrier to Ms. Wang's participation in Danish proceedings over six years later. Reporter: Laura A. Reding, CSR No. 9711.

### Exhibit D — PDF pp. 24–28 — April 25–May 2, 2024

CA Move-Away Order — Thygesen v. Wang, FDV-19-814465 (Judge Roeca); Wang's April 12, 2024 Reply. Move-Away Order granted on Father's unopposed relocation request. Court: (a) retained UCCJEA jurisdiction; (b) ordered alternating-month Bay Area in-person visitation or Denmark supervised sessions; (c) ordered a full custody evaluation.

### Exhibit E — PDF pp. 29–30 — May 8, 2024

Federal Indictment — United States v. Wang, 2:24-cr-00163 (D. Utah). Four-count indictment: Counts 1–2, Interstate Cyberstalking (18 U.S.C. §§ 2261A, 2265A); Counts 3–4, False Statements (18 U.S.C. § 1001(a)(2)). This federal case became the operative proceeding controlling Ms. Wang's passport and travel conditions.

**Exhibit F — PDF pp. 31–39 — May 28, 2024; July 2, 2024; January 12, 2026 (Pead Hearing)**

Four documents: (1) May 28, 2024 Motion Hearing transcript excerpt (Magistrate Judge Daphne A. Oberg, Case No. 2:24-CV-163TS): "I am less convinced about the serious risk of flight" (Trans. 30:8–17); "I don't know that I'm persuaded that you're a risk of nonappearance" (Trans. 45:11–14). (2) United States' Supplemental Detention Brief (AUSA Jennifer K. Muyskens). (3) July 2, 2024 Motion for Review of Detention transcript excerpt (District Judge Ted Stewart, Case No. 2:24-CR-00163TS): "I don't think there should be any more argument over risk of flight" (Trans. 17:13–15). (4) January 12, 2026 Motion to Modify Conditions of Release transcript excerpt (Magistrate Judge Dustin B. Pead, Case No. 2:24-cr-00163-TS, 9:32 a.m.–10:51 a.m.): "This may be a different case, if, for instance, the Court in Denmark said she has to appear in person or her interest is going to be dismissed. That's not what's happened here." Trans. 49:22–25. This statement, made when denying the January 2026 request, defines the operative changed circumstance in the present motion. Reporter: Michelle Mallonee, RPR, CCR, Utah CCR #267114-7801.

**Exhibit G — PDF pp. 40–50 — May–June 2024**

C.T.'s May 15, 2024 reschedule/psychologist filing; SF DA Motion to Detain (May 29, 2024); Wang's April 12, 2024 Reply.

**Exhibit H — PDF pp. 51–62 — March 11, 2025**

SF Preliminary Hearing transcript — People v. Wang, CRI-19016407, Vol. 4 (Judge Thompson). Judge Thompson dismissed Counts 6–7 (welfare-check CPO violations) and Counts 8–11 for lack of evidence and in the interest of justice. Reporter: Carlito M. Mandia, CSR 9689.

**Exhibit I — PDF pp. 63–71 — June 25, 2024 (visit: May 17, 2024)**

Rally Family Visitation Services Case Report — FDV-19-814465. Official third-party report of the final supervised visit on May 17, 2024. Two-hour session documented positive, affectionate interaction; child made sushi with maternal grandparents, played games, laughed. Confirms Ms. Wang has had no in-person contact with her child since this date.

**Exhibit J — PDF pp. 72–76 — May 23, 2024**

Orem Police Department Officer Report — Incident 24OR11690. Report of federal warrant service at Brothers Hot Pot restaurant in Orem, Utah. Ms. Wang arrested on felony federal warrant, transported to Utah County Jail. Investigating officer: R. Kaur, #3j326.

**Exhibit K — PDF pp. 79–80 — May 29, 2024**

Federal Arrest Warrant — United States District Court, District of Utah, Case No. 2:24-cr-00163-DAK, Document 21. Arrest warrant issued for Kailin Wang on the four-count federal indictment. Signed by Deputy Clerk Elizabeth Toscano. Confirms the warrant basis for Ms. Wang's arrest on May 23, 2024. Directly relevant to the chronology and the federal case's impact on Ms. Wang's travel restrictions and passport conditions.

**Exhibit L — PDF pp. 79–80 — July 3, 2024**

US District Court Order Granting Pretrial Release — USA v. Wang, 2:24-CR-163-TS (Judge Stewart). Judge Ted Stewart overruled the magistrate's detention order in its entirety, finding the government failed to establish (a) that no conditions could ensure others' safety, and (b) an unmanageable flight risk. Granted pretrial release subject to conditions including home detention. This is the operative federal court assessment.

**Exhibit M — PDF pp. 81–85 — July 10, 2024**

DC Bar Petition and Specification of Charges — In the Matter of Jennifer Kerkhoff Muyskens, AUSA (Bar No. 475353). Formally charged with violations of Rules 3.3(a), 3.4, 3.8, and 8.4(c)(d) relating to altering/concealing evidence and making false statements in 200+ inauguration-riot prosecutions. She subsequently left the legal profession.

**Exhibit N — PDF pp. 86–89 — August 19, 2024**

C.T.'s Update Declaration — Thygesen v. Wang, FDV-19-814465 (SF Superior Court). C.T.'s sworn declaration: child and he have permanently resided in Denmark since June 3, 2024; Denmark has acquired jurisdiction over all custody and visitation; Familieretshuset is the only authorized supervised visitation provider; FRH resources are activated only by Ms. Wang opening a case in Denmark.

**Exhibit O — PDF pp. 90–98 — March 20, 2025**

C.T. v. Superior Court, 109 Cal.App.5th 1075 (Cal. Ct. App., Div. Four). Published appellate opinion affirming that California retained exclusive, continuing UCCJEA jurisdiction. Holding: jurisdiction properly attached at commencement is not divested by parties' relocation out of state during a pending proceeding prior to a final custody determination.

**Exhibit P — PDF pp. 99–105 — March 25, 2025**

SF Superior Court transcript — People v. Wang, CRI-24500827/19016407 (Judge Caffese, Dept. 22). Defense counsel Lilah Wolf moved to transfer Ms. Wang's expired passport from California custody to the Utah federal court. Victim's advocate Douglas Rappaport opposed. Court declined to transfer the passport. Demonstrates the Catch-22: C.T. argued Denmark was the proper forum while simultaneously blocking the passport necessary to participate in Denmark. Reporter: Patricia Dowling, CSR No. 5388.

**Exhibit Q — PDF pp. 106–144 — February 23–May 11, 2026**

Østre Landsret Extract — Appeal Case BS-8876/2026-OLR (prepared by appellant). Comprehensive appellate extract including: (A) family court judgment and court records; (B) notice of appeal; (C) pleadings before the Family Court; (D) key attachments in chronological order; (E) jurisdictional authorities; (G) Volume 3 reporter's transcripts index (SF Superior Court, 2019–2025); eight grounds of appeal (fair hearing, deleted evidence, ex officio duty, in-person participation, foreign criminal proceedings, failure to give reasons, proportionality/ECHR Art. 8,

11

and jurisdiction); Danish Supreme Court authority (six Højesteret judgments, 2024–2026); formal recusal demand against Judge Boysen; supplementary factual-error notices; reporter's transcript bookmark extract; and condensed hearing excerpt log.

### Exhibit R — Cardiff International Travel Filings — PDF pp. 145–164 (Case No. 5:23-cr-00021-JGB, C.D. Cal., Judge Bernal)

Ex parte application (July 22, 2024), government opposition (July 23, 2024), Declaration of Stephen G. Larson, Declaration of USPIS Inspector Christine Reins-Jarin, and Order (July 25, 2024). Government opposed on: dual Irish citizenship; defendant sold U.S. residence and moved to Ireland where wife and daughter resided; Pretrial Services unable to monitor location or curfew abroad; no third-party custodian available internationally; documented history of obtaining a second passport after the first was seized; and alleged witness-contact violation. Probation Officer Jack Sherrod confirmed the defendant had been fully compliant with no monitoring violations. Court granted: 10 days to Ireland; passport returned before flight; immediately surrendered to USPO upon return; itinerary approved by Officer Sherrod; defendant to remain in contact with and provide location to Officer Sherrod while outside the United States.

### Exhibit S — Rasband International Travel Filings — PDF pp. 165–168 (Case No. 1:17-cr-00027-TS, D. Utah, Judge Ted Stewart)

Motion for Permission to Travel (September 30, 2025) and Order Granting Motion (October 7, 2025). Kevin Dean Rasband, on supervised release after 108-month sentence for bank robbery and possession of a firearm in furtherance of a crime of violence, sought travel to Mexico for a family cruise (Mexican Riviera, March 28–April 5, 2026) celebrating his parents' 50th wedding anniversary. Ports: Puerto Vallarta, Mazatlan, La Paz, and Cabo San Lucas. Probation Officer David Amador confirmed no objection. Judge Stewart found good cause and ordered coordination with the probation officer.

### Exhibit T — RemoteCOM International Monitoring Email — PDF pp. 169–171 (Feb. 18, 2026)

Inquiry sent to support@remote-com.com asking whether RemoteCOM software can monitor probationers outside the United States if court permission is granted. Response from Bianca, RemoteCOM Support, same day: "As long as the officer has given approval for this and the client has strong internet connection it should work." Directly rebuts any claim that computer monitoring cannot function during court-approved international travel and supports proposed device conditions in Section V.

### Exhibit U (Restricted) — PSR Excerpt, Computer Monitoring Conditions — PDF pp. 172–174

Excerpt from the Presentence Report recommending cybercrime-management and computer-monitoring conditions, including approved devices, monitoring software installation, disclosure of

12

all devices and online accounts, device limitations, and periodic searches to verify monitoring functionality. Because the PSR is sealed, this exhibit should be filed under restriction.