Kailin Wang
2481 Fairway Dr.
Spanish Fork, Utah 84660
801-787-9755
kaywg2372@gmail.com

UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**KAILIN WANG**,<br><br>Defendant. | **DEFENDANT'S REQUEST FOR JUDICIAL NOTICE OF PUBLIC COURT RECORDS INVOLVING RELEASE MODIFICATIONS IN FEDERAL CYBERSTALKING/STALKING CASES**<br><br>Case No. 2:24-cr-00163-TS<br><br>Judge Ted Stewart |

Defendant Kailin Wang respectfully requests that the Court take judicial notice under Federal Rule of Evidence 201 of public court records from other federal stalking and cyberstalking prosecutions involving release-condition modifications, including travel authorizations. The request is narrow. Ms. Wang does not ask the Court to adopt the truth of disputed allegations in those cases, nor does she contend those orders are binding precedent. She asks only that the Court notice the existence, filing dates, procedural posture, and operative release-condition terms reflected in public court records.

The noticed records are relevant because the Government's expected opposition rests on a categorical premise: that a federal cyberstalking allegation, an electronic-communications theory, or approaching sentencing automatically forecloses travel. Public federal records show otherwise. Courts and prosecutors manage these concerns through targeted conditions—fixed travel dates, pretrial supervision, no-contact orders, electronic-account restrictions, passport controls, reporting requirements, and return deadlines. The charge label does not eliminate the Bail Reform Act's individualized, least-restrictive-conditions requirement.

# I. RECORDS TO BE JUDICIALLY NOTICED

Ms. Wang requests judicial notice of the following public court records attached in the accompanying Appendix of Exhibits:

### Exhibit A — United States v. Brown, No. 2:25-cr-00780-SVW-2, C.D. Cal., ECF No. 227, Order Re Unopposed Ex Parte Application for Bond Modification, filed April 30, 2026.

Brown is the most direct comparator. It involved the same federal stalking/cyberstalking statute, 18 U.S.C. § 2261A. The order was entered after verdict and before sentencing. The court found sufficient cause to modify bond and permitted Ms. Brown to travel to and reside in Colorado from May 4–17, 2026, and again from May 20–June 6, 2026, and to attend her daughter's graduation on May 28, 2026. Sentencing was set for June 8, 2026, meaning the permitted travel ran until two days before sentencing.

### Exhibit B — United States v. Raygoza/Brown/Samane, No. 2:25-cr-00780-SVW, C.D. Cal., ECF No. 222-1, Verdict Transcript, filed April 24, 2026.

This transcript establishes the procedural posture for Exhibit A. It confirms that the Brown travel order was entered in a post-verdict, pre-sentencing posture in an active § 2261A prosecution. It is offered only to establish the timing and procedural context of the travel authorization, not for the truth of any disputed trial evidence.

### Exhibit C — United States v. Dennis, No. 20-cr-623-LGS, S.D.N.Y., ECF No. 46, Order Modifying Conditions of Release, filed May 17, 2022.

Dennis involved four cyberstalking counts under 18 U.S.C. § 2261A. The defendant had been residing lawfully in the Dominican Republic for approximately twenty months before arrest. Initial release conditions included a $200,000 bond, home detention, location monitoring, surrender of travel documents, restrictions on new email and phone accounts, disclosure of phone numbers and email addresses to Pretrial Services, and no-contact orders. The court later permitted travel to the District of New Jersey and the Middle District of Florida and then lifted home detention and location monitoring while preserving targeted electronic and no-contact restrictions.

Dennis is important because the court distinguished physical danger from alleged electronic-communications risk. The court recognized that home detention and GPS monitoring have limited relevance to alleged electronic communications, while targeted electronic-account restrictions and no-contact conditions directly address the asserted risk.

### Exhibit D — United States v. Dennis, No. 20-cr-623-LGS, S.D.N.Y., ECF No. 34, Motion to Modify Conditions of Release, filed April 25, 2022.

This motion is offered only for procedural context and legal framing. It shows the arguments presented to the court before Exhibit C was entered: compliance with existing conditions, prior

travel through airports without incident, the mismatch between location restrictions and electronic risk, and the adequacy of targeted no-contact and electronic-account restrictions.

**Exhibit E — United States v. Mullane, No. 25-cr-10201-MSM, D. Mass., ECF Nos. 91 and 104, Motions to Modify Release Conditions to Permit Travel to Florida, filed February 12, 2026 and April 14, 2026.**

Mullane is a powerful comparator because it involved the exact same statutory provision at issue here: 18 U.S.C. § 2261A(2)(B). The defendant was charged with four counts of cyberstalking. He twice sought modification of release conditions to travel from Massachusetts to Florida for in-person proceedings in related civil litigation. The first motion sought travel to Miami from February 23–25, 2026, for an in-person status hearing. The second sought travel to Key West from April 26–29, 2026, for an in-person motion hearing and scheduling conference. Both the Government and Probation assented to the travel requests, and all other release conditions remained in effect.

Mullane is especially relevant because the travel was not for leisure. It was for court attendance in civil litigation involving a person connected to the criminal allegations. That is directly analogous to Ms. Wang's request to travel for family-law, appellate, and access-to-courts purposes. It also defeats any categorical argument that a § 2261A(2)(B) defendant cannot travel to litigate parallel civil matters.

## II. LEGAL STANDARD

Federal Rule of Evidence 201 permits judicial notice of a fact that is not subject to reasonable dispute because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Courts may take judicial notice of public court records, docket entries, orders, and filings for their existence, filing dates, procedural posture, and operative contents. See St. Louis Baptist Temple, Inc. v. FDIC, 605 F.2d 1169, 1172 (10th Cir. 1979); United States v. Ahidley, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007); Tal v. Hogan, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006).

Ms. Wang does not ask the Court to take judicial notice of contested factual allegations in the comparator cases. She requests notice only of facts that are not reasonably disputed: that the records exist, that they were filed on the dates stated, that they arose in federal stalking/cyberstalking prosecutions, that they involved requests or orders modifying release conditions, and that they permitted or supported travel under targeted conditions.

## III. ARGUMENT

### A. Brown proves that travel can be permitted in a § 2261A case even after verdict and immediately before sentencing.

Brown directly refutes any argument that the approach of sentencing categorically bars travel. The defendant there was in a post-verdict, pre-sentencing posture. Sentencing was set for June 8,

2026. Yet the court permitted travel and residence in Colorado through June 6, 2026—two days before sentencing.

That matters here. Ms. Wang's request is not more dangerous because it arises in a serious case. Brown shows that even after conviction, courts can manage appearance and safety through fixed travel dates, supervision, and targeted conditions. If Brown could travel for family-related reasons two days before sentencing in a § 2261A case, Ms. Wang's request for court-access and family-law travel cannot be rejected based on the charge label alone.

## B. Dennis shows that alleged cyberstalking risk is managed through electronic and no-contact restrictions, not blanket geographic confinement.

Dennis involved four cyberstalking counts, prior residence abroad, a substantial bond, passport surrender, home detention, location monitoring, no-contact restrictions, and electronic-account restrictions. Yet the court still modified conditions.

The key principle from Dennis is proportionality. Where the alleged danger is electronic communications, location monitoring and geographic confinement are a poor fit. A person can send an email from Utah, New York, Florida, Denmark, or anywhere else. The conditions that actually address the alleged risk are targeted conditions: no contact, no third-party contact, disclosure of accounts, restrictions on new accounts, device or internet monitoring if ordered, and reporting to Pretrial Services.

That principle applies here. If the Government's concern is online posting, communication with protected persons, or electronic contact, the Court can address that directly without denying court-access travel. A blanket travel prohibition is not the least restrictive condition when targeted conditions already address the asserted risk.

## C. Mullane is the strongest court-access comparator because the Government and Probation assented twice to travel in an active § 2261A(2)(B) case.

Mullane involved four counts under § 2261A(2)(B), the same statutory subsection at issue here. The defendant sought travel not once, but twice, to attend in-person hearings in related civil litigation in Florida. Both times, the Government and Probation assented. All existing release conditions remained in place.

That matters because Ms. Wang's requested travel is likewise tied to court access. Mullane shows that federal prosecutors and probation officers recognize that a § 2261A(2)(B) defendant may still need to travel to participate in civil litigation. Indeed, Mullane is more sensitive than an ordinary travel request because the civil litigation involved a person connected to the criminal allegations. Yet the Government and Probation still assented.

The same reasoning applies with greater force here. Ms. Wang seeks travel to participate meaningfully in proceedings affecting custody, parental rights, and appellate rights. These are not optional personal errands. They implicate access to courts and fundamental family interests.

If the Government could assent to Mullane's litigation travel in an active § 2261A(2)(B) case, it cannot credibly argue here that the statute itself forecloses court-access travel.

**D. The comparator records are not offered as binding precedent, but to defeat categorical reasoning and support individualized analysis.**

Ms. Wang does not argue that Brown, Dennis, or Mullane bind this Court. They do not. But they are proper subjects of judicial notice because they are public court records, and they are relevant because they show how federal courts and federal prosecutors actually manage release conditions in stalking and cyberstalking cases.

The records demonstrate three points:

First, § 2261A does not create a categorical travel bar.

Second, travel may be allowed even in a post-verdict, pre-sentencing posture.

Third, where the alleged risk is electronic communications, targeted electronic/no-contact conditions are the proper fit—not blanket denial of physical travel needed for court access.

The Bail Reform Act requires the least restrictive condition or combination of conditions that reasonably assures appearance and safety. 18 U.S.C. § 3142(c)(1)(B). It does not permit the Government to rely on generalized fear, charge labels, or assumptions untethered to the specific proposed travel and available safeguards.

## IV. REQUESTED JUDICIAL NOTICE

Ms. Wang respectfully requests that the Court take judicial notice of Exhibits A–E for the limited purpose of establishing:

1. the existence of the public court records;
2. the dates on which they were filed or entered;
3. the procedural posture of the cases when the release modifications were sought or granted;
4. the fact that the cases involved federal stalking or cyberstalking charges under 18 U.S.C. § 2261A or § 2261A(2)(B);
5. the terms of the release modifications, including travel authorization, where reflected in the records; and
6. the fact that, in Mullane, the Government and Probation assented to court-related travel while the § 2261A(2)(B) prosecution remained pending.

Ms. Wang does not request judicial notice of the truth of disputed allegations contained in any comparator case.

## V. CONCLUSION

For the foregoing reasons, Ms. Wang respectfully requests that the Court grant this Request for Judicial Notice and consider Exhibits A–E in deciding her motion to temporarily modify release conditions to permit travel.

DATED: May 14, 2026.

Respectfully submitted,

/s/ Kailin Wang