# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>　　　Plaintiff,<br><br>v.<br><br>**KAILIN WANG,**<br>　　　Defendant. | **Case No. 2:24-cr-00163-TS**<br><br>**Judge Ted Stewart** |

**DEFENDANT'S SUPPLEMENT TO {ECF 260, 261)  RENEWED MOTION TO PROCEED PRO SE**

Defendant Kailin Wang respectfully submits this supplement to her renewed motion to proceed pro se, filed July 9, 2026 (ECF 260).

Counsel's Motion to Continue Sentencing (ECF 261) told this Court that Ms. Wang would drop her request to represent herself if a continuance were granted. Ms. Wang withdraws that concession. She has now read all forty-three pages of the Government's sentencing memorandum (ECF 258) and its nineteen sealed exhibits, and what she found there ends any  possibility of proceeding through counsel: a memorandum that does not read like the work of the United States at  all, but like the closing brief of Victim 1's private lawyers - filed under a  federal  caption, financed by a private fortune, and aimed at a woman earning $14.50 an hour. A continuance does not fix that. It only gives the same broken arrangement more time to fail her. Ms. Wang renews her request to proceed pro se, and she will not be talked out of it again.

The colloquy is done. This Court conducted it. On May 22, 2026, the Government stated on the record that it had **no objection** to Ms. Wang proceeding pro se. Victim 1's counsel sat in that courtroom when the Court solicited input and said nothing. If Victim 1 now imagines he holds a veto over a criminal defendant's Sixth Amendment rights - to go with the surveillance teams, the retained experts, and the social-media monitors he has already deployed against her - he is mistaken. *Faretta v. California* did not come with an exception for defendants whose adversaries are wealthy.

Ms. Wang asks the Court to grant this motion without another hearing. Nothing remains to be tested, and she cannot afford the theater of retesting it. She is indigent. She earns $14.50 per hour, has been forced to slash her working hours, and is struggling to buy food. If the Court nonetheless requires a second colloquy, she asks that it be held by video conference, because requiring her to spend gas money she does not have driving from Spanish Fork to repeat answers this Court has already accepted would be hardship for its own sake.

## I. GROUNDS FOR THE RENEWED REQUEST

**1. The Stakes.** The Government asks this Court to strap approximately **twenty special conditions** of supervision onto Ms. Wang, over and above the conditions recommended in the PSR - a regime that would place nearly every waking aspect of her life under regulation for four to five years. Strip away the Government's letterhead and ask where these conditions came from. Not from the Probation Office, whose recommendations they sweep far beyond. Not from Victim 2 - who, as far as Ms. Wang knows, has never been told he is a "victim" in this case at all. They come from Victim 1: the same man whose private team drafted, surveilled, monitored, and documented its way through seven years of litigation against her, and who now proposes to write the terms of her supervision too. The escalation is especially striking because the Government previously stated that it had no objection to the PSR's proposed conditions. *See* Ex. R, Appx. 46. A wish list of this magnitude, from this source, is not entitled to deference. It is entitled to a fight - and Ms. Wang intends to give it one, personally.

**2. The Volume of Material and the Strategic Impasse.** The Government has dumped **twenty-eight years** of alleged history into a sentencing proceeding - nineteen sealed exhibits of decades-old, disputed, unadjudicated accusations that Ms. Wang must now answer or watch become "fact" by default. No appointed lawyer, however diligent, will master that record in time, and the caseload numbers below prove it mathematically. But time is not even the real problem. Counsel and Ms. Wang fundamentally disagree about what must be filed in response. A continuance cannot cure a strategic disagreement; it can only guarantee that the response Ms. Wang knows this record demands is never filed. She has watched essential facts go unpresented before. She will not watch it happen at her own sentencing.

**3. Ms. Wang's Familiarity With the Record.** Ms. Wang has litigated against Victim 1 for seven years. **No attorney knows this record the way she does** - not the Government, not Victim 1's stable of private lawyers, and through no fault of his own, not her own appointed counsel. That mastery matters, because the Government's narrative does not survive contact with its own exhibits. The record already before this Court shows the Government's chronology running backwards: it shows outreach, then blocking, then posts - not the inverted sequence the memorandum sells. It shows a termination that predated the first post by more than two months, sworn to under penalty of perjury by Victim 1 himself in another court as a firing "for performance issues" - now repackaged as harm Ms. Wang caused. It shows a police report in which Victim 1 admitted Ms. Wang "has not made any direct threats towards him." Ms. Wang can walk this Court through every one of those documents from memory. No lawyer parachuting into a twenty-eight-year record can. The only way she is fully and fairly heard - at sentencing and in any directly related litigation - is pro se, with standby counsel.

**4. The Resource Disparity.** Call this what it is: the United States has accepted substantial assistance from the private legal apparatus of a wealthy complainant, and the numbers in this Court's own records prove the defense cannot match it.

Government counsel, Ms. Blanch, is not working alone. Behind her stands Victim 1's privately financed operation: attorneys Douglas Rappaport, Greg Ferbache, and Erica Johnstone; retained experts J. Reid Meloy and Molly Amman; and paid security and investigative personnel.

Consider what that operation actually did - under sworn declaration, in its own words. Victim 1's lawyers hired personnel whose assigned job was to monitor **"any and all Twitter accounts associated with Kailin Wang"** on the public internet. Not one account. Not offending posts. *Any and all* - a standing, salaried watch over a single mother's online existence. *See* Ex. O, Appx. 4-7. And when watching her keyboard was not enough, they put agents in parked cars. Victim 1's paid personnel physically staked out supervised-visitation facilities while Ms. Wang visited her infant son - logging her parents' vehicle, license plate, movements, arrival, and departure minute by minute. *See id.,* Appx. 8-10. Let the irony land: in a case built on the accusation that Ms. Wang watched Victim 1 too closely online, Victim 1 paid trained professionals to physically follow Ms. Wang's family to her supervised visits with her own baby - and the Government now serves that surveillance product to this Court as evidence against her. If Ms. Wang had hired agents to log Victim 1's parents' license plates outside a family visit, she would be facing new charges. He did it, and it became a sentencing exhibit.

Now the arithmetic. As of July 11, 2026, this Court's CM/ECF records show Ms. Blanch - backed by the Department of Justice plus Victim 1's private team - carrying **seventeen open criminal matters**. *See* Ex. P, Appx. 11-24. Lead defense counsel carries **thirty-two open matters: thirty open criminal cases and two magistrate matters** - nearly **double** the prosecutor's load, with no private army behind him. *See* Ex. Q, Appx. 25-41. Ms. Wang casts no aspersion on counsel's diligence; the man is drowning, and the docket proves it. One overextended public defender against the United States, three private law firms, two retained experts, a security company, and a full-time social-media monitoring detail is not an adversarial system. It is a firing squad with a court reporter.

Under these conditions, forcing Ms. Wang to litigate exclusively through counsel does not protect her rights - it launders the imbalance. It is faster, cheaper, and more accurate for her to answer decades-old accusations herself than to spend the days before sentencing educating an overloaded lawyer about every distortion as it surfaces. The Constitution gives her the right to refuse that arrangement. She refuses it.

**5. The Arguments Dying in an Inbox - and the Prosecutor's Real Client.** Over the past several days, Ms. Wang has been reduced to raising dispositive, record-based arguments through her family **by email**, because that is the only channel a represented defendant has: the Government's mischaracterization of a non-criminal 2014 New York disorderly-conduct violation as a "stalking conviction"; its presentation of date-stripped 2017 text messages dressed up to look recent and aimed at Victim 1; a passport narrative that the underlying records allegedly contradict; privileged attorney-client communications filed as Government Exhibit 18 without any showing of waiver; and Tenth Circuit authority concerning conditions restricting contact with a defendant's own child. *See* Ex. R, Appx. 43, 47-52. Every one of those arguments belongs in a **motion before this Court**. Not one of them can be filed by Ms. Wang while she remains represented, and counsel - for reasons of caseload, strategy, or both - will not file them. So arguments that directly challenge the Government's memorandum sit in an inbox while sentencing approaches. That is not representation. That is a gag.

And Ms. Wang does not believe for one moment that surrendering these arguments to the current arrangement benefits her - not one bit - because the record shows what this prosecution has actually become. The United States Attorney's Office is functioning as Victim 1's family-law

litigation team. It asks a federal criminal court to impose child-contact restrictions that no family court with jurisdiction has imposed; to enforce, through supervised release, custody orders Ms. Wang contends were obtained ex parte, without service, evidence, or findings; and to treat Denmark's mere failure to order visitation as though it were a restraining order Denmark never issued. That position is difficult to reconcile with the Government's April 21, 2026 written statement that it was not planning to rely on Danish family-court documents. *See* Ex. R, Appx. 44-45. Strip the federal caption off those requests and they are Victim 1's custody wish list. A federal prosecutor has no business helping a private litigant erase a mother from her own child's life under color of a cyberstalking sentencing. That is improper. That is overzealous. And Ms. Wang is entitled to say so to this Court directly - in filings, under her own signature - rather than through counsel who will not say it at all.

The concern reaches the foundation of the case. This prosecution was charged and presented to the grand jury by then-AUSA **Jennifer Kerkhoff Muyskens**. On June 12, 2026, the District of Columbia Board on Professional Responsibility issued a Report and Recommendation concluding that Ms. Muyskens violated Rule 3.3(a) (knowing false statement to a tribunal), Rule 3.8(e) (a prosecutor's intentional failure to disclose exculpatory evidence), Rule 8.4(c) (dishonesty, fraud, deceit, or misrepresentation), and Rule 8.4(d) (serious interference with the administration of justice), and recommending a **six-month suspension**. *See* Ex. S, Appx. 54-56, 64-65. The report expressly states that it is **not a final order of discipline**. *Id.*, Appx. 54. Even so, the Board described a sustained course of misconduct involving withheld exculpatory evidence and misleading representations to judges. *Id.*, Appx. 55, 62, 64. A case initiated by a prosecutor now subject to those findings and recommendations does not deserve uncritical acceptance of a forty-three-page sentencing narrative. It deserves a defendant with the standing and the will to test every line of it. That defendant is Ms. Wang, pro se.

**6. The Risks Faced by Pro Se Litigants.** Ms. Wang knows exactly how the system sees people like her. Judge Richard Posner said the quiet part aloud after leaving the Seventh Circuit: many judges regard pro se litigants as "kind of trash not worth the time of a federal judge." Debra Cassens Weiss, *Posner: Most Judges Regard Pro Se Litigants as 'Kind of Trash Not Worth the Time,'* ABA Journal (Sept. 11, 2017). Ms. Wang has litigated under that contempt for seven years while her opponent litigated under a canopy of retained counsel, experts, and investigators. She is not deterred. If the choice is between being dismissed while telling this Court the truth herself, or being politely represented while the truth goes unfiled, she chooses the former without hesitation. That choice - hers, not counsel's, not the Government's, and certainly not Victim 1's - is precisely what *Faretta* exists to protect.

## II. RELIEF REQUESTED

For the foregoing reasons, Ms. Wang respectfully requests that the Court grant her leave to proceed pro se for sentencing. The Court need not appoint standby counsel, though Ms. Wang requests it so that, if she is incarcerated, counsel can obtain transcripts, preserve the record, and assist with appellate filings.

Ms. Wang further requests that the Court decide this motion **without an additional hearing**. The colloquy was held. The Government stated that it had no objection on the record. No one objected - not even Victim 1's counsel. If the Court nonetheless requires another colloquy, Ms.

Wang requests video conference, because her indigency is not a litigation posture; it is the reason she is choosing between gas money and groceries.

DATED this 13th day of July, 2026.

Respectfully submitted,

/s/ Kailin Wang
**Kailin Wang**
Defendant

---

### CERTIFICATE OF SERVICE

I certify that on July 13, 2026, a copy of the foregoing supplement was delivered to the Clerk of Court for filing and served by email upon the following:

Joey Lynn Blanch - Assistant United States Attorney - joey.blanch2@usdoj.gov

Richard G. Sorenson - Defense Counsel of Record - richard_sorenson@fd.org

Conrad Kaufman - United States Probation Officer - conrad_kaufman@utp.uscourts.gov

# DEFENDANT'S EXHIBIT APPENDIX TO SUPPLEMENT TO RENEWED MOTION

TO PROCEED PRO SE WITH STANDBY COUNSEL OR,

IN THE ALTERNATIVE, FOR HYBRID REPRESENTATION

Exhibits O through S

Dated July 13, 2026

# INDEX OF EXHIBITS

| Exhibit | Description | Appx. |
|---------|-------------|-------|
| **O** | Retained monitoring and physical-surveillance materials | 3-10 |
| **P** | CM/ECF attorney case report - Joey Lynn Blanch; open matters highlighted | 11-24 |
| **Q** | CM/ECF attorney case report - Richard G. Sorenson; open matters highlighted | 25-41 |
| **R** | Email record identifying arguments and evidence not filed through counsel | 42-52 |
| **S** | June 12, 2026 D.C. Board Report and Recommendation excerpts | 53-65 |

# EXHIBIT O

## RETAINED MONITORING AND SURVEILLANCE PERSONNEL MATERIALS

Declarations and security-agent statements documenting personnel retained through Victim 1's private
legal and security team to monitor online accounts associated with Kailin Wang and to observe the Wang
family at supervised-visitation facilities.

DOUGLAS L. RAPPAPORT (SBN 136194)
Law Offices of Douglas L. Rappaport
260 California Street, Suite 1002
San Francisco, CA 94111
Tel: (415) 989-7900
Fax: (415) 989-7950

DARRICK T. CHASE (SBN 151256)
Kaye Moser Hierbaum Ford, LLP
The Russ Building
235 Montgomery Street, 27th Floor
San Francisco, CA 94104
Tel: (415) 202-5824

Attorneys for Petitioner
███████████████████████████

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN FRANCISCO

███████████████████████████████,          Case No. FDV-19-814465

      Petitioner,                          DECLARATION OF TALIA BEECHICK
                                           ISO PETITIONER'S MOTION TO
      v.                                   ENFORCE RESPONDENT'S
                                           STIPULATION ON THE RECORD TO
KAILIN WANG,                             REMOVE/REDACT THE MINOR'S
                                           IDENTIFYING INFORMATION FROM
      Respondent.                          HER ONLINE POSTINGS

                                           Date: May 18, 2022
                                           Time: 1:30 p.m.
                                           Dept.: 405

I, Talia Beechick, do hereby declare:

1.    In April 2020, I was employed by Hillard Heintze LLC ("HH"), which was a company hired by Ridder, Costa & Johnstone LLP ("RCJ"), to provide professional services for the benefit of RCJ in the advisement of their clients. Unless otherwise stated, I have personal knowledge of the facts set forth in this declaration.

DECL. OF TALIA BEECHICK                                      Case No. FDV-19-814465

2.    As part of my duties at HH, I was responsible for monitoring any and all Twitter accounts associated with Kailin Wang that were publicly accessible on the internet.

3.    On April 10, 2020, while viewing the Twitter account entitled "Kailin Wang @kk978678," I viewed a Post ("Post") with the URL https://twitter.com/kk978678/with_replies.

4.    On April 10, 2020, after viewing this Post, I captured the exact image of this Post at 13:07:59 GMT.

5.    On May 11, 2022, I reviewed page 1 of Exhibit 4 of Petitioner's Motion To Enforce Respondent's Stipulation On The Record To Remove/Redact The Minor's Identifying Information From Her Online Postings lodged with the Court on April 12, 2022.

6.    Page 1 of Exhibit 4 is a fair and accurate printed representation of the Post as it exactly appeared on the internet on April 10, 2020, at 13:07:59 GMT.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: _May 11, 2022_          By: _____

Talia Beechick

DOUGLAS L. RAPPAPORT (SBN 136194)
Law Offices of Douglas L. Rappaport
260 California Street, Suite 1002
San Francisco, CA 94111
Tel: (415) 989-7900
Fax: (415) 989-7950

DARRICK T. CHASE (SBN 151256)
Kaye Moser Hierbaum Ford, LLP
The Russ Building
235 Montgomery Street, 27th Floor
San Francisco, CA 94104
Tel: (415) 202-5824

Attorneys for Petitioner ████████████████████

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN FRANCISCO

|  |  |
|---|---|
| ██████████████████████████, <br><br> Petitioner, <br><br> v. <br><br> KAILIN WANG, <br><br> Respondent. | Case No. FDV-19-814465 <br><br> DECLARATION OF TIFFANY BOSTROM ISO PETITIONER'S MOTION TO ENFORCE RESPONDENT'S STIPULATION ON THE RECORD TO REMOVE/REDACT THE MINOR'S IDENTIFYING INFORMATION FROM HER ONLINE POSTINGS <br><br> Date: May 18, 2022 <br> Time: 1:30 p.m. <br> Dept.: 405 |

I, Tiffany Bostrom, do hereby declare:

1. In April 2022, I was employed by Jensen Hughes, Inc. ("JH"), which is a company hired by Ridder, Costa & Johnstone LLP ("RCJ"), to provide professional services for the benefit of RCJ in the advisement of their clients. Unless otherwise stated, I have personal knowledge of the facts set forth in this declaration.

DECL. OF TIFFANY BOSTROM

Case No. FDV-19-814465

2.      As part of my duties at JH, I was responsible for monitoring any and all Twitter accounts associated with Kailin Wang that were publicly accessible on the internet.

3.      On April 4, 2022, while viewing the Twitter account entitled "Kailin Wang @kwff14," I viewed a Post ("Post") with the URL https://twitter.com/kwff14/status/1248379978724458496.

4.      On April 4, 2022, after viewing this Post, I captured the exact image of this Post at 17:56:01 GMT.

5.      On May 11, 2022, I reviewed page 2 of Exhibit 4 of Petitioner's Motion To Enforce Respondent's Stipulation On The Record To Remove/Redact The Minor's Identifying Information From Her Online Postings lodged with the Court on April 12, 2022.

6.      Page 2 of Exhibit 4 is a fair and accurate printed representation of the Post as it exactly appeared on the internet on April 4, 2022, at 17:56:01 GMT.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated:  May 11, 2022          By:  _____

Tiffany Bostrom

# EXHIBIT 14

| | | | | | |
|---|---|---|---|---|---|
| 20 | Matthew Dennis | Private Investigator, Matthew Dennis. (11/18/21 RT 3:1-3, RT 6:1-28) Matthew Dennis is a Private Investigator (PI) hired by the ████ family to surveillance the Wang Family at Terra Firma, and at Rally. | Security Detail | | December 2018-Present |
| 21 | Gregory Johnson | "Private Investigator, Matthew Dennis. (11/18/21 RT 3:1-3, RT 6:1-28) Matthew Dennis is a Private Investigator (PI) hired by the ████ family to surveillance the Wang Family at Terra Firma, and at Rally." | Security Detail | | December 2018-Present |

# SECURE OUTCOMES PROTECTION INC.

May 4, 2021

**Matthew Dennis' Statement**

I, Matthew Dennis, am employed as a security agent at Secure Outcomes Protection, Inc.

In the course of my employment, I was assigned to observe and secure the safety of Ch█████ Th█████ and his baby, ████ Wang, on September 30, 2020. As part of my assignment on that day, I conducted observation of Terra Firma, the supervised visitation facility where Ch█████ was to drop off ████ for ████ visit with his biological mother, Kailin Wang.

During the course of my observation from a secured position, I noted the following:

1618: Kailin Wang, John Wang, and Jan Wang arrived at Terra Firma, in BMW █ ████ UT plate.
    Wang Family made 3 passes driving in the rear parking lot, filming out of the car window on 3rd pass. It appeared that they were filming the rear of the Terra Firma facility where the visit was to take place.

1700: C█████ Th█████ delivered baby to Terra Firma.

1920: Visitation ended. CT retrieved baby from Terra Firma, departed Hayward.

1920: Surveillance terminated.

Mathew Dennis

PO Box 980333
West
Sacramento CA
95798

PHONE    (209) 769-4483
EMAIL    Admin@SecureOutcomes.com
WEBSITE    WWW.SecureOutcomes.com

# SECURE OUTCOMES PROTECTION INC.

**May 4, 2021**

**Gregory Johnson's Statement**

I, Gregory Johnson, am employed as a security agent at Secure Outcomes Protection, Inc.

In the course of my employment, I was assigned to observe and secure the safety of Ch████er Th████ and his baby son, ██████ Wang, on October 14, 2020. As part of my assignment on that day, I conducted observation of Terra Firma, the supervised visitation facility where ██████r was to drop off ████ for ██████ visit with his biological mother, Kailin Wang.

During the course of my observation from a secured position, I noted the following:

1622 John Wang's Vehicle ██████ Utah Plates, entered the front parking lot. The vehicle circled the parking lot to Pupuseria restaurant (aprox 200 feet) with a cell phone in recording position. It appeared as if they were filming the Terra Firma facility.

1628 Kailin Wang and her parents John Wang and Jan Wang enter Terra Firma via rear door.

1657 C████er Th████n delivered ████ to Terra Firma.

1739 ██████████████n retrieved ████. I observed John Wang, Jan Wang and Kailin Wang depart Terra Firma.

Gregory Johnson



| PO Box 980333 W. Sacramento CA 95798 | PHONE | (209) 769-4483 |
| --- | --- | --- |
| | EMAIL | Admin@SecureOutcomes.com |
| | WEBSITE | WWW.SecureOutcomes.com |

# EXHIBIT P

## CM/ECF ATTORNEY CASE REPORT - JOEY LYNN BLANCH

PACER/CM/ECF attorney case report generated July 11, 2026. The report reflects 17 open criminal matters. Open entries are highlighted.

# Select A Case

**Joey Lynn Blanch is an attorney in 179 cases.**

| | | | |
|---|---|---|---|
| [1:03-cr-00080-DBB-1](#) | Billy Joe Beaver | filed 06/11/03 | closed 12/11/03 |
| [1:03-cr-00080-DBB-2](#) | Michael Kevin Hansen | filed 06/11/03 | closed 03/22/05 |
| [1:12-cr-00076-DBB-1](#) | Timothy Ray Grimsley | filed 10/17/12 | closed 06/05/14 |
| [1:13-cr-00071-TC-1](#) | Brodey J. Brown | filed 11/20/13 | closed 08/20/14 |
| [1:17-cr-00011-TS-1](#) | Joseph Hwang | filed 02/22/17 | closed 06/21/21 |
| [1:17-cr-00059-DBB-1](#) | Paul James Martinez, Sr. | filed 09/13/17 | closed 04/04/18 |
| [1:19-cr-00039-DS-1](#) | Rubin Ortiz, Jr. | filed 04/11/19 | closed 07/01/20 |
| [1:20-cr-00055-CW-1](#) | Robert Paul Weitzeil | filed 08/13/20 | closed 04/19/23 |
| [1:20-cr-00079-DBB-1](#) | Danial Richard Larsen | filed 09/16/20 | closed 10/18/22 |
| [1:20-cr-00110-DBB-1](#) | Cortez Leenord Quarles | filed 11/18/20 | closed 01/25/22 |
| [1:21-cr-00017-DS-1](#) | Joshua Earl Petit | filed 03/03/21 | closed 02/03/23 |
| [1:21-cr-00049-RJS-1](#) | Jesse Stephen Paul Birky | filed 04/28/21 | closed 10/02/24 |
| [1:21-cr-00062-HCN-1](#) | Christopher Cunningham | filed 12/22/21 | closed 01/13/23 |

| | | | |
|---|---|---|---|
| 1:21-cr-00081-JNP-1 | Brent Savage | filed 07/14/21 | closed 07/16/24 |
| 1:21-cr-00098-JNP-1 | Andrew Charles Bakios | filed 09/29/21 | closed 11/22/22 |
| 1:22-cr-00006-JNP-1 | Christopher Mark Taylor | filed 01/26/22 | closed 11/27/24 |
| 1:22-cr-00019-DS-1 | Jared Chadwick | filed 02/09/22 | closed 05/09/23 |
| 1:22-cr-00052-DS-1 | Michael V. Trivett | filed 04/20/22 | closed 01/25/23 |
| 1:22-cr-00073-JNP-1 | Trevor Eva | filed 06/08/22 | closed 06/15/23 |
| 1:24-cr-00029-HCN-1 | Sharon Black | filed 05/24/24 | closed 06/16/26 |
| 1:26-cr-00006-DS-1 | Hanthavixay M. Thammavongxay | filed 02/10/26 | closed 02/10/26 |
| 2:06-cr-00023-DAK-1 | Tommy Jensen | filed 01/18/06 | closed 10/13/06 |
| 2:06-cr-00720-DAK-1 | William John Zwiebel | filed 10/11/06 | closed 09/19/07 |
| 2:08-cr-00403-TC-1 | Robert Larsen | filed 06/18/08 | closed 07/31/09 |
| 2:09-cr-00068-DAK-1 | Robert Lavern Davison | filed 02/04/09 | closed 11/24/09 |
| 2:10-cr-00926-TS-1 | Aldo Sanchez | filed 10/07/10 | closed 05/03/11 |
| 2:10-cr-00926-TS-2 | Brett Danny Shumway | filed 10/07/10 | closed 04/05/12 |
| 2:11-cr-00168-CW-1 | Lynden James Uplinger | filed 03/07/11 | closed 12/08/11 |
| 2:11-cr-00774-CW-1 | Fausto Rosalino-Hernandez | filed 08/31/11 | closed 10/22/25 |
| 2:13-cr-00778-TC-1 | Haylee Denise Vincent | filed 11/20/13 | closed 08/18/16 |

| | | | |
|---|---|---|---|
| 2:13-cr-00778-TC-2 | Kevin Edward Turek | filed 11/20/13 | closed 05/06/14 |
| 2:15-cr-00576-CW-CMR-1 | Shawn Thompson | filed 10/07/15 | closed 03/24/16 |
| 2:16-cr-00121-RJS-1 | Ryan David Connor | filed 03/09/16 | closed 03/09/16 |
| 2:16-cr-00354-CW-1 | Chancey Dee Reynolds | filed 07/27/16 | closed 02/07/17 |
| 2:17-cr-00592-DS-1 | Heriberto Hernandez | filed 10/11/17 | closed 10/18/18 |
| 2:18-cr-00043-HCN-1 | Robert Velasquez-Lopez | filed 01/24/18 | closed 08/17/18 |
| 2:18-cr-00044-JNP-1 | Ivan Michael Faunce | filed 01/24/18 | closed 10/04/18 |
| 2:18-cr-00076-TS-1 | Christopher Alan Williams | filed 02/07/18 | closed 10/08/25 |
| 2:18-cr-00078-TC-1 | Brandon Timothy Smith | filed 02/07/18 | closed 08/08/19 |
| 2:18-cr-00104-JNP-1 | Cody Clint Lexes | filed 02/15/18 | closed 11/17/20 |
| 2:18-cr-00217-TS-1 | Richard Daniel Martinez, III | filed 04/19/18 | closed 07/19/18 |
| 2:18-cr-00383-JNP-1 | Chad Lee Dunnivan | filed 08/15/18 | closed 03/02/20 |
| 2:18-cr-00485-JNP-1 | David Eric Hunsaker | filed 10/24/18 | closed 08/07/19 |
| 2:19-cr-00033-RJS-1 | Isaia Smith | filed 01/30/19 | closed 10/16/19 |
| 2:19-cr-00100-RJS-1 | Juan Manuel Hernandes | filed 03/13/19 | closed 02/11/20 |
| 2:19-cr-00131-TC-1 | Justin Wayne Espinoza | filed 04/11/19 | closed 09/14/20 |

| | | | |
|---|---|---|---|
| [2:19-cr-00140-JNP-1](#) | John Phillip Lee | filed 04/17/19 | closed 12/21/21 |
| [2:19-cr-00254-DAK-1](#) | Brandon Dean Preece | filed 07/10/19 | closed 01/05/21 |
| [2:19-cr-00333-JNP-1](#) | Darryl Ross Smart | filed 08/29/19 | closed 07/15/20 |
| [2:21-cr-00037-TS-1](#) | Joshua T. Robinson | filed 01/22/21 | closed 01/22/21 |
| [2:21-cr-00057-TC-1](#) | Haylen Jensen | filed 02/16/21 | closed 07/20/21 |
| [2:21-cr-00081-DAK-1](#) | Morris Leon Barton | filed 03/03/21 | |
| [2:21-cr-00175-TC-1](#) | Joseph Paul House | filed 04/21/21 | closed 01/20/22 |
| [2:21-cr-00215-RJS-1](#) | Austin Kenneth Trujillo | filed 05/12/21 | closed 12/15/22 |
| [2:21-cr-00255-HCN-1](#) | Jesse Guizar Gonzalez | filed 06/16/21 | closed 02/06/24 |
| [2:21-cr-00285-CW-1](#) | Andrew Charles Hansen | filed 07/07/21 | closed 07/07/21 |
| [2:21-cr-00291-DS-1](#) | Daniel Justin Kaufman | filed 07/14/21 | closed 04/17/23 |
| [2:21-cr-00352-DAK-1](#) | Jeromy Lee Kalinowski | filed 08/25/21 | closed 08/23/22 |
| [2:21-cr-00409-TS-1](#) | Richard Daniel Martinez | filed 09/29/21 | closed 06/23/22 |
| [2:22-cr-00026-HCN-1](#) | Noah Alan Rada | filed 01/27/22 | closed 02/28/23 |
| [2:22-cr-00088-JNP-1](#) | Wes Trusel Tauteoli | filed 03/09/22 | closed 07/13/23 |
| [2:22-cr-00110-TC-1](#) | Justin Dwayne Espinoza | filed 03/30/22 | closed 12/18/23 |

| Case | Name | Filed | Closed |
|---|---|---|---|
| 2:22-cr-00174-DS-1 | Brok Arlin Rice | filed 05/18/22 | closed 01/30/23 |
| 2:22-cr-00175-JNP-1 | Robert Kent Thompson | filed 05/18/22 | closed 03/24/23 |
| 2:22-cr-00179-HCN-1 | Lester Wayne Lavon Flickinger | filed 05/19/22 | closed 12/08/22 |
| 2:22-cr-00232-JNP-1 | Cody Clint Lexes | filed 06/29/22 | closed 04/25/23 |
| 2:22-cr-00237-DAK-1 | Farrell Jimmy McCook | filed 06/29/22 | closed 02/01/23 |
| 2:22-cr-00238-JNP-1 | Tory Gates | filed 06/29/22 | closed 03/05/24 |
| 2:22-cr-00259-RJS-1 | Andrew T. Whitehouse | filed 07/14/22 | closed 05/17/23 |
| 2:22-cr-00262-CW-1 | Aron Cesario Ibarra | filed 07/20/22 | closed 04/10/23 |
| 2:22-cr-00271-TS-1 | Gregory Bercowy | filed 07/27/22 | closed 07/27/22 |
| 2:22-cr-00274-DS-1 | Nicole Rivera | filed 07/29/22 | closed 07/29/22 |
| 2:22-cr-00326-DBB-1 | Markham Wayne Dickson | filed 09/07/22 | closed 10/29/24 |
| 2:22-cr-00362-DBB-1 | Ryan Scott Stevens | filed 09/28/22 | closed 11/29/23 |
| 2:22-mj-00128-DAO-1 | 1820 South 1000 West Logan Utah | filed 02/28/22 | closed 02/28/22 |
| 2:22-mj-00272-DBP-1 | Lester Wayne Lavon Flickinger | filed 04/22/22 | closed 05/19/22 |
| 2:22-mj-00610-DBP-1 | Markham Wayne Dickson | filed 08/31/22 | closed 09/07/22 |

| 2:23-cr-00002-JNP-1 | Coleman Dale Craig | filed 01/04/23 | closed 04/26/24 |
| 2:23-cr-00025-DAK-1 | Lucas Andre Arriagada-Diaz | filed 01/25/23 | closed 08/21/24 |
| 2:23-cr-00032-TC-1 | Jesse Neal Knight | filed 01/26/23 | closed 09/29/23 |
| 2:23-cr-00054-HCN-1 | Jonathan Peter Roybal | filed 02/13/23 | closed 02/13/23 |
| 2:23-cr-00061-DS-1 | Bryan Lucero | filed 02/15/23 | closed 05/20/26 |
| 2:23-cr-00065-JNP-1 | Francisco Luis McArthur | filed 02/15/23 | |
| 2:23-cr-00171-JNP-1 | Douglas James Elmer | filed 05/03/23 | closed 06/12/24 |
| 2:23-cr-00172-DBB-1 | Todd Tyler Gray | filed 05/03/23 | closed 05/07/25 |
| 2:23-cr-00206-JNP-1 | Jesse Vernie Hartwell | filed 05/31/23 | closed 12/18/24 |
| 2:23-cr-00337-TS-1 | David Joel Gold | filed 09/20/23 | closed 08/27/24 |
| 2:23-cr-00338-DAK-1 | John Robert Norton | filed 09/20/23 | closed 08/21/25 |
| 2:23-cr-00339-DS-1 | Jeffrey Robert Thayn | filed 09/20/23 | closed 02/25/25 |
| 2:23-cr-00376-TC-1 | Joshua Michael Bowden | filed 10/18/23 | closed 03/12/25 |
| 2:23-cr-00377-JNP-1 | Brandon Paul Caouette | filed 10/18/23 | closed 08/16/24 |
| 2:23-cv-00858-DBB | Rice v. USA | filed 11/21/23 | closed 01/09/24 |
| 2:23-mj-00001-JCB-1 | Application for a Warrant by Telephone or Other Reliable Electronic Means | filed 01/03/23 | closed 01/03/23 |

| | | | |
|---|---|---|---|
| [2:23-mj-00002-JCB-1](#) | Application for a Warrant by Telephone or Other Reliable Electronic Means | filed 01/03/23 | closed 01/03/23 |
| [2:23-mj-00062-JCB-1](#) | Application for a Warrant by Telephone or Other Reliable Electronic Means | filed 01/25/23 | closed 01/25/23 |
| [2:23-mj-00063-JCB-1](#) | Application for a Warrant by Telephone or Other Reliable Electronic Means | filed 01/25/23 | closed 01/25/23 |
| [2:23-mj-00126-CMR-1](#) | Application for Warrant by Telephone or Other Reliable Electronic Means | filed 02/09/23 | closed 02/09/23 |
| [2:23-mj-00127-CMR-1](#) | Application for Warrant by Telephone or Other Reliable Electronic Means | filed 02/09/23 | closed 02/09/23 |
| [2:23-mj-00128-CMR-1](#) | Application for Warrant by Telephone or Other Reliable Electronic Means | filed 02/09/23 | closed 02/09/23 |
| [2:23-mj-00274-DAO-1](#) | Application for a Warrant by Telephone or Other Reliable Electronic Means | filed 03/29/23 | closed 03/29/23 |
| [2:23-mj-00275-DAO-1](#) | Application for a Warrant by Telephone or Other Reliable Electronic Means | filed 03/29/23 | closed 03/29/23 |
| [2:23-mj-00276-DAO-1](#) | Application for a Warrant by Telephone or Other Reliable Electronic Means | filed 03/29/23 | closed 03/29/23 |
| [2:23-mj-00277-DAO-1](#) | Application for a Warrant by Telephone or Other Reliable Electronic Means | filed 03/29/23 | closed 03/29/23 |
| [2:23-mj-00429-JCB-1](#) | Application for a Search Warrant | filed 05/02/23 | closed 05/02/23 |
| [2:23-mj-00430-JCB-1](#) | Application for a Search Warrant | filed 05/02/23 | closed 05/02/23 |
| [2:23-mj-00513-JCB-1](#) | Application for a Search Warrant | filed 05/26/23 | closed 05/26/23 |
| [2:23-mj-00527-JCB-1](#) | Application for a Search Warrant | filed 05/31/23 | closed 05/31/23 |

| | | | |
|---|---|---|---|
| [2:23-mj-00593-CMR-1](#) | Michael Vogel | filed 06/21/23 | closed 06/26/23 |
| [2:23-mj-00784-DBP-1](#) | Application for a Warrant by Telephone or Other Reliable Electronic Means | filed 08/23/23 | closed 08/23/23 |
| [2:23-mj-00785-DBP-1](#) | Application for a Warrant by Telephone or Other Reliable Electronic Means | filed 08/23/23 | closed 08/23/23 |
| [2:23-mj-00867-DBP-1](#) | Application for a Warrant by Telephone or Other Reliable Electronic Means | filed 09/21/23 | closed 09/21/23 |
| [2:23-mj-00900-DBP-1](#) | Application for a Search Warrant | filed 09/28/23 | closed 09/28/23 |
| [2:23-mj-00924-CMR-1](#) | Application for a Search Warrant | filed 10/04/23 | closed 10/04/23 |
| [2:23-mj-01190-DBP-1](#) | Application for a Search Warrant | filed 12/19/23 | closed 12/19/23 |
| [2:24-cr-00033-HCN-1](#) | Glenn Raymond Breeden | filed 02/14/24 | closed 01/14/25 |
| [2:24-cr-00128-DS-1](#) | Brison Isaiah Blalock | filed 04/17/24 | closed 09/24/24 |
| [2:24-cr-00163-TS-1](#) | Kailin Wang | filed 05/08/24 | |
| [2:24-cr-00213-JNP-1](#) | Rosa Dominga Hernandez | filed 06/27/24 | closed 06/27/24 |
| [2:24-cr-00226-DBB-1](#) | Vernon Charles Gustafson | filed 07/10/24 | |
| [2:24-cr-00245-HCN-1](#) | Daniel Waddington | filed 07/18/24 | closed 03/11/25 |
| [2:24-cr-00311-DAK-1](#) | Matthew J. Gamble | filed 10/01/24 | closed 12/18/24 |
| [2:24-cr-00371-DBB-1](#) | John Neil Beardall | filed 11/13/24 | |

| | | | |
|---|---|---|---|
| [2:24-cr-00383-HCN-1](#) | Brent Richard Johnson | filed 11/20/24 | closed 01/14/26 |
| [2:24-cr-00413-JNP-1](#) | Alfonso Moreno-Gonzalez | filed 12/19/24 | closed 03/07/25 |
| [2:24-cr-00419-JNP-1](#) | Victor Manuel Hernandez-Voliz | filed 12/19/24 | closed 03/07/25 |
| [2:24-cr-00420-JNP-1](#) | Jose Luis Morales-Castillo | filed 12/19/24 | closed 03/26/26 |
| [2:24-mj-00639-JCB-1](#) | Application for a Search Warrant | filed 06/25/24 | closed 06/25/24 |
| [2:24-mj-00640-JCB-1](#) | Application for a Search Warrant | filed 06/25/24 | closed 06/25/24 |
| [2:24-mj-00739-DBP-1](#) | Application for a Search Warrant | filed 07/23/24 | closed 07/23/24 |
| [2:24-mj-00740-DBP-1](#) | Application for a Search Warrant | filed 07/23/24 | closed 07/23/24 |
| [2:24-mj-00932-JCB-1](#) | Perry Hunter | filed 09/19/24 | closed 09/25/24 |
| [2:24-mj-00947-JCB-1](#) | Application for a Search Warrant | filed 09/24/24 | closed 09/24/24 |
| [2:24-mj-00958-JCB-1](#) | Application for a Search Warrant | filed 09/27/24 | closed 09/27/24 |
| [2:24-mj-00959-JCB-1](#) | Application for a Search Warrant | filed 09/27/24 | closed 09/27/24 |
| [2:24-mj-01101-CMR-1](#) | Application for a Search Warrant | filed 11/13/24 | closed 11/13/24 |
| [2:25-cr-00014-TC-1](#) | Jorge Luis Arce-Guzman | filed 01/22/25 | closed 05/20/26 |
| [2:25-cr-00025-TC-1](#) | Michael Scott Mason | filed 01/29/25 | closed 03/19/26 |

| | | | |
|---|---|---|---|
| 2:25-cr-00026-DAK-1 | Nicholas Toftemark | filed 01/29/25 | closed 10/02/25 |
| 2:25-cr-00075-HCN-JCB-1 | Logan Spangenberg | filed 03/05/25 | |
| 2:25-cr-00207-HCN-1 | Tony Scott Sellers | filed 05/21/25 | closed 05/21/25 |
| 2:25-cr-00208-JNP-1 | Selwyn Riley Whiteskunk | filed 05/21/25 | closed 05/22/25 |
| 2:25-cr-00209-CW-1 | Francis Lukolo | filed 05/21/25 | closed 05/22/25 |
| 2:25-cr-00277-DS-1 | William James Purdy | filed 07/16/25 | |
| 2:25-cr-00290-HCN-JCB-1 | Samuel Creed Pascal Montour | filed 07/23/25 | |
| 2:25-cr-00322-DAK-1 | Zalman Ber Goldblatt | filed 08/27/25 | |
| 2:25-cr-00433-RJS-CMR-1 | Long Hoang Luu | filed 12/10/25 | |
| 2:25-mj-00125-CMR-1 | Application for a Search Warrant | filed 02/10/25 | closed 02/10/25 |
| 2:25-mj-00126-CMR-1 | Application for a Search Warrant | filed 02/10/25 | closed 02/10/25 |
| 2:25-mj-00173-CMR-1 | Application for a Search Warrant | filed 02/25/25 | closed 02/25/25 |
| 2:25-mj-00251-JCB-1 | Application for a Search Warrant | filed 03/18/25 | closed 03/18/25 |
| 2:25-mj-00252-JCB-1 | Application for a Search Warrant | filed 03/18/25 | closed 03/18/25 |
| 2:25-mj-00256-JCB-1 | Application for a Search Warrant | filed 03/18/25 | closed 03/18/25 |

| | | | |
|---|---|---|---|
| 2:25-mj-00296-JCB-1 | Application for a Search Warrant | filed 03/21/25 | closed 03/21/25 |
| 2:25-mj-00320-JCB-1 | Application for a Search Warrant | filed 03/28/25 | closed 03/27/25 |
| 2:25-mj-00321-JCB-1 | Application for a Search Warrant | filed 03/27/25 | closed 03/27/25 |
| 2:25-mj-00352-CMR-1 | Application for a Search Warrant | filed 04/07/25 | closed 04/07/25 |
| 2:25-mj-00363-DBP-1 | Jize Zeng | filed 04/10/25 | closed 04/17/25 |
| 2:25-mj-00450-DBP-1 | Application for a Search Warrant | filed 04/28/25 | closed 04/28/25 |
| 2:25-mj-00451-DBP-1 | Application for a Search Warrant | filed 04/28/25 | closed 04/28/25 |
| 2:25-mj-00452-DBP-1 | Application for a Search Warrant | filed 04/28/25 | closed 04/28/25 |
| 2:25-mj-00453-DBP-1 | Application for a Search Warrant | filed 04/28/25 | closed 04/28/25 |
| 2:25-mj-00530-DAO-1 | Application for a Search Warrant | filed 05/23/25 | closed 05/23/25 |
| 2:25-mj-00554-DBP-1 | Application for a Search Warrant | filed 06/02/25 | closed 06/02/25 |
| 2:25-mj-00591-DBP-1 | Application for a Search Warrant | filed 06/11/25 | closed 06/10/25 |
| 2:25-mj-00592-DBP-1 | Application for a Search Warrant | filed 06/10/25 | closed 06/11/25 |
| 2:25-mj-00593-DBP-1 | Application for a Search Warrant | filed 06/10/25 | closed 06/10/25 |

| | | | |
|---|---|---|---|
| 2:25-mj-00833-DBP-1 | Application for Search Warrant | filed 09/12/25 | closed 09/12/25 |
| 2:25-mj-01100-JCB-1 | Paydan Georgy Bussey | filed 12/18/25 | closed 12/30/25 |
| 2:26-cr-00028-RJS-1 | Brent Scott Nelson | filed 02/11/26 | |
| 2:26-cr-00029-CW-1 | Russell Peters | filed 02/11/26 | |
| 2:26-cr-00030-TC-1 | Christopher Sulaica | filed 02/11/26 | |
| 2:26-cr-00033-RJS-1 | Christine Renee Moffat | filed 02/13/26 | closed 02/13/26 |
| 2:26-cr-00102-HCN-JCB-1 | Anthony Domenic Berloni | filed 04/08/26 | |
| 2:26-cr-00103-RJS-1 | Andrew Ross Blodgett | filed 04/08/26 | |
| 2:26-cr-00154-RJS-1 | Luis Alberto Salguero | filed 05/06/26 | |
| 2:26-mj-00069-JCB-1 | Brent Scott Nelson | filed 01/30/26 | closed 02/11/26 |
| 2:26-mj-00333-JCB-1 | Application for a Search Warrant | filed 04/22/26 | closed 04/22/26 |
| 4:21-cr-00057-DN-DAO-1 | Roger Dahl Jackman | filed 05/26/21 | closed 09/30/22 |
| 4:25-cr-00030-AMA-PK-1 | Chino Yazzie | filed 03/12/25 | |

## PACER Service Center

### Transaction Receipt

07/11/2026 01:48:07

| PACER Login: | | Client Code: | |
|---|---|---|---|

| **Description:** | Search | **Search Criteria:** | Last Name: blanch First Name: joey |
|---|---|---|---|
| ■ | ■ | ■ | ■ |

# EXHIBIT Q

## CM/ECF ATTORNEY CASE REPORT - RICHARD G. SORENSON

PACER/CM/ECF attorney case report generated July 11, 2026. The report reflects 32 open matters, including 30 criminal cases and 2 magistrate matters. Open entries are highlighted.

Query    Reports ▾    Utilities ▾    Help    Log Out

# Select A Case

**Richard G. Sorenson is an attorney in 306 cases.**

[1:18-cr-00081-TC-2](#)          Christian Daniels                filed 09/19/18    closed 07/01/19

[1:18-cr-00090-CW-1](#)          Jodie Lavon Ashby                filed 10/18/18    closed 09/22/20

[1:18-cr-00092-CW-1](#)          Jason Var Hansen                 filed 10/18/18    closed 04/04/19

[1:19-cr-00029-TC-1](#)          Jonathan Michael Robinson        filed 03/19/19    closed 09/16/19

[1:19-cr-00072-TS-1](#)          Wyatt Austen Kinne               filed 07/10/19    closed 08/12/20

[1:19-cr-00079-JNP-1](#)         David Dale Neal                  filed 07/31/19    closed 05/11/20

[1:19-cr-00085-RJS-1](#)         Logan Moffitt                    filed 08/21/19    closed 08/21/20

[1:19-cr-00098-JNP-1](#)         Brandon Joseph Varner            filed 09/25/19    closed 03/02/21

[1:19-cr-00125-JNP-1](#)         Jay Robert Bacon                 filed 12/04/19    closed 01/15/21

[1:19-cr-00127-TC-1](#)          David Jesse Matus                filed 12/19/19    closed 07/16/20

[1:19-cr-00128-JNP-1](#)         Luis Macias Santos               filed 12/19/19    closed 06/01/20

[1:20-cr-00072-TS-1](#)          Isaac Leland Williams            filed 09/02/20    closed 05/12/21

[1:20-cr-00102-TC-1](#)          Gregory Thomas Warg              filed 10/22/20    closed 08/12/21

[1:20-cr-00109-DBB-1](#)         Austin James Wilson              filed 11/18/20    closed 06/18/21

[1:20-cr-00112-TS-3](#)          Sione Pututau                    filed 12/02/20    closed 04/08/22

[1:21-cr-00008-DBB-1](#)         Michael Wilkinson                filed 01/21/21    closed 03/15/23

| | | | |
|---|---|---|---|
| [1:21-cr-00015-DAK-1](#) | Raymond Faalili Tapusoa | filed 02/18/21 | closed 03/09/22 |
| [1:21-cr-00052-HCN-1](#) | Angel Ruiz | filed 04/28/21 | closed 11/09/21 |
| [1:21-cr-00074-DBB-1](#) | Jeffery Aaron Gaisbauer | filed 06/09/21 | closed 03/09/23 |
| [1:22-cr-00008-DAK-1](#) | Jeremy Diaz | filed 01/26/22 | closed 06/01/22 |
| [1:22-cr-00045-HCN-1](#) | Raymundo Moran Enriquez | filed 03/30/22 | closed 01/12/24 |
| [1:22-cr-00059-DBB-1](#) | Marco Ray Etsitty | filed 05/18/22 | closed 03/08/23 |
| [1:22-cr-00084-DS-1](#) | Bryson Vern Adams | filed 08/17/22 | closed 07/11/23 |
| [1:22-cr-00098-HCN-1](#) | Marc Allen Davis | filed 10/05/22 | closed 08/07/24 |
| [1:22-cr-00100-HCN-1](#) | David Aaron Udy | filed 10/05/22 | closed 10/12/23 |
| [1:23-cr-00031-JNP-1](#) | Jorge Castro-Martinez | filed 04/19/23 | closed 12/04/23 |
| [1:23-cr-00050-DS-2](#) | Corey John Standing | filed 06/28/23 | closed 05/07/24 |
| [1:24-cr-00027-TS-1](#) | Cullin Anthony Bullen | filed 05/08/24 | closed 06/23/26 |
| [1:25-cr-00001-DS-1](#) | Milton Efrain Flores-Bonilla | filed 01/08/25 | closed 09/30/25 |
| [1:25-cr-00005-DBB-1](#) | Ricardo David Marquez | filed 02/06/25 | closed 02/06/25 |
| [2:02-cr-00289-TC-5](#) | Collin Carter | filed 05/09/02 | closed 07/10/03 |
| [2:02-cr-00295-DAK-1](#) | Joseph Urshel Tohannie | filed 05/16/02 | closed 09/23/02 |
| [2:03-cr-00828-DAK-CMR-1](#) | Matthew Benjamin Martinez | filed 10/16/03 | closed 05/11/05 |
| [2:04-cr-00382-DAK-1](#) | James Brinkerhoff | filed 06/09/04 | closed 12/08/04 |
| [2:06-cr-00591-PMW-1](#) | Nathan G. Sorensen | filed 08/23/06 | closed 02/28/07 |
| [2:07-cr-00707-TS-2](#) | Matthew G. Eyre | filed 10/03/07 | closed 06/06/08 |

| | | | |
|---|---|---|---|
| 2:09-cr-00920-HCN-DBP-2 | Michael Whitehorse | filed 12/16/09 | closed 10/27/10 |
| 2:10-cr-00648-TC-1 | Douglas Scott Bessinger | filed 07/21/10 | closed 03/24/11 |
| 2:10-cv-00467-TC | Boston Scientific Corporation v. Mabey et al | filed 05/18/10 | closed 06/01/12 |
| 2:12-cr-00063-HCN-1 | Brandon David Chapman | filed 02/08/12 | closed 05/17/13 |
| 2:12-cr-00751-DAK-DAO-10 | Kevin Winston Tabbee | filed 12/05/12 | closed 04/03/14 |
| 2:13-cr-00016-TC-1 | Bryan James Gardner | filed 01/09/13 | closed 08/08/13 |
| 2:13-cr-00328-HCN-1 | Stephen Lee Shields | filed 05/16/13 | closed 05/23/14 |
| 2:13-cr-00624-DAK-1 | Edmund Edward Wilson | filed 09/11/13 | closed 10/13/16 |
| 2:13-cr-00677-TC-1 | David Warren Evans | filed 10/02/13 | closed 03/04/14 |
| 2:14-cr-00124-DN-1 | Corbon Dalynn Hathaway | filed 03/12/14 | closed 05/15/15 |
| 2:14-cr-00136-DAK-1 | Dominic Matthew Martinez | filed 03/19/14 | closed 11/25/14 |
| 2:14-cr-00438-TS-1 | Garry Alan Hare | filed 08/21/14 | closed 01/08/16 |
| 2:14-cr-00563-HCN-1 | Michael Alexander Bacon | filed 11/05/14 | closed 07/02/15 |
| 2:16-cr-00059-TS-CMR-1 | Michael Troy Hodges | filed 02/03/16 | closed 02/13/17 |
| 2:16-cr-00078-DS-1 | Pete Vince Espinoza | filed 02/17/16 | closed 12/01/16 |
| 2:16-cr-00222-DB-1 | Mern Leroy Herring | filed 05/18/16 | closed 09/01/20 |
| 2:16-cr-00353-JNP-1 | Carlos Lopez-Romero | filed 07/27/16 | closed 03/03/17 |
| 2:17-cr-00278-HCN-1 | Alex Cannon | filed 05/03/17 | closed 10/26/17 |
| 2:17-cr-00482-RJS-1 | John Warren Capito | filed 08/16/17 | closed 04/27/18 |

| [2:17-cr-00515-DS-1](#) | Joshua Lane | filed 09/06/17 | closed 05/16/18 |
| [2:17-cr-00577-TC-1](#) | Christopher David Malley | filed 10/04/17 | closed 03/19/18 |
| [2:17-cr-00593-DB-1](#) | Alexandru Cosmin Licsor | filed 10/11/17 | closed 10/27/20 |
| [2:17-cr-00663-RJS-1](#) | Robert Phillip Rivas | filed 11/15/17 | closed 09/14/18 |
| [2:17-cr-00685-RJS-1](#) | Anthony Cook | filed 11/21/17 | closed 11/18/19 |
| [2:18-cr-00044-JNP-1](#) | Ivan Michael Faunce | filed 01/24/18 | closed 10/04/18 |
| [2:18-cr-00350-TC-DAO-1](#) | Jose Ornelas | filed 07/18/18 | closed 12/07/18 |
| [2:18-cr-00518-RJS-1](#) | Rick Carlo Faccenetti | filed 11/14/18 | closed 06/01/23 |
| [2:19-cr-00057-HCN-1](#) | Alan Dale Covington | filed 02/20/19 | closed 08/10/23 |
| [2:19-cr-00102-DAK-1](#) | Diana K. Molyneux | filed 03/13/19 | closed 01/04/24 |
| [2:19-cr-00174-DS-1](#) | Jeremiah James Patea | filed 05/15/19 | closed 11/15/22 |
| [2:19-cr-00218-HCN-1](#) | Benito Mendoza Marquez | filed 06/20/19 | closed 04/29/21 |
| [2:19-cr-00301-HCN-1](#) | Vijaya Santhi Koganti | filed 08/14/19 | |
| [2:19-cr-00331-RJS-1](#) | Jesus Javier Vizcarra | filed 08/29/19 | closed 03/16/20 |
| [2:19-cr-00337-JNP-1](#) | Rodger Scott Goeckeritz | filed 09/04/19 | closed 05/26/20 |
| [2:19-cr-00374-HCN-1](#) | Jose Sosa | filed 10/02/19 | closed 08/31/22 |
| [2:19-cr-00384-CW-9](#) | Oscar Roussear-Villavicencio | filed 10/16/19 | closed 10/15/25 |
| [2:19-cr-00425-HCN-CMR-1](#) | Eugene Pavlov | filed 11/20/19 | closed 10/29/20 |
| [2:19-cr-00440-DAK-1](#) | Quenten Lee Christensen | filed 11/26/19 | closed 10/20/20 |
| [2:19-cr-00442-DAK-1](#) | Richard Dale Smith | filed 11/26/19 | closed 08/12/20 |

| | | | |
|---|---|---|---|
| 2:19-mj-00834-DBP-1 | Justice T. Durrant | filed 12/06/19 | closed 12/09/19 |
| 2:20-cr-00009-DBB-1 | Nicholas Wood | filed 01/08/20 | closed 01/08/20 |
| 2:20-cr-00024-TS-1 | William Terrance Crawford | filed 01/22/20 | closed 09/29/20 |
| 2:20-cr-00027-JNP-1 | Jonathan Alexander Morales-Lopez | filed 01/22/20 | closed 08/09/22 |
| 2:20-cr-00068-DAK-1 | Tyrel Jeff Day | filed 02/12/20 | closed 08/27/20 |
| 2:20-cr-00082-DBB-1 | Norma Llamas-Rodriguez | filed 02/19/20 | closed 05/12/21 |
| 2:20-cr-00111-JNP-1 | Doby Myore | filed 03/04/20 | closed 09/09/20 |
| 2:20-cr-00163-RJS-1 | Pedro Galaviz | filed 06/03/20 | closed 05/03/21 |
| 2:20-cr-00168-DAK-1 | Salvador Pimentel | filed 06/09/20 | closed 08/25/20 |
| 2:20-cr-00191-TC-1 | Brian Josue Rodriguez | filed 07/08/20 | closed 08/27/21 |
| 2:20-cr-00192-DBB-DAO-1 | Robert Joseph Hibbard | filed 07/08/20 | closed 04/21/21 |
| 2:20-cr-00197-HCN-1 | Esperanza April Hernandez | filed 07/08/20 | closed 04/14/21 |
| 2:20-cr-00210-DS-1 | Maake Pole | filed 07/22/20 | closed 12/17/20 |
| 2:20-cr-00229-DBB-1 | Brandon Trent Micale | filed 07/29/20 | closed 06/15/21 |
| 2:20-cr-00232-DS-1 | Thomas Cesspooch | filed 07/30/20 | closed 11/12/20 |
| 2:20-cr-00243-TS-1 | Jose Aguilar-Zurita | filed 08/05/20 | closed 09/26/23 |
| 2:20-cr-00244-JNP-1 | Jose V. Delarosa | filed 08/05/20 | closed 01/09/23 |
| 2:20-cr-00272-DBB-1 | James Garth | filed 08/26/20 | closed 01/16/25 |
| 2:20-cr-00273-DBB-1 | Anthony Junior Almaguer | filed 08/26/20 | closed 08/02/21 |
| 2:20-cr-00279-JNP-4 | William Gene Horton | filed 08/26/20 | closed 03/08/24 |

| | | | |
|---|---|---|---|
| [2:20-cr-00281-DAK-1](#) | Coby James Reed | filed 08/26/20 | closed 07/08/21 |
| [2:20-cr-00292-RJS-1](#) | Paulino Calix-Gamez | filed 08/31/20 | closed 08/31/20 |
| [2:20-cr-00294-DBB-1](#) | Brian Wayne Shipman | filed 09/02/20 | closed 03/03/21 |
| [2:20-cr-00304-TS-1](#) | Sione Tauhi Pututau | filed 09/09/20 | closed 04/08/22 |
| [2:20-cr-00316-HCN-1](#) | Michael Ufford | filed 09/16/20 | closed 01/15/21 |
| [2:20-cr-00363-HCN-1](#) | John Franklin Vogt | filed 11/04/20 | closed 02/08/23 |
| [2:20-cr-00390-DBB-1](#) | Sean Trygve Pinesso Horrall | filed 11/18/20 | closed 06/21/22 |
| [2:20-cr-00393-JNP-2](#) | Matthew Curtis Cobb | filed 12/02/20 | closed 02/01/23 |
| [2:20-cr-00402-DBB-1](#) | Jusdin Jaimes Tom | filed 12/02/20 | closed 05/12/21 |
| [2:20-cr-00421-CW-1](#) | Phillip Shane Abeyta | filed 12/16/20 | closed 06/15/21 |
| [2:20-mj-00125-EJF-1](#) | Janice Marie Charley | filed 02/10/20 | closed 02/11/20 |
| [2:20-mj-00292-JCB-1](#) | Esperanza April Hernandez | filed 04/10/20 | closed 07/08/20 |
| [2:20-mj-00306-JCB-1](#) | Salvador Pimentel | filed 04/21/20 | closed 06/09/20 |
| [2:20-mj-00374-CMR-1](#) | Brian Josue Rodriguez | filed 05/18/20 | closed 07/08/20 |
| [2:20-mj-00465-DBP-1](#) | Maake Pole | filed 06/17/20 | closed 07/22/20 |
| [2:20-mj-00497-DBP-1](#) | Anthony Junior Almaguer | filed 06/30/20 | closed 08/26/20 |
| [2:20-mj-00604-JCB-1](#) | Michael Ufford | filed 08/10/20 | closed 09/16/20 |
| [2:20-mj-00618-JCB-1](#) | James Garth | filed 08/11/20 | closed 08/26/20 |
| [2:20-mj-00680-CMR-1](#) | Randall Taylor | filed 09/02/20 | |

APPX 31 of 42

Case No. 2:24-cr-00163-TS

7/11/26, 1:46 AM    Case 2:24-cr-00163-TS    Document 265    CM/ECF U.S. District Court:utd    DEFENDANT'S EXHIBIT APPENDIX    Filed 07/14/26    PageID.16548    Page 37 of 70

| | | | |
|---|---|---|---|
| [2:20-mj-00809-DAO-1](#) | Gregory Thomas Warg | filed 10/09/20 | closed 10/22/20 |
| [2:20-mj-00856-DBP-1](#) | Jean Carlos Rivera Aponte | filed 10/29/20 | |
| [2:20-mj-00870-JCB-3](#) | Sione Pututau | filed 11/06/20 | closed 12/02/20 |
| [2:21-cr-00004-DS-1](#) | Alan Jose Elizondo Gurrola | filed 01/06/21 | closed 06/28/21 |
| [2:21-cr-00018-DAK-1](#) | Anthony Derick Rosas | filed 01/14/21 | closed 01/14/21 |
| [2:21-cr-00027-CW-1](#) | Andrew Kelton Greening | filed 01/21/21 | closed 10/28/21 |
| [2:21-cr-00042-CW-1](#) | Kirk Madsen | filed 02/03/21 | closed 07/20/21 |
| [2:21-cr-00045-DS-1](#) | Brian Keith Stack | filed 02/03/21 | closed 06/27/22 |
| [2:21-cr-00063-JNP-1](#) | Damien Michael Davis | filed 02/18/21 | |
| [2:21-cr-00066-DS-1](#) | Craig Allen Daley | filed 02/18/21 | closed 09/08/21 |
| [2:21-cr-00068-JNP-1](#) | Daniel Padilla | filed 02/18/21 | closed 12/22/21 |
| [2:21-cr-00084-DBB-1](#) | Jeremy Simi Eli | filed 03/03/21 | closed 09/01/21 |
| [2:21-cr-00098-DBB-1](#) | Jerry Lee Zuniga | filed 03/11/21 | closed 03/11/21 |
| [2:21-cr-00107-RJS-1](#) | Kelley J. Bryan | filed 03/17/21 | closed 12/06/21 |
| [2:21-cr-00117-HCN-1](#) | Nestor Herrera | filed 03/17/21 | closed 08/10/21 |
| [2:21-cr-00125-JNP-1](#) | David Cole Fulton | filed 03/17/21 | closed 07/21/21 |
| [2:21-cr-00148-HCN-1](#) | Angel Michael Luevano | filed 04/14/21 | closed 01/07/22 |
| [2:21-cr-00175-TC-1](#) | Joseph Paul House | filed 04/21/21 | closed 01/20/22 |
| [2:21-cr-00182-DS-1](#) | Anthony Wayne Bettcher | filed 04/28/21 | closed 01/07/22 |
| [2:21-cr-00203-DBB-1](#) | Josean Ortiz-Velazquez | filed 05/05/21 | closed 05/26/23 |

Case No. 2:24-cr-00163-TS

7/11/26, 1:46 AM  Case 2:24-cr-00163-TS    Document 265    CM/ECF U.S. District Court:utd    Filed 07/14/26    PageID.16549    Page 38 of

DEFENDANT'S EXHIBIT APPENDIX

70

| [2:21-cr-00228-RJS-1](#) | Lamont Anderson | filed 05/26/21 | closed 02/18/22 |
|---|---|---|---|
| [2:21-cr-00282-CW-1](#) | Nelson Bulus Wandi | filed 06/30/21 | closed 06/02/22 |
| [2:21-cr-00289-HCN-1](#) | Colten Jay Olsen | filed 07/14/21 | closed 12/23/21 |
| [2:21-cr-00294-JNP-1](#) | Chad Anderson | filed 07/14/21 | closed 12/23/21 |
| [2:21-cr-00300-TC-1](#) | Reginald Eugene Griffin | filed 07/21/21 | closed 07/12/22 |
| [2:21-cr-00337-DAK-1](#) | Mitchell Alex Zavala | filed 08/18/21 | closed 08/11/22 |
| [2:21-cr-00363-DS-1](#) | Bobby Dean Cowell | filed 09/01/21 | closed 01/14/22 |
| [2:21-cr-00365-TC-1](#) | Sarh Sone Jabbah | filed 09/01/21 | closed 05/05/23 |
| [2:21-cr-00391-TS-1](#) | James Bowen Martin | filed 09/15/21 | closed 09/07/22 |
| [2:21-cr-00425-DBB-1](#) | Justin Kimball Strickland | filed 10/06/21 | closed 04/12/22 |
| [2:21-cr-00433-DAK-1](#) | Wyat Orval Denison | filed 10/12/21 | closed 10/12/21 |
| [2:21-cr-00463-CW-1](#) | Nelson Bulus Wandi | filed 11/03/21 | closed 06/03/22 |
| [2:21-cr-00470-DBB-1](#) | Charles Lee Danvers | filed 11/10/21 | closed 06/02/22 |
| [2:21-cr-00474-DBB-1](#) | Skyler Japhied Breeze | filed 11/10/21 | closed 03/02/23 |
| [2:21-cr-00488-TS-1](#) | Robert Edward Dean, Jr. | filed 11/17/21 | closed 07/08/22 |
| [2:21-cr-00490-CW-1](#) | Travis Ryan Martin | filed 11/17/21 | closed 08/04/22 |
| [2:21-cr-00517-RJS-1](#) | Favian Martinez-Ramirez | filed 12/15/21 | closed 08/17/22 |
| [2:21-cr-00522-DS-1](#) | Jose Fernando Velasquez-Moreno | filed 12/15/21 | closed 01/18/23 |
| [2:21-cr-00528-TS-1](#) | Jackson Nshimiyimana | filed 12/22/21 | closed 05/03/23 |
| [2:21-mj-00041-DAO-1](#) | Kirk Madsen | filed 01/22/21 | closed 02/03/21 |

| | | | |
|---|---|---|---|
| [2:21-mj-00126-CMR-1](#) | David Cole Fulton | filed 02/26/21 | closed 03/17/21 |
| [2:21-mj-00535-JCB-1](#) | Caleb Jackson | filed 07/01/21 | closed 07/09/21 |
| [2:21-mj-00540-DBP-1](#) | Mitchell Maw | filed 07/07/21 | closed 07/08/21 |
| [2:21-mj-00714-CMR-1](#) | Gary Wilson | filed 09/10/21 | closed 09/13/21 |
| [2:21-mj-00862-CMR-1](#) | Jose Fernando Velasquez-Moreno | filed 11/09/21 | closed 12/15/21 |
| [2:21-mj-00916-JCB-1](#) | Favian Martinez-Ramirez | filed 12/02/21 | closed 12/15/21 |
| [2:22-cr-00021-DS-1](#) | Michael Jonathan Collins | filed 01/26/22 | closed 09/15/22 |
| [2:22-cr-00037-DS-1](#) | Marcus Anthony Davis | filed 02/09/22 | closed 12/20/22 |
| [2:22-cr-00038-DBB-1](#) | Klint Gregory Bouck | filed 02/09/22 | closed 08/04/22 |
| [2:22-cr-00113-TC-1](#) | Daniel Jeffery Allred | filed 03/30/22 | closed 09/19/22 |
| [2:22-cr-00121-TS-1](#) | Denzel Tramel Swinton | filed 04/06/22 | closed 02/15/23 |
| [2:22-cr-00143-DS-1](#) | Robert Patrick Daniel Binkerd | filed 04/20/22 | closed 12/05/22 |
| [2:22-cr-00155-HCN-1](#) | Daniel Emigdio Duran-Apodaca | filed 04/27/22 | closed 10/18/24 |
| [2:22-cr-00157-HCN-1](#) | Michael Duke Tanner | filed 05/04/22 | closed 03/07/23 |
| [2:22-cr-00161-JNP-1](#) | Andrew Deng Pham | filed 05/05/22 | closed 05/05/22 |
| [2:22-cr-00224-HCN-1](#) | Peter Pham | filed 06/22/22 | closed 03/20/26 |
| [2:22-cr-00250-DBB-1](#) | Jose Otilio Perez-Romero | filed 07/06/22 | closed 10/05/23 |
| [2:22-cr-00280-DBB-1](#) | Luis Enrique Murillo-Rodas | filed 08/03/22 | closed 12/22/22 |
| [2:22-cr-00283-CW-1](#) | Alejandro Reyes-Pantoja | filed 08/10/22 | closed 09/26/23 |

[2:22-cr-00285-DAK-1](#)    William Anthony Moore    filed 08/10/22    closed 01/23/25

[2:22-cr-00308-DS-1](#)    Craig Gordon    filed 08/24/22    closed 07/11/23

[2:22-cr-00327-DS-1](#)    Demetrio Chamu-Rayo    filed 09/07/22    closed 05/03/23

[2:22-cr-00361-TS-1](#)    Jared Kendall Lambson    filed 09/28/22    closed 07/12/23

[2:22-cr-00406-JNP-1](#)    Daimion Brown    filed 10/26/22    closed 08/23/23

[2:22-cr-00456-HCN-1](#)    Gregory Jerome Brown    filed 11/16/22    closed 11/16/22

[2:22-cr-00475-JNP-1](#)    Carlos Alberto Lopez-Romero    filed 12/07/22    closed 07/14/23

[2:22-cr-00492-DS-1](#)    Deon Marcus Thompson    filed 12/14/22    closed 05/09/23

[2:22-cr-00499-HCN-1](#)    Eleazar Hernandez-Laguna    filed 12/14/22    closed 06/23/23

[2:22-cr-00508-JNP-1](#)    Juan Arechiga-Avalos    filed 12/21/22    closed 06/30/23

[2:22-cr-00509-JNP-1](#)    James Lee Justet    filed 12/21/22    closed 07/14/23

[2:22-mj-00512-DBP-1](#)    Alejandro Reyes-Pantoja    filed 08/03/22    closed 08/10/22

[2:22-mj-00591-DBP-1](#)    Demetrio Chamu-Rayo    filed 08/26/22    closed 09/07/22

[2:23-cr-00001-JNP-1](#)    Daniel Warren Helco    filed 01/04/23    closed 01/15/26

[2:23-cr-00002-JNP-1](#)    Coleman Dale Craig    filed 01/04/23    closed 04/26/24

[2:23-cr-00047-JNP-1](#)    Flavio Cesar Mazariegos Covarrubias    filed 02/08/23    closed 07/14/23

[2:23-cr-00048-HCN-1](#)    Gerardo Velasquez-Camacho    filed 02/08/23    closed 09/18/23

[2:23-cr-00058-DS-1](#)    Angel Barranco-Munoz    filed 02/15/23    closed 09/27/23

[2:23-cr-00096-HCN-1](#)    Teresa Price    filed 03/15/23    closed 09/10/25

[2:23-cr-00113-HCN-DBP-1](#)    Bogdan Ilimescu    filed 03/29/23    closed 07/10/26

| 2:23-cr-00113-HCN-DBP-2 | Oliver Onet | filed 03/29/23 | closed 03/14/25 |
| 2:23-cr-00115-HCN-1 | Nicolas Adame-Monreal | filed 03/29/23 | closed 01/19/24 |
| 2:23-cr-00136-DAK-1 | Jose Roberto Sanchez | filed 04/12/23 | closed 02/13/24 |
| 2:23-cr-00137-HCN-1 | Michael Pilimai | filed 04/12/23 | closed 03/05/24 |
| 2:23-cr-00164-DS-2 | Sebastian Francis West | filed 04/27/23 | closed 12/10/24 |
| 2:23-cr-00184-HCN-1 | Devon William Culley | filed 05/17/23 | closed 08/16/24 |
| 2:23-cr-00196-JNP-1 | Dennis James Jackson | filed 05/24/23 | closed 03/25/24 |
| 2:23-cr-00204-JNP-2 | Joshua Allen Panek | filed 05/25/23 | closed 10/18/24 |
| 2:23-cr-00219-JCB-1 | Brandon Lane Schrimsher | filed 06/07/23 | closed 01/31/24 |
| 2:23-cr-00238-TS-1 | Lenin Rafael Rodriguez-Villafranca | filed 06/21/23 | closed 08/19/25 |
| 2:23-cr-00246-HCN-1 | Earl Tyree Ellen, III | filed 06/28/23 | closed 07/31/24 |
| 2:23-cr-00262-HCN-1 | David Michael Stokes | filed 07/12/23 | closed 10/29/24 |
| 2:23-cr-00300-DAK-1 | Patrick G. Heaps | filed 08/18/23 | closed 08/18/23 |
| 2:23-cr-00303-DAK-1 | Chase Dell | filed 08/23/23 | closed 11/05/25 |
| 2:23-cr-00317-DAK-1 | Patrick Garrett Heaps | filed 08/29/23 | closed 08/29/23 |
| 2:23-cr-00322-DS-1 | Wilmer Daniel Soto Velasquez | filed 09/06/23 | closed 03/18/24 |
| 2:23-cr-00333-CW-1 | Antonio De Jesus Velasquez-Bermudez | filed 09/13/23 | closed 11/09/23 |
| 2:23-cr-00337-TS-1 | David Joel Gold | filed 09/20/23 | closed 08/27/24 |
| 2:23-cr-00364-HCN-DAO-1 | Kyle Klos | filed 10/04/23 | |
| 2:23-cr-00387-JNP-1 | Wilmer Arnoldo Romero-Soto | filed 10/25/23 | closed 12/12/23 |

| [2:23-cr-00404-HCN-1](#) | Michael Lynn Stephenson | filed 11/08/23 | closed 10/01/24 |
| [2:23-cr-00440-DS-1](#) | Justin Lee Helmsin | filed 12/06/23 | closed 03/04/25 |
| [2:23-cr-00447-DS-1](#) | Justin Lee Helmsin | filed 12/06/23 | closed 03/04/25 |
| [2:23-cr-00460-DBB-1](#) | Charles Corwin Keller | filed 12/20/23 | closed 11/12/24 |
| [2:23-cr-00463-TC-1](#) | Brigido Ibarra-Magallanes | filed 12/20/23 | closed 07/25/24 |
| [2:23-mj-00067-JCB-1](#) | Gerardo Velasquez-Camacho | filed 01/26/23 | closed 02/08/23 |
| [2:23-mj-00071-JCB-1](#) | Flavio Cesar Mazariego Covarrubias | filed 01/27/23 | closed 02/08/23 |
| [2:23-mj-00138-CMR-1](#) | Hortencia Gutierrez | filed 02/13/23 | closed 02/17/23 |
| [2:23-mj-00254-DAO-1](#) | Jose Roberto Sanchez | filed 03/22/23 | closed 04/13/23 |
| [2:23-mj-00259-DAO-1](#) | Nicolas Adame-Monreal | filed 03/23/23 | closed 03/29/23 |
| [2:23-mj-00410-DBP-1](#) | Joshua Allen Panek | filed 04/27/23 | closed 05/25/23 |
| [2:23-mj-00553-CMR-1](#) | Lenin Rafael Rodriguez-Villafranca | filed 06/08/23 | closed 06/21/23 |
| [2:23-mj-00781-JCB-1](#) | Wilmer Daniel Soto Velasquez | filed 08/23/23 | closed 09/06/23 |
| [2:23-mj-00945-CMR-1](#) | Wilmer Arnoldo Romero-Soto | filed 10/12/23 | closed 10/25/23 |
| [2:23-mj-00952-CMR-1](#) | Cesar Moreno-Gonzalez | filed 10/16/23 | closed 10/18/23 |
| [2:23-mj-01151-JCB-1](#) | Brigido Ibarra-Magallanes | filed 12/08/23 | closed 12/20/23 |
| [2:23-mj-01152-JCB-1](#) | Charles Corwin Keller | filed 12/08/23 | closed 12/20/23 |
| [2:24-cr-00010-DAK-1](#) | Alfonzo Ramirez | filed 01/10/24 | closed 06/25/24 |
| [2:24-cr-00031-DS-1](#) | Jorden Peacock | filed 02/07/24 | closed 11/04/25 |
| [2:24-cr-00033-HCN-1](#) | Glenn Raymond Breeden | filed 02/14/24 | closed 01/14/25 |

| | | | |
|---|---|---|---|
| [2:24-cr-00082-DS-1](#) | Stanley Ray Perry | filed 03/13/24 | closed 12/10/24 |
| [2:24-cr-00088-DBB-1](#) | Jhonatan Hassiel Ruelas-Espinoza | filed 03/13/24 | closed 05/23/24 |
| [2:24-cr-00094-DAK-1](#) | Rafael Antonio Torres | filed 03/20/24 | closed 01/27/25 |
| [2:24-cr-00128-DS-1](#) | Brison Isaiah Blalock | filed 04/17/24 | closed 09/24/24 |
| [2:24-cr-00156-DS-1](#) | Cristian Eduardo Jimenez Valdez | filed 05/01/24 | closed 01/08/25 |
| [2:24-cr-00163-TS-1](#) | Kailin Wang | filed 05/08/24 | |
| [2:24-cr-00206-DS-1](#) | Skyler James Lillie | filed 06/26/24 | closed 02/12/25 |
| [2:24-cr-00253-HCN-1](#) | Rene Isaac Martinez | filed 07/31/24 | closed 09/10/25 |
| [2:24-cr-00266-TS-1](#) | Elder Doblado-Garcia | filed 08/14/24 | closed 06/16/26 |
| [2:24-cr-00315-DS-1](#) | Calvin Brantley | filed 10/02/24 | closed 11/04/25 |
| [2:24-cr-00370-JNP-1](#) | Alma Yanagui | filed 11/13/24 | closed 03/04/26 |
| [2:24-cr-00373-TS-1](#) | Ramon Rojo-Legarda | filed 11/13/24 | closed 02/03/26 |
| [2:24-cr-00379-DAK-1](#) | Raul Alejandro Abrego | filed 11/20/24 | closed 06/26/25 |
| [2:24-cr-00391-TS-1](#) | Ramon Rojo-Legarda | filed 12/03/24 | closed 12/03/24 |
| [2:24-cr-00405-TS-1](#) | Patrick Baker | filed 12/11/24 | closed 05/20/26 |
| [2:24-cr-00406-DS-1](#) | Jade Rebekah Moen | filed 12/11/24 | |
| [2:24-mj-00162-DAO-1](#) | Thomas Prouty | filed 02/20/24 | closed 02/20/24 |
| [2:24-mj-00424-DBP-1](#) | Cristian Eduardo Jimenez Valdez | filed 04/22/24 | closed 05/01/24 |
| [2:24-mj-00873-CMR-1](#) | Jose Arturo Moreno | filed 08/30/24 | closed 09/09/24 |

Case No. 2:24-cr-00163-TS

7/11/26, 1:46 AM  Case 2:24-cr-00163-TS   Document 265   CM/ECF 07/14/26   PageID.16555   Page 44 of
70   DEFENDANT'S EXHIBIT APPENDIX

| | | | |
|---|---|---|---|
| [2:24-mj-00916-PK-1](#) | Calvin Brantley | filed 09/13/24 | closed 10/02/24 |
| [2:24-mj-01069-DBP-1](#) | Ramon Rojo-Legarda | filed 11/01/24 | closed 11/13/24 |
| [2:24-mj-01199-CMR-1](#) | Jawuan Donte Thomas | filed 12/17/24 | closed 01/08/25 |
| [2:25-cr-00003-JNP-1](#) | Lah Wah | filed 01/08/25 | |
| [2:25-cr-00004-TC-1](#) | Jawuan Donte Thomas | filed 01/08/25 | |
| [2:25-cr-00024-DAK-1](#) | Pablo Ramirez-Tule | filed 01/29/25 | |
| [2:25-cr-00053-DBB-1](#) | Santos Randolfo Hernandez Navarro | filed 02/19/25 | closed 12/04/25 |
| [2:25-cr-00054-HCN-CMR-1](#) | Alphonzo Robert Bell | filed 02/19/25 | closed 06/22/26 |
| [2:25-cr-00117-DS-1](#) | Eric Lamont Hogan | filed 03/26/25 | closed 05/06/26 |
| [2:25-cr-00121-JNP-1](#) | Jessy Ayala, Jr. | filed 03/26/25 | closed 02/11/26 |
| [2:25-cr-00189-DBB-1](#) | Jared Scott Brooks | filed 05/07/25 | closed 06/23/26 |
| [2:25-cr-00212-DAK-1](#) | Evan C. Buckley | filed 05/28/25 | |
| [2:25-cr-00240-JNP-1](#) | Alberto Pineda-Calderon | filed 06/18/25 | |
| [2:25-cr-00276-TS-1](#) | Victor Manuel Sanchez Chacon | filed 07/16/25 | |
| [2:25-cr-00296-JNP-1](#) | Sacramento Reyes-Lepez | filed 07/30/25 | closed 03/24/26 |
| [2:25-cr-00322-DAK-1](#) | Zalman Ber Goldblatt | filed 08/27/25 | |
| [2:25-cr-00341-CW-1](#) | Manuel Santos-Ramirez | filed 09/10/25 | |
| [2:25-cr-00362-RJS-CMR-1](#) | Christopher Solomon Proctor | filed 10/01/25 | |
| [2:25-cr-00383-CW-1](#) | Pablo Cuellar Diaz | filed 10/15/25 | |
| [2:25-cr-00408-JNP-1](#) | Jonathon Hassiel Ruelas-Espinoza | filed 11/05/25 | |

| | | | |
|---|---|---|---|
| [2:25-cr-00409-RJS-1](#) | Benedicta Okunlola | filed 11/06/25 | closed 02/06/26 |
| [2:25-cr-00423-HCN-JCB-1](#) | Richard Daniel Garcia | filed 12/03/25 | |
| [2:25-cr-00433-RJS-CMR-1](#) | Long Hoang Luu | filed 12/10/25 | |
| [2:25-cr-00434-RJS-DBP-1](#) | Norlan Guillermo Andino-Torres | filed 12/10/25 | |
| [2:25-mj-00078-DAO-1](#) | Santos Randolfo Hernandez Navarro | filed 01/30/25 | closed 02/19/25 |
| [2:25-mj-00120-CMR-1](#) | Alphonzo Robert Bell | filed 02/06/25 | closed 02/19/25 |
| [2:25-mj-00553-DBP-1](#) | Alberto Pineda-Calderon | filed 06/02/25 | closed 06/18/25 |
| [2:25-mj-00661-PK-1](#) | Sacramento Reyes-Lopez | filed 07/14/25 | closed 07/30/25 |
| [2:25-mj-00781-PK-1](#) | Manuel Santos-Ramirez | filed 08/28/25 | closed 09/10/25 |
| [2:25-mj-00876-DBP-1](#) | Christopher Solomon Proctor | filed 09/20/25 | closed 09/26/25 |
| [2:25-mj-00912-DBP-1](#) | Christopher Solomon Proctor | filed 09/26/25 | closed 10/01/25 |
| [2:25-mj-01017-DAO-1](#) | Richard Daniel Garcia | filed 11/19/25 | closed 12/03/25 |
| [2:26-cr-00016-DS-1](#) | Joshua Scott Cowley | filed 01/28/26 | |
| [2:26-cr-00052-TC-1](#) | Christopher Anthony Long, Jr | filed 03/04/26 | |
| [2:26-cr-00086-TC-1](#) | Jawuan D. Thomas | filed 03/26/26 | |
| [2:26-cr-00094-JNP-1](#) | Angelo Mark Garcia | filed 04/01/26 | |
| [2:26-cr-00116-RJS-5](#) | Eduardo Francisco Lopez Perez | filed 04/15/26 | |
| [2:26-cr-00152-DBB-1](#) | William Barry | filed 05/06/26 | |
| [2:26-cr-00168-TS-1](#) | Walter Eduardo Aceituno-Cerrato | filed 05/13/26 | |
| [2:26-cr-00170-TC-1](#) | Kevin Angel Guerrero | filed 05/13/26 | |

| Case | Name | Filed | Closed |
|---|---|---|---|
| 2:26-cr-00172-DBB-1 | Austin James Wilson | filed 05/13/26 | |
| 2:26-cr-00218-TS-1 | Tamim Ghulam Sarwar | filed 06/17/26 | |
| 2:26-cr-00233-HCN-DBP-1 | Antonio De Jesus Velazquez-Bermudez | filed 06/24/26 | |
| 2:26-mj-00244-JCB-1 | Eduardo Francisco Lopez Perez | filed 04/02/26 | closed 04/15/26 |
| 2:26-mj-00404-PK-1 | Walter Eduardo Aceituno-Cerrato | filed 05/06/26 | closed 05/13/26 |
| 2:97-cr-00188-DAK-1 | Patrick Garrett Heaps | filed 06/11/97 | closed 04/21/98 |
| 2:97-cr-00383-DAK-1 | Patrick Garrett Heaps | filed 11/19/97 | closed 04/21/98 |
| 4:18-cr-00005-DBB-1 | Julian Robinson | filed 03/14/18 | closed 05/22/19 |
| 4:18-cr-00010-TS-1 | Tanner Petty Giles | filed 03/14/18 | closed 10/12/18 |
| 4:19-cr-00007-DBB-1 | Matthew Olan Huggins | filed 01/30/19 | closed 08/08/19 |
| 4:20-cr-00061-DN-1 | Gadge Leelynd Christensen | filed 04/30/20 | closed 06/03/20 |
| 4:20-cr-00075-DN-1 | John Davis | filed 07/08/20 | closed 12/17/20 |
| 4:23-cr-00051-AMA-1 | Terrone Alwyn Dance | filed 06/28/23 | closed 08/08/24 |
| 4:25-cr-00076-AMA-1 | Gerard Schrock | filed 08/06/25 | closed 06/22/26 |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 07/11/2026 01:46:46 | | | |
| PACER Login: | | Client Code: | |
| Description: | Search | Search Criteria: | Last Name: SORENSON First Name: rich |
| Billable Pages: | | | |

# EXHIBIT R

## EMAIL RECORD OF UNFILED OR DISPUTED SENTENCING ISSUES

Selected July 2026 correspondence identifying record-based objections concerning date-stripped exhibits, the New York disposition, Danish family-court materials, PSR conditions, attorney-client privilege, restrictions involving Ms. Wang's child, and the passport narrative. Relevant passages are highlighted.

 Gmail

John Wang <yunlong88cong@gmail.com>

---

## Subject: Government Cannot Demand Remorse for Unproven 2013 Conduct Unrelated to This Case

2 messages

---

**John Wang** <yunlong88cong@gmail.com>  Fri, Jul 10, 2026 at 2:31 PM
To: UTDecf Stewart <UTDecf_Stewart@utd.uscourts.gov>, "Blanch, Joey (USAUT)" <joey.blanch2@usdoj.gov>, Conrad Kaufman <Conrad_Kaufman@utp.uscourts.gov>, Richard Sorenson <richard_sorenson@fd.org>, Erik Jacobson <erikj@utcpd.com>, jaredp@utahcounty.gov, UCAO@utahcounty.gov, domenickl@utahcounty.gov, Liah Wolf <lilah.wolf@sfgov.org>

**Subject:** Government Cannot Demand Remorse for Unproven 2013 Conduct Unrelated to This Case

Dear Court, Ms. Blanch, Mr. Kaufman, UCAO Jared Perkins and Rich,

Ms. Wang cannot and will not write a statement expressing remorse for unproven conduct involving Rory Will.

Rory Will is not a victim in this case. The alleged conduct is from 2013. It belongs to a separate, already-disposed New York matter in which Ms. Wang admitted no stalking allegations, was not convicted of stalking, and received only a non-criminal disorderly-conduct violation disposition.

The government is now attempting to force remorse for allegations Ms. Wang never admitted, that were never proven, and that do not involve either victim in this federal case. That is improper.

The same problem exists with the Walker Stone / V2 text messages. The government is presenting 2017 text messages while omitting or deleting dates in a way that makes them appear recent and makes them appear tied to Victim 1 or Mr. ███████ They are not. They are old Walker Stone materials, not evidence of recent communications to ███████ and not evidence of harassment of Victim 1.

This is exactly the kind of manipulation Ms. Wang was prosecuted for in the Utah false-statements case. If presenting old materials while stripping dates and creating a misleading impression is criminal when alleged against Ms. Wang, then the same standard should apply when the ███████ and the government use that tactic against her.

Ms. Wang cannot be sentenced based on fabricated context, date-stripped exhibits, and unproven allegations from unrelated cases. The government cannot demand that she express remorse for conduct involving Rory Will, who is not a victim in this case, or for stale Walker Stone text messages dressed up as something else.

The record must be corrected. The exhibits must be accurately dated, accurately attributed, and accurately described. Anything less is a material misrepresentation to the Court.

Ms. Wang preserves all objections.

John Wang sent on behalf of Kailin Wang, who dictated the message  (+1 801 709-0209); (+1 801-787-9755) (+1 801 361-8742)

7/12/26, 12:40 AM — Gmail - Subject: FORMAL DEMAND: Immediate Discovery Disclosure, Scheduling Order, Evidentiary Hearing, and Immediate Implementatio…

Case 2:24-cr-00163-TS   Document 265   Filed 07/14/26   PageID.16560   Page 49 of 70

 Gmail

John Wang <yunlong88cong@gmail.com>

---

## Subject: FORMAL DEMAND: Immediate Discovery Disclosure, Scheduling Order, Evidentiary Hearing, and Immediate Implementation of Computer Monitoring

---

**John Wang** <yunlong88cong@gmail.com>                                          Fri, Jul 10, 2026 at 5:43 AM
To: UTDecf Stewart <UTDecf_Stewart@utd.uscourts.gov>
Cc: "Blanch, Joey (USAUT)" <joey.blanch2@usdoj.gov>, Richard Sorenson <richard_sorenson@fd.org>, Conrad Kaufman <Conrad_Kaufman@utp.uscourts.gov>

Ms. Blanch,

This is a formal demand that the Government immediately disclose all discovery cited in its 43-page sentencing memorandum — every Danish and family-court order, filing, communication, and other item it has used, intends to use, or has provided to Probation. The Government previously represented that it would not rely on evidence from Denmark or the family-court proceedings. Its memorandum now relies on precisely those materials. That contradiction of its own representation compels full and immediate disclosure.

Further, because the Government persists in making frivolous arguments that Ms. Wang's use of the internet to contact the Court is somehow improper, and because the parties agree that computer monitoring is an appropriate condition, **Ms. Wang hereby requests that the Court implement the computer-monitoring condition immediately. Once monitoring is in place, there can be no further insinuation that Ms. Wang is "breaking the law" by emailing the Court. If the Government genuinely believes monitoring is necessary, it should welcome immediate implementation; its refusal would expose these accusations for what they are — rhetoric, not concern.**

**To be unequivocal:** there is no Danish restraining order, and there is no Danish order prohibiting photographs, visitation, contact, or any comparable conduct. The absence of a current visitation order does not create an affirmative prohibition. Any contrary characterization is false and must be corrected on the record.



There are likewise no findings that Ms. Wang abducted or attempted to abduct the child. Any proposed condition premised on alleged abduction, sexual misconduct, stalking, surveillance, or any other disputed conduct must be supported by disclosed evidence and resolved at an evidentiary hearing through specific findings of fact and conclusions of law. Unproven accusations are not a lawful basis for conditions of supervision.

Ms. Wang will object to every condition exceeding those already recommended by Probation and will exhaust all available remedies. Any restriction concerning surveillance must also be applied evenhandedly MEANING TYIS DOES HOT GIVEN ▉▉▉▉▉▉▉ PERMISSION TO SURVEIL WANG, STALK WANG BY PAYING PRIVATE INVESTIGATORS WANG HAS NEVER FOLLOWED, NOR SURVEILLED ▉▉▉▉▉▉▉ ONLY THE OTHER WAY AROUND. ▉▉▉▉ cannot be permitted to surveil, and monitor Ms. Wang, direct others to follow or surveil her, or station individuals outside her residence while simultaneously seeking restrictions against her based on the very same conduct. Evidence of that conduct will be presented at the hearing.

Produce the materials immediately and request the necessary scheduling order. If the Government refuses, state that refusal in writing without delay so the record is clear.

7/12/26, 12:4... Case 2:24-cr-00163-TS Document 265 Filed 07/14/26 PageID 16561 Page 50 of 70

Gmail - Subject: FORMAL DEMAND: Immediate Discovery Disclosure, Scheduling Order, Evidentiary Hearing, and Immediate Implementatio…

**Blanch, Joey (USAUT)** <Joey.Blanch2@usdoj.gov>   Tue, Apr 21, 2026 at 10:42 AM
To: John Wang <yunlong88cong@gmail.com>, Richard Sorenson <richard_sorenson@fd.org>, Conrad Kaufman <Conrad_Kaufman@utp.uscourts.gov>

I am not planning on relying on Danish family court documents. I do not believe I have any documents from the Danish family court other than the order related to how the hearing would proceed via the Danish consulate.

From: John Wang <yunlong88cong@gmail.com>
Sent: Tuesday, April 21, 2026 1:00 AM
To: Blanch, Joey (USAUT) <Joey.Blanch2@usdoj.gov>; Richard Sorenson <richard_sorenson@fd.org>; Conrad Kaufman <Conrad_Kaufman@utp.uscourts.gov>
Subject: [EXTERNAL] Request for Notice of Any Danish Court Proceedings Documents Expected to be used at Sentencing

If the Government is relying on the 66-page 23 February 2026 Denmark Family Court adverse ruling against Ms. Kailin Wang, then any reciprocal discovery will, of course, include that judgment and the underlying record. That judgment is currently on appeal.

For the Government's awareness, out of approximately 24 California appellate matters Ms. Wang has pursued, only two have been selected for publication and designated as citable case law. Ms. Wang prevailed in both of those published decisions, and she also prevailed in a separate interlocutory appeal. Thus, the assertion in Meloy's Opinion that Ms. Wang "never wins anything" is demonstrably false.

Similarly, the characterization of Ms. Wang's vexatious-litigant status is misleading. Since January 5, 2021, Ms. Wang has been subject to a pre-filing-order requirement and must obtain permission before initiating filings. Despite that constraint, a substantial majority of her proposed filings—approximately 85 percent—have been approved for filing after review by the presiding judge. In other words, the very filter invoked to criticize her also shows that most of her proposed filings were deemed to have sufficient merit to proceed. If the Government wishes to put her vexatious-litigant history at issue in this criminal matter, Ms. Wang is prepared to respond filing-by-filing and order-by-order.

In that connection, please confirm whether you have an English translation of the 23 February 2026 Danish judgment.

With respect to the characterizations offered by Mr. Meloy, those statements are inaccurate and can be rebutted with specific evidence. Ms. Wang has successfully obtained the disqualification of three judges in prior proceedings. While Ms.



**Unlawful Surveillance.pdf**
16851K

 Gmail

John Wang <yunlong88cong@gmail.com>

## 4/16/26 USA Email confirming it has "No Objections to the PSR"

1 message

**John Wang** <yunlong88cong@gmail.com>                                    Thu, Jul 9, 2026 at 10:14 PM
To: Richard Sorenson <richard_sorenson@fd.org>, "Blanch, Joey (USAUT)" <joey.blanch2@usdoj.gov>, Conrad Kaufman <Conrad_Kaufman@utp.uscourts.gov>, UTDecf Stewart <UTDecf_Stewart@utd.uscourts.gov>

---

**Request for Governments Objections to PSR**
2 messages

**John Wang** <yunlong88cong@gmail.com>                          Thu, Apr 16, 2026 at 1:14 AM
To: "Blanch, Joey (USAUT)" <joey.blanch2@usdoj.gov>, Conrad Kaufman <Conrad_Kaufman@utp.uscourts.gov>, Richard Sorenson <richard_sorenson@fd.org>

Since the defendant was required to provide the government with her objections to the PSR, which she disclosed on April 10, 2026, it is only fair that the government likewise disclose any objections it has to the PSR.

John Wang sent on behalf of Kailin Wang, who dictated the message  (+1 801 709-0209); (+1 801-787-9755) (+1 801 361-8742)

The information in this email is intended solely for the use of the individual or entity to whom it is addressed and may contain proprietary, confidential, or privileged material, including attorney-client communications and information related to pending privileged litigation matters. If you are not the intended recipient, any review, dissemination, distribution, or copying of this message and any attached materials is strictly prohibited. If you have received this email in error, please notify the sender immediately and delete all copies of this message and any attachments.

**Blanch, Joey (USAUT)** <Joey.Blanch2@usdoj.gov>                   Thu, Apr 16, 2026 at 9:42 AM
To: John Wang <yunlong88cong@gmail.com>, Conrad Kaufman <Conrad_Kaufman@utp.uscourts.gov>, Richard Sorenson <richard_sorenson@fd.org>

The government has no objections to the PSR.

[Quoted text hidden]

John Wang sent on behalf of Kailin Wang, who dictated the message  (+1 801 709-0209); (+1 801-787-9755) (+1 801 361-8742)

The information in this email is intended solely for the use of the individual or entity to whom it is addressed and may contain proprietary, confidential, or privileged material, including attorney-client communications and information related to pending privileged litigation matters. If you are not the intended

 **Gmail**

John Wang &lt;yunlong88cong@gmail.com&gt;

## Response to Governments' Exhibit 18

**John Wang** &lt;yunlong88cong@gmail.com&gt;                                        Fri, Jul 10, 2026 at 9:58 PM
To: "Blanch, Joey (USAUT)" &lt;joey.blanch2@usdoj.gov&gt;, Richard Sorenson &lt;richard_sorenson@fd.org&gt;, Conrad Kaufman &lt;Conrad_Kaufman@utp.uscourts.gov&gt;

### Response to Government Exhibit 18

Probation knows that Ms. Wang must sometimes send emails through family members while using her own account because medical, financial, legal, and privacy requirements prevent others from communicating on her behalf.

Exhibit 18 is therefore misleading and improper. It appears to include privileged communications between Ms. Wang and her Danish family-law attorney, Bjørn Jacobsen, as well as communications concerning the possible termination of federal counsel. Those communications are protected by the attorney-client privilege.

The Government should not have filed or relied on them without first establishing waiver. Ms. Wang objects and requests that the privileged communications be stricken, sealed, and disregarded.

John Wang sent on behalf of Kailin Wang, who dictated the message  (+1 801 709-0209); (+1 801-787-9755) (+1 801 361-8742)

The information in this email is intended solely for the use of the individual or entity to whom it is addressed and may contain proprietary, confidential, or privileged material, including attorney-client communications and information related to pending privileged litigation matters. If you are not the intended recipient, any review, dissemination, distribution, or copying of this message and any attached materials is strictly prohibited. If you have received this email in error, please notify the sender immediately and delete all copies of this message and any attachments.

 **Ex 18 Wang Emails_Redacted.pdf**
1184K

 Gmail

John Wang <yunlong88cong@gmail.com>

# SHEPARD & SIMILARITY AUTHORITIES APPLIED TO THE 2013–14 NEW YORK (RW) DISPOSITION — PSR ¶ 77 / U.S.S.G. § 4A1.2(c)(1)

1 message

**John Wang** <yunlong88cong@gmail.com>                                                    Thu, Jul 9, 2026 at 8:14 PM
To: Richard Sorenson <richard_sorenson@fd.org>, Lacey Bagley <Lacey_Bagley@fd.org>, Wojciech Nitecki <wojciech_nitecki@fd.org>, █████████████████████

Even if § 4A1.2(c)(1) permits consideration of actual conduct in some cases, *Shepard*, *Descamps*, and *Mathis* prevent the government from treating unadmitted complaint allegations as conviction facts. The prior offense of conviction was disorderly conduct. It was not stalking, harassment, contempt, or cyberstalking. No plea record shows that Ms. Wang necessarily admitted stalking-equivalent facts. Therefore, the New York disposition is not "similar to" the instant federal cyberstalking offense.

| Case | Use | Defense value |
|---|---|---|
| **Shepard v. United States, 544 U.S. 13** | Core rule | A court may not use police reports or complaint applications to determine what a guilty plea necessarily admitted; review is limited to the statute, charging document, written plea agreement, plea colloquy, and judicial findings assented to by the defendant. |
| **Descamps v. United States, 570 U.S. 254** | Follow-up to Shepard | Modified categorical approach cannot be used to conduct a facts-based inquiry when the statute has one indivisible set of elements. Your Westlaw Shepard-citing results identify *Descamps* for that proposition. |
| **Mathis v. United States, 579 U.S. 500** | Strongest facts-vs-elements case | Elements are what must be found by a jury or necessarily admitted in a plea; facts are "real-world things" not legally required for conviction. The USSC primer excerpt is very useful on this distinction. |
| **United States v. Titties, 852 F.3d 1257** | Tenth Circuit | Helpful local authority for limiting modified-categorical use; your Shepard-citing list describes it as holding that applying the modified categorical approach to an Oklahoma statute was improper. |
| **United States v. Grob, 625 F.3d 1209** | Best cyberstalking comparison | Prior criminal mischief was not similar to federal cyberstalking; Westlaw identifies it as the top result for disorderly conduct/cyberstalking similarity. |
| **United States v. Allen, 519 F. App'x 727** | New York disorderly conduct | New York disorderly conduct under § 240.20 is a violation with a 15-day maximum; guideline ambiguity was resolved in defendant's favor. |
| **United States v. King, 506 F.3d 532** | Government-side case to distinguish | Seventh Circuit counted a prior offense as similar where the prior offense involved the same type of fraud/stolen SSN conduct as the instant convictions. Distinguish because the prior offense itself involved fraud conduct, not dismissed allegations from a reduced violation. |
| **United States v. DeJesus-Concepcion, 607 F.3d 303** | Government-side case to distinguish | Court considered actual conduct under § 4A1.2(c)(1), but the defendant waived the objection and expressly acknowledged the conduct supported a criminal-history point. That is the opposite of Wang's posture. |

John Wang sent on behalf of Kailin Wang, who dictated the message  (+1 801 709-0209); (+1 801-787-9755) (+1 801 361-8742)

The information in this email is intended solely for the use of the individual or entity to whom it is addressed and may contain proprietary, confidential, or privileged material, including attorney-client communications and information related to pending privileged litigation matters. If you are not the intended recipient, any review, dissemination, distribution, or copying of this message and any attached materials is strictly prohibited. If you have received this email in error, please notify the sender immediately and delete all copies of this message and any attachments.

7/12/26, 12:38 AM    Gmail - Tenth Circuit Authority on Supervised-Release Conditions Restricting Contact with a Defendant's Own Child

Case 2:24-cr-00163-TS    Document 265    Filed 07/14/26    PageID.16565    Page 54 of 70

 Gmail

John Wang <yunlong88cong@gmail.com>

## Tenth Circuit Authority on Supervised-Release Conditions Restricting Contact with a Defendant's Own Child

1 message

**John Wang** <yunlong88cong@gmail.com>                                                    Sat, Jul 11, 2026 at 7:47 AM
To: UTDecf Stewart <UTDecf_Stewart@utd.uscourts.gov>, "Blanch, Joey (USAUT)" <joey.blanch2@usdoj.gov>, Richard Sorenson <richard_sorenson@fd.org>, Conrad Kaufman <Conrad_Kaufman@utp.uscourts.gov>

| Case | Own child a victim? | Evidence defendant endangered own child? | Condition at issue | District court findings | Standard applied / holding | Disposition |
|---|---|---|---|---|---|---|
| *United States v. Honors*, 160 F.4th 1089 (10th Cir. Nov. 26, 2025) (published) **VERIFIED against slip op., No. 24-3118 (Jul. 11, 2026)** | No. Victim was 16-year-old stepdaughter; the four biological children (ages 3–8 at sentencing) and wife were not victims. | None. No finding, and no government argument, that defendant would endanger his biological children or spouse; children will be adults when supervision begins. | No contact with "victim, or victim's family by any means" absent court approval — imposed on 10-year supervision term AND, via post-hearing "civil injunction," during the 60-year prison term. | Court "skeptical" children would want contact; defendant not "a good dad"; obstruction attempt (letters to wife); case "especially horrific." Held insufficient. | Fundamental right of familial association (Lonjose; Troxel); interference only in "compelling circumstances" (Smith); record must "unambiguously support a finding" of danger to own children (Smith, 606 F.3d at 1284); "express findings of compelling circumstances" (White, 782 F.3d at 1141); sex-offense conviction against a minor does NOT automatically divest familial-association rights. | Supervision condition VACATED as applied to wife and biological children; custodial no-contact order VACATED in its entirety — district court lacked statutory and ancillary jurisdiction (rejecting Grigsby-based theory absent "rare and compelling circumstances"). |
| *United States v. Bycroft*, No. 24-7020 (10th Cir. Oct. 16, 2025) (published) **VERIFIED against slip op. (Jul. 11, 2026)** | N/A — Internet-condition case, not a family-contact case (victims were minor relatives/others). | N/A. | Computer/Internet use only with prior written probation-officer approval, for lifetime supervision term. | None specific to the condition — only a global statement that § 3553(a) factors were considered for the sentence as a whole. | Plain error to impose a special condition without any § 3583(d) analysis or explanation; court must explain, defendant-specifically, how each condition furthers § 3583(d) (Koch; Martinez-Torres); lifetime Internet bans demand "extraordinarily careful review" (Egli; Blair). | Sentence VACATED; remanded for resentencing. |
| *United States v. Burns*, 775 F.3d 1221, 1222–25 (10th Cir. 2014) **Holding corroborated by Bycroft slip op. at 17–18; verify facts on Westlaw** | Child-pornography conviction; restrictions reached defendant's own daughter. (Verify whether daughter was a victim — Bycroft's description indicates she was not.) | No findings made — that was the error. | Contact with own daughter conditioned on probation-officer approval. | None. | Plain error to impose restrictions on contact with own daughter without required findings; fourth prong satisfied because court "likely would have softened the contact restrictions" had the issue been raised. | Condition set aside; remanded. (Verify precise mandate.) |
| *United States v. Bear*, 769 F.3d 1221 (10th Cir. 2014) **As characterized in sentencing memo; verify pincites** | Own children not victims of the offense. (Verify.) | Record did not contain compelling evidence of danger to own children. | Restriction on contact with minors reaching defendant's own children. (Verify scope.) | Insufficient to satisfy heightened standard. | Restrictions on contact with a defendant's own children receive "stricter scrutiny" because "[t]he relationship between parent and child is constitutionally protected." Abuse-of-discretion | Vacated as applied to defendant's own children. (Verify.) |

7/12/26, 12:38 AM    Gmail - Tenth Circuit Authority on Supervised-Release Conditions Restricting Contact with Defendant's Own Child

Case 2:24-cr-00163-TS    Document 265    Filed 07/14/26    PageID.16566    Page 55 of 70

| Case | Own child a victim? | Evidence defendant endangered own child? | Condition at issue | District court findings | Standard applied / holding | Disposition |
|---|---|---|---|---|---|---|
| | | | | | review where preserved (cited for standard in Honors). | |
| *United States v. Lonjose*, 663 F.3d 1292 (10th Cir. 2011) **Characterization consistent with Honors' citation of Lonjose at 1303; verify pincites** | No — conviction was a sex offense involving a minor who was not defendant's son. | Record did not show danger to defendant's son or minor relatives. | Condition barred contact with minors, including defendant's own son and minor family members. | Insufficient. | Restrictions implicating the parent-child relationship require compelling circumstances and a record unambiguously supporting danger to the defendant's own child; source (with Smith) of the modern Tenth Circuit standard. | Vacated as applied to defendant's son and minor family members. |
| *United States v. Smith*, 606 F.3d 1270 (10th Cir. 2010) **Standard language VERIFIED via Honors' quotation (606 F.3d at 1284); verify underlying facts** | Verify. | Verify. | Restriction reaching defendant's own children. (Verify.) | Verify. | Origin of the operative quotations: special conditions "that interfere with the right of familial association can do so only in compelling circumstances," and the record must "unambiguously support a finding that [the defendant] is a danger to his own child[ren]." | Verify. |

John Wang sent on behalf of Kailin Wang, who dictated the message  (+1 801 709-0209); (+1 801-787-9755) (+1 801 361-8742)

The information in this email is intended solely for the use of the individual or entity to whom it is addressed and may contain proprietary, confidential, or privileged material, including attorney-client communications and information related to pending privileged litigation matters. If you are not the intended recipient, any review, dissemination, distribution, or copying of this message and any attached materials is strictly prohibited. If you have received this email in error, please notify the sender immediately and delete all copies of this message and any attachments.

**2 attachments**

 **Divided court bars federal district court review of non-final state-court judgments _ SCOTUSblog.pdf**
2680K

 **California Courts - Appellate Court Case Information _ Docket (Register of Actions).pdf**
1312K

 **Gmail**

## Subject: United States v. Wang, 2:24-cr-00163-TS — False Passport Allegations in ECF 258

**John Wang** <yunlong88cong@gmail.com>                    Fri, Jul 10, 2026 at 12:21 AM
To: UTDecf Stewart <UTDecf_Stewart@utd.uscourts.gov>
Cc: "Blanch, Joey (USAUT)" <joey.blanch2@usdoj.gov>, Conrad Kaufman <Conrad_Kaufman@utp.uscourts.gov>, Richard Sorenson <richard_sorenson@fd.org>

Dear Ms. Blanch,

The passport allegations in ECF 258 are false, backwards, and contradicted by the record. The Court and Probation are copied because this goes directly to the credibility of the government's sentencing narrative and its request for expanded child-related supervised-release conditions.

The record is clear:

**March 6, 2019:** Mr. ▮▮▮▮ obtained temporary sole legal and physical custody at an ex parte hearing. Ms. Wang was not served and was not present. The court denied substitute service and required personal service. See Appx. Ex. A, Appx. p. 2.

**March 6, 2019 transcript:** Judge Darwin stated there had been no evidence, no evidentiary proceeding, and no evidentiary findings. See Appx. Ex. B, Appx. p. 3.

**DV-110, page 3:** The order stated that the parent with temporary custody "must not remove the child from California unless the court allows it after a noticed hearing," citing Family Code § 3063. See Appx. Ex. C, Appx. p. 4.

**Family Code §§ 2040 and 3063:** These provisions barred unilateral removal of the child from California and gave Mr. ▮▮▮▮ no authority to obtain international travel documents for the child. See Appx. Exs. C, N, Appx. pp. 4, 15.

**May 8, 2019:** The court set a June 25, 2019 jurisdiction and discovery hearing. See Appx. Ex. D, Appx. p. 5.

**June 2019:** Despite those restrictions, Mr. ▮▮▮▮ applied for a passport for the child, listing travel beginning June 16, 2019, to England and Denmark — nine days before the noticed June 25 hearing. See Appx. Exs. E-F, Appx. pp. 6-7.

**June 12, 2019:** The State Department requested additional citizenship evidence. No passport was issued. See Appx. Ex. G, Appx. p. 8.

**July 20, 2020:** The State Department's CPIAP letter confirmed a pending June 2019 application, no valid passport book, and no valid passport card. See Appx. Ex. I, Appx. p. 10.

**November 18, 2020:** The State Department denied the passport application. See Appx. Ex. H, Appx. p. 9.

**Federal law:** Under 22 C.F.R. § 51.28(c)(5), either parent — with or without current custody — may request information regarding a minor child's passport application unless that parent's parental rights have been terminated. Ms. Wang's parental rights were never terminated. Her passport-record requests were lawful parental conduct. See Appx. Exs. L-M, Appx. pp. 13-14.

The passport issue was not created by Ms. Wang. It was created by Mr. ▮▮▮▮ He obtained an ex parte custody order with no service, no evidence, and no findings, then attempted to secure international travel documents while the DV-110, Family Code §§ 2040 and 3063, and the pending June 25 jurisdiction hearing stood in the way.

Ms. Wang's later efforts to obtain passport records, object to issuance, and use CPIAP were lawful parental acts. They were not stalking, fraud, harassment, or obstruction.

This is not the first time the government has had to correct the record. In ECF 101 and Document 101-1 the government conceded its prior description was "correct, but incomplete," corrected the operative Utah charging posture, acknowledged that the Second Amended Information did not charge ANY FORGERY OF SUBPOENAS FOR MINORS PASSPORT INFO and withdrew a jail-call flight-risk argument it should have known was already withdrawn. See Appx. Ex. O, Appx. pp. 16-17.

The same pattern is repeating here. <mark>The government is using a distorted passport narrative</mark> to recast lawful parental conduct as criminal or obstructive. The attached appendix proves that narrative is wrong.

Even defendants convicted of child-sex offenses are not automatically barred from contact with their own children.

<mark>The passport allegations in ECF 258 must be corrected.</mark> The record does not support them, and the request for expanded child-related restrictions built on them must be rejected.

Respectfully,

📄 **False Passport Allegations in ECF 258.pdf**
2059K

# EXHIBIT S

## D.C. BOARD ON PROFESSIONAL RESPONSIBILITY REPORT AND RECOMMENDATION

Selected excerpts from the June 12, 2026 Report and Recommendation in In re Jennifer Kerkhoff Muyskens, Board Docket No. 24-BD-038. The report expressly states that it is not a final order of discipline. Relevant findings and the recommended sanction are highlighted.

THIS REPORT IS NOT A FINAL ORDER OF DISCIPLINE*

DISTRICT OF COLUMBIA COURT OF APPEALS
BOARD ON PROFESSIONAL RESPONSIBILITY

Issued
June 12, 2026

In the Matter of:              :
                               :
JENNIFER KERKHOFF              :
MUYSKENS,                      :
                               :     Board Docket No. 24-BD-038
Respondent.                    :     Disc. Docket No. 2018-D218,
                               :     2018-D262 & 2018-D300
                               :
A Member of the Bar of the     :
District of Columbia Court of Appeals  :
(Bar Registration No. 475353)  :

**REPORT AND RECOMMENDATION OF THE
BOARD ON PROFESSIONAL RESPONSIBILITY**

## I.      INTRODUCTION

Respondent Jennifer Kerkhoff Muyskens was a long-tenured Assistant United States Attorney ("AUSA") in the District Columbia. This matter arises from her conduct in four consolidated criminal trials in the Superior Court of the District of Columbia of certain protesters at President Trump's first inauguration on January 20, 2017 (the "Inauguration Protest" cases).

In a series of meetings conducted in the weeks preceding President Trump's first inauguration, various civic, labor, and political organizations came together to plan and coordinate protests at the inauguration, adopting the "DisruptJ20" moniker for their joint efforts. The "DisruptJ20" protests ultimately involved a mix of peaceful demonstrations—conduct protected under the Constitution's First Amendment—and violent rioting, which is not protected from criminal prosecution.

---

* Consult the 'Disciplinary Decisions' tab on the Board on Professional Responsibility's website (www.dcattorneydiscipline.org) to view any prior or subsequent decisions in this case.

The latter mayhem led to mass arrests of over 200 protesters on Inauguration Day. After securing initial indictments, Respondent and her supervisors decided to prosecute those arrested under a "conspiracy-to-riot" theory of joint and several criminal liability, among other charges. Respondent was the lead prosecutor in the Inauguration Protest cases.

Over the next two years during several different pre-trial and trial proceedings in these cases, Respondent repeatedly failed to disclose certain evidence which was later determined by the court to be "exculpatory," meaning that the withheld evidence tended to justify, excuse, or clear ("exculpate") a defendant from all or some of the alleged guilt asserted. In the course of withholding this evidence, Respondent misled Superior Court judges who were trying to determine whether all exculpatory evidence had been disclosed. After a Superior Court judge found that Respondent committed *Brady* violations by failing to disclose exculpatory evidence, her supervisors removed her from the Inauguration Protest cases, which the government subsequently dismissed.[1]

This disciplinary matter followed. After extensive evidentiary proceedings, Hearing Committee Number One found that Respondent violated D.C. Rules of Professional Conduct ("Rules") 3.3(a) (knowing false statement to tribunal), 3.8(e)

---

[1] Under *Brady v. Maryland*, 373 U.S. 83 (1963), a government prosecutor violates a defendant's Constitutional due process rights when she withholds evidence that is material to a determination of guilt or punishment. The Supreme Court's *Brady* decision obligates a government prosecutor to disclose any significant evidence in its possession that suggests that the defendant is not guilty as charged.

2

(prosecutor's intentional failure to disclose exculpatory information to defense),[2] 8.4(c) (dishonesty, fraud, deceit, and/or misrepresentation), and 8.4(d) (serious interference with the administration of justice), and recommended that Respondent be suspended for three months.

Respondent timely filed exceptions to the Hearing Committee Report, in which she urges the Board to adopt different findings and conclusions, and to dismiss all ethics charges. Disciplinary Counsel also takes exception to some aspects of the Committee's recommendations and urges that Respondent be suspended for six months. As discussed below, the Board agrees with the Hearing Committee that Disciplinary Counsel proved most of the charged ethics violations by clear and convincing evidence. However, the Board recommends that Respondent receive a six-month suspension.

## II.   FINDINGS OF FACT

While Respondent's brief to the Board includes a "Statement of Facts" with citations to the underlying record, nowhere does she identify any specific Hearing Committee findings of fact which she contends are not supported by substantial evidence. Respondent proposes a number of alternative or competing factual findings which, she argues, support inferences or legal conclusions at odds with

---

[2] Rule 3.8 was amended on April 7, 2025, in part to account for the Court's opinion in *In re Kline*, 113 A.3d 202, 213 (D.C. 2015). In the April 2025 amendment, subsections (e) and (d) switched places within the rule, but the parties and Hearing Committee used the language and numbering of Rule 3.8 that was in effect at the time of Respondent's challenged conduct in 2017-2018.

3

## 2. Prejudice to the Client.

A federal prosecutor's client is the "general public," rather than any specific government official, agency, or victim. *Id.* (citing ABA Standards for Criminal Justice, Prosecutorial Investigations, Standard 1.2(b) (Am. Bar Ass'n 3d ed. 2014)). Here, the people of the United States were adversely impacted by both the maintenance and failure of the Inauguration Protester prosecutions. *See Haines*, 341 A.3d at 636 ("By withholding exculpatory information, Ms. Haines undermined the credibility of law enforcement and damaged the reputation of her office," while doing "a disservice to her client, which is to say the general public." (citation omitted)); *Dobbie*, 305 A.3d at 811 ("Any action by a prosecutor that erodes the public's trust in the criminal justice system's ability to correctly mete out justice is . . . prejudicial."). This factor also weighs in favor of a meaningful sanction for the charged misconduct.

## 3. Dishonesty.

Based on a substantial record of repeated instances of dishonesty to the tribunal, the Hearing Committee's factual findings detail multiple instances of Respondent's dishonesty, and we agree with the Committee's conclusions that Respondent violated Rules 3.3(a) and 8.4(c). This factor therefore weighs heavily in favor of a strong sanction against Respondent for charged misconduct involving dishonesty.

97

### 4. Violations of Other Disciplinary Rules.

Respondent violated Rules 3.3(a), 3.8(e), 8.4(c), and 8.4(d).  The violations of Rules 3.8(e) and 8.4(d) arose from the same course of conduct, but Respondent's violations of Rules 3.3(a) and 8.4(c) are independent violations.  We emphasize as well that the charged Rule violations found by the Hearing Committee involved not just a momentary lapse of judgment, but multiple failures to disclose various items of withheld evidence, and obfuscations before different Superior Court judges sustained for over a year during Respondent's handling of the various Inauguration Protest cases.  This factor weighs heavily in favor of a meaningful sanction for the charged misconduct.

### 5. Previous Disciplinary History.

Respondent has no record of prior discipline—a factor which therefore mitigates against a significant sanction here.

### 6. Acknowledgement of Wrongful Conduct.

The Hearing Committee Report expresses some frustration that Respondent did not acknowledge any part of her conduct was wrongful.  *See, e.g.*, FF 58 ("Respondent still does not regard videos of a defendant participating in 'de-escalation actions at Action Camp' as exculpatory information.").  Despite Respondent's uncredited testimony to the contrary, the Hearing Committee's extensive analysis concluded that the exculpatory nature of undisclosed evidence was "manifest" in this matter, and that Respondent's excuses for withholding it were unpersuasive, unreasonable, and not credible.  *See, e.g.*, HC Rpt. at 62-73, 104

(finding that proffered explanations for Respondent's conduct often "strain[ed] credulity"). But in its sanctions analysis, the Hearing Committee also recognized that under Court of Appeals precedent, "an attorney has a right to defend [her]self and we expect that most lawyers will do so vigorously, to protect their reputation and license to practice law." HC Rpt. at 101-02 (quoting *In re Yelverton*, 105 A.3d 413, 430 (D.C. 2014)). Like the Hearing Committee, we view this factor as having little measurable impact on the sanctions analysis, except to note that this is not a case where a Respondent's candid admission of responsibility and expression of regret mitigates toward a reduced sanction.

### 7. Other Circumstances in Aggravation or Mitigation.

The Hearing Committee considered character reference letters that Respondent submitted and also acknowledged that Respondent may have been handling the Inauguration Protest cases with inadequate assistance to manage the administrative burdens of so many criminal conspiracy cases. HC Rpt. at 102; *see also Dobbie*, 305 A.3d at 812-13 (finding deficient supervision of junior prosecutors contributed to mitigating circumstance). Prosecuting these matters was undoubtedly time-consuming and complicated, circumstances that would have a greater impact on the sanctions analysis if this case presented instances of mere neglect or inadvertence. Instead, Respondent's misconduct was intentional and sustained over the course of the underlying matters, so administrative burdens did not play an appreciable role in the Rule violations established by the Hearing Committee.

99

We are also mindful that Respondent suffered harassment as the result of her being lead prosecutor in the Inauguration Protest cases.  The Hearing Committee acknowledged this as unacceptable but, nonetheless, observed that "[t]roubles of this nature are not what this factor contemplates."  HC Rpt. at 102 (quoting *Haines*, 341 A.3d at 637 (citing *Dobbie*, 305 A.3d at 812-13)).  We agree.  Unless Respondent's misconduct was in some way in response to or aggravated by the harassment she received, it is difficult to recognize this experience as a mitigating factor for her misconduct in these matters.

Throughout her briefing to and oral argument before the Board, Respondent also emphasized her career as a prosecutor and the "leniency extended to [] prosecutors" under prior Court of Appeals precedents.  Respondent's Brief at 54-58; Reply at 21-23.  But Rule 3.8(e) is an ethics rule promulgated expressly for prosecutors; it applies only to prosecutors.  Only prosecutors are capable of violating Rule 3.8(e), and therefore it cannot be a mitigating factor that a respondent to such a charge is indeed a prosecutor.

It is also a matter of grave public concern when a government prosecutor is seen violating the other ethics rules at issue in this matter—including Rules 3.3(a) (knowing false statement to tribunal), 8.4(c) (dishonesty, fraud, deceit, and/or misrepresentation), and 8.4(d) (serious interference with the administration of justice).  We therefore view Respondent's status as a career prosecutor in the U.S. Attorney's Office to be a substantial *aggravating* factor in recommending a sanction for misconduct that includes dishonesty to a tribunal, as discussed further below.

<div align="center">100</div>

**B. Sanctions Imposed for Comparable Misconduct.**

In three prior cases, the Court of Appeals and this Board have imposed discipline upon prosecutors who engaged in roughly equivalent conduct. In *Kline*, the Court suggested that sanctions for a single, isolated Rule 3.8(e) violation should range between a public reprimand and a six-month suspension. 113 A.3d at 215-16. That court found a clear, deliberate violation of Rule 3.8(e) in the withholding of evidence that would have negated the identification of the defendant by the victim. *Kline*, 113 A.3d at 204-05, 214. But the Court declined to impose a sanction because of the novelty of the Rule 3.8(e) interpretation announced in that 2015 decision. *Id.* at 215-16. The Court of Appeals also took "into consideration [that] no companion violations were charged, no allegations of dishonesty were made, [and that] the respondent has a clean disciplinary record." *Id.* at 216. By contrast, the Hearing Committee in this case found several other Rule violations, some involving dishonesty. And since Respondent's misconduct post-dates *Kline*, there can be no genuine argument about a new rule or interpretation being applied here.

In *Dobbie*, the Court of Appeals imposed a six-month suspension for violations of Rules 3.8(e), 8.4(c), and 8.4(d) that arose from junior prosecutors' *Brady* violations. *Dobbie*, 305 A.3d at 812. There were significant mitigating factors in that matter which are absent here, including the respondents' lack of bad faith and a finding that their agency supervisors played a meaningful role in the challenged misconduct. 305 A.3d at 787, 812-13. In *Dobbie*, the prosecutors concealed a report that called into question the veracity of a key government witness

101

in violation of Rule 3.8(e).  305 A.3d at 789-792, 799, 803-04.  Like the Respondent here, the *Dobbie* respondents also engaged in reckless dishonesty (*id*. at 804-07) but, over the dissent of one member of the panel, a Court of Appeals majority found as an "overriding mitigating circumstance[] the deficient conduct of respondents' supervisors . . . in their oversight of th[e] case."  *Id.* at 812; *see id.* at 816 (Deahl, J., dissenting).

In *Dobbie*, the Rule violations at issue arose "out of essentially the same conduct" and, while recklessly dishonest, that conduct was not deemed to be "intentionally malicious" and was, in the view of the majority, of less substantial gravity.  *Id.* at 811-12.  The Hearing Committee distinguished *Dobbie* on grounds that the Respondent here engaged in a sustained pattern of misconduct that cannot be characterized as an isolated, single incident.  HC Rpt. at 107.  Respondent's dishonesty was a deliberate, sustained effort to conceal exculpatory evidence and her own prior misconduct in failing to disclose that evidence.  Nor does this case present significant issues about supervisory failures: Respondent was a senior, career prosecutor supervising other attorneys in the Inauguration Protest cases and therefore bore a greater responsibility under the rules.  We agree with the Hearing Committee's analysis that the *Dobbie* Court stayed an otherwise appropriate six-month suspension in favor of one year of probation based on mitigating factors that are not present here.  305 A.3d at 814.

Most recently, in *Haines*, the Court of Appeals found the respondent violated Rules 1.6(a), 3.8(e), and 8.4(d), but that "her misconduct was the result of a

102

seemingly honest mistake," and again imposed a fully stayed sixty-day suspension with one year of probation. 341 A.3d at 637-38. There, the prosecutor concealed a portion of a letter revealing that the key government witness lied about his prior contacts with the government as cooperating witness in other matters. *See* 341 A.3d at 621-24, 634. The Court of Appeals characterized the prosecutor's actions as an "honest mistake" that was the product of a "once-in-a-career lapse in judgment." *Id.* at 638. The *Haines* Court also noted that she had not engaged in dishonesty, and therefore stayed the suspension imposed. *Id.* at 637-38. Like the Hearing Committee, we regard *Haines* as readily distinguishable from Respondent's sustained pattern of multiple *Brady* violations and related instances of dishonesty presented by the record in this matter. *See* HC Rpt. at 107-08.

In recommending a three-month suspension in this matter, the Hearing Committee thus weighed each of these recent Court of Appeals decisions involving prosecutorial conduct against the facts presented here. HC Rpt. at 102-09. The Hearing Committee considered a six-month suspension, but decided that the goals of deterrence and error correction would be better served by three-month suspension. *Id.* at 109-110. Like the Hearing Committee, we recognize that the Court of Appeals has exercised its discretion to stay sixty-day suspensions in two of these recent Rule 3.8(e) matters, but we nonetheless conclude that because Respondent's conduct was significantly more egregious, willful, and sustained than the misconduct at issue in *Kline*, *Dobbie*, or *Haines*, we recommend that the Court impose a six-month suspension here.

103

The Hearing Committee expressed dismay that Respondent's conduct repeatedly fell below the standard of acceptable behavior for a prosecutor and was "simply untenable." *Id.* at 104. Respondent persisted in her course of conduct, obscuring both the existence and nature of exculpatory videos in discovery (FF 40-42, 95-96), in her presentations to the grand jury (FF 46), at trial (FF 77), and in response to unmistakably clear inquiries from Superior Court judges as well as judicial statements of contrary understanding. *See, e.g.*, FF 36-37, 52-53, 106. And when one judge demanded a written accounting of withheld video evidence, Respondent edited that disclosure to conceal the videos' exculpatory nature. FF 107-09.

This extensive course of misconduct convinces us—as it did the Hearing Committee—that the overarching willfulness of Respondent's sustained Rule violations render her ineligible for the supposed "leniency extended to [] prosecutors" that Respondent perceives in earlier Court of Appeals precedents. Reply at 23. As the Hearing Committee observed, and we agree, it simply cannot be the law that the absence of suspensory sanctions on prosecutors to-date immunizes all prosecutorial misconduct from enforced suspensions, or that the first time an approved suspension is enforced by the Court of Appeals will "break new ground" or "establish a new [] rule," as Respondent argues. Respondent's Brief at 54-55.

Egregious prosecutorial misconduct that violates promulgated ethics rules presents grave issues under the rule of law and must be meaningfully addressed.

Respondent's significant and sustained ethics violations warrant a served suspension given the number and gravity of the Rule violations identified, the long-running nature of the misconduct, the vast impact of Respondent's conduct on the administration of justice in more than 200 cases, and the necessity of deterring similar misconduct in future prosecutions.

Given the egregious prosecutorial misconduct and vital public interests at stake in this matter, we conclude that Respondent should serve a six-month suspension.

## V.    CONCLUSION

For the foregoing reasons, the Board finds that Respondent violated Rule 3.8(e), Rules 3.3(a) and 8.4(c), and Rule 8.4(d).   We further conclude that Respondent should receive and serve a six-month suspension from the practice of law.   We further recommend that Respondent's attention be directed to the requirements of D.C. Bar Rule XI, § 14, and their effect on eligibility for reinstatement.   *See* D.C. Bar R. XI, § 16(c).

BOARD ON PROFESSIONAL RESPONSIBILITY

By:   _____
Tom Gilbertsen, Acting Chair

All members of the Board concur in this Report and Recommendation except Mr. Walker, Ms. Cassidy, and Mr. Brozost, who are recused.