IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KAILIN WANG,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO PROCEED PRO SE<br><br><br>Case No. 2:24-CR-163 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant Kailin Wang's Motion to Proceed Pro Se at Sentencing and for a Brief Continuance,[1] and her Renewed Motion to Proceed Pro Se.[2] For the reasons described herein, the Court will deny the Motions.

## I.  BACKGROUND

Ms. Wang was indicted on May 8, 2024.[3] The Indictment charged Ms. Wang with two counts of Interstate Cyberstalking in violation of 18 U.S.C. §§ 2261A(2) and 2265A(a) (Counts 1 and 2), and two counts of making a false statement in violation of 18 U.S.C. § 1001(a)(2) (Counts 3 and 4). She made her initial appearance on May 29, 2024, wherein she requested and was appointed counsel. Her counsel appealed the initial order of detention, and this Court granted Ms. Wang pretrial release subject to strict release conditions.[4]

---

[1] Docket No. 260.

[2] Docket No. 265.

[3] Docket No. 1.

[4] Docket Nos. 35, 41.

On September 30, 2025, following several trial continuances, Ms. Wang pleaded guilty to two counts of cyberstalking.[5] Sentencing was then scheduled for February 10, 2026. The Court subsequently continued the sentencing to March 24, 2026, at defense counsel's request with stipulation by the government.[6]

On January 14, 2026, Ms. Wang filed her first motion to proceed pro se ("First Motion").[7] The Magistrate Judge held a hearing on the First Motion on January 22, 2026. At the hearing, Ms. Wang indicated that, while she wished to have the assistance of her counsel at sentencing, she was concerned that her counsel did not have sufficient time to review and address the large number of documents related to the ongoing family-law proceedings between her and Victim 1, which involve a seven-year litigation history across multiple jurisdictions. Therefore, she thought it may be best to represent herself. The Magistrate Judge suggested a request for a continuance would be preferable to self-representation, among other considerations. He then allowed Ms. Wang time to discuss her options with counsel privately. Ms. Wang subsequently withdrew her First Motion. Shortly thereafter, the Court re-set sentencing for May 5, 2026.[8]

On February 25, 2026, Ms. Wang filed her second motion to proceed pro se ("Second Motion").[9] In that Motion, Ms. Wang represented that "an irreconcilable impasse" had arisen

---

[5] Docket Nos. 88, 89.

[6] Docket No. 93.

[7] Docket No. 112.

[8] Docket No. 130.

[9] Docket No. 136.

between her and her appointed counsel.[10] Ms. Wang asserted that she must be permitted to present a full and accurate account of certain proceedings and to "correct specific falsehoods" contained in certain filings.[11] The Magistrate Judge held a hearing on Ms. Wang's Second Motion on March 9, 2026. During the hearing, Ms. Wang explained her desire for a type of hybrid representation—particularly that she wished to be able to file documents, but have counsel make oral arguments on her behalf.

The Magistrate Judge spent some time explaining the significant complications posed by Ms. Wang's request, declined to allow the hybrid representation she appeared to be requesting, and explained the limited role counsel would have as standby counsel. While Ms. Wang pushed back somewhat on the disallowance of counsel to orally represent her at sentencing, she ultimately indicated that she understood the ruling. Following a thorough *Faretta* inquiry, the Magistrate Judge found that Ms. Wang waived her right to counsel knowingly and voluntarily, and granted the Second Motion.

From April 8, 2026, through May 18, 2026, 100 docket entries were entered in this case, almost exclusively consisting of motions and requests by Ms. Wang, and responses or replies to those filings. On April 22, 2026, both parties moved for a continuance to allow time for resolution of the pending motions, among other matters. The Court continued sentencing to June 9, 2026.

---

[10] *Id.* at 1.

[11] *Id.* at 2.

On May 18, 2026, Ms. Wang filed a renewed Motion for Full Appointment of Counsel.[12] The Magistrate Judge held a hearing on the Motion on May 22, 2026. At the hearing Ms. Wang represented that she wished for full appointment of counsel because "everything was more complicated than previously predicted" and she was "not capable of continuing" on her own. She further stated her agreement with the Magistrate Judge's prior warning that self-representation was "a bad idea." In response, Ms. Wang's counsel expressed concern that if there were additional disagreements regarding what should and should not be filed, they would be back before the Court. Counsel noted particular concern that Ms. Wang would have "a reaction" following her review of the government's sentencing memorandum, triggering disagreement and renewed request to proceed pro se. Counsel further stated they wished to be fully transparent with Ms. Wang that the many motions she filed—including her motion to dismiss and requests for discovery, expert witnesses, and an evidentiary hearing—would be withdrawn if they were to take over, and that counsel intended only to file a sentencing memorandum and objections to the PSR. Counsel further made clear that they would not be seeking any type of hearing regarding their objections to the PSR.

In response, Ms. Wang stated her understanding of counsel's position and assured counsel and the Magistrate Judge that, in the event of a disagreement with counsel regarding what should or should not be filed, she would defer to counsel. In response to the Magistrate Judge's express inquiry, she also stated that she understood that all her pending motions would be withdrawn if she accepted appointment of counsel, and that counsel would be solely responsible for determining what should or should not be filed moving forward.

---

[12] Docket No. 245.

Based on Ms. Wang's representations, the Magistrate Judge granted the Motion for Reappointment of Counsel. Ms. Wang's counsel subsequently requested that the sentencing be continued to allow them sufficient time to prepare.[13] The Court granted the request and re-set Sentencing for July 14, 2026.[14]

On July 8, 2026, six days before sentencing was scheduled, the government filed an untimely and lengthy sentencing memorandum with 19 exhibits attached,[15] and Victim 1 filed a victim impact statement.[16] The next day, Ms. Wang filed her third motion to proceed pro se ("Third Motion"), which included a request that the sentencing be continued.[17]

Ms. Wang's counsel subsequently filed a motion to continue the sentencing to allow counsel a fair opportunity to address issues presented in the government's sentencing memorandum.[18] Counsel further represented that Ms. Wang had filed her Third Motion "out of concern of not having an adequate opportunity to respond to the government's memorandum," and that she would not pursue her motion to procced pro se if the requested continuance was granted, allowing her "an adequate opportunity to meet with defense counsel to discuss issues the government has raised."[19] The government did not object to the continuance. The Court

---

[13] Docket No. 250.

[14] Docket No. 253.

[15] Docket Nos. 258, 249.

[16] Docket No. 257.

[17] Docket No. 260.

[18] Docket No. 261.

[19] *Id* at 3.

subsequently issued a notice of sentencing continuance, and rescheduled sentencing for September 1, 2026.[20]

On July 14, 2026, Ms. Wang filed a fourth motion to proceed pro se ("Fourth Motion").[21] In her Fourth Motion, Ms. Wang represents that, after reading the government's sentencing memorandum, there is no "possibility of [her] proceeding through counsel." Again, Ms. Wang notes the extensive record of prior proceedings and counsel's inability to "master" such record in the requisite time.[22] She also again discloses that she and her counsel "fundamentally disagree about what must be filed in response" to the government's assertions.[23] She requests that her Fourth Motion be granted without conducting another *Faretta* colloquy or requiring her to appear before the Court. She also includes attachments of some of her pro se arguments, submitted via email.[24] These arguments include requests for discovery and an evidentiary hearing.[25]

## II.  DISCUSSION

"A criminal defendant has a constitutional and a statutory right to waive [their] right to counsel and represent [themselves] . . . . The right of self-representation, however, is not absolute."[26] While the Court "should, of course, vigilantly protect a defendant's constitutional

---

[20] Docket Nos. 262, 266.

[21] Docket No. 265.

[22] *Id.* at 1.

[23] *Id.* at 2.

[24] The Court has informed Ms. Wang that arguments submitted via email will not be reviewed or considered by the Court while she is represented by counsel.

[25] Docket No. 265, at 49.

[26] *United States v. Akers*, 215 F.3d 1089, 1096–97 (10th Cir. 2000) (citations omitted).

rights, . . . it was never intended that any of these rights be used as a ploy to frustrate the orderly procedures of a court in the administration of justice."[27] "The right to make a knowing and intelligent waiver of the right to counsel does not grant the defendant license to play a cat and mouse game with the court. . . . When faced with a situation of potential abuse, the district court may properly impose restraints on the right to reject counsel."[28]

Consistent with the above-described limitations on the Sixth Amendment right to self-representation, the Court rejects Ms. Wang's Renewed Motion to Proceed Pro Se.

> To properly invoke the right to self-representation, a defendant must satisfy four requirements. First, the defendant must clearly and unequivocally inform the district court of [their] intention to represent [them]self. Second, the request must be timely and not for the purpose of delay. Third, the court must conduct a comprehensive formal inquiry to ensure that the defendant's waiver of the right to counsel is knowingly and intelligently made. Finally, the defendant must be able and willing to abide by rules of procedure and courtroom protocol.[29]

First, while Ms. Wang has clearly stated her desire to waive counsel and proceed pro se at this particular time, the Court is concerned with Ms. Wang's equivocation on the matter in the proceedings months. This is Ms. Wang's fourth request to proceed pro se since January of this year. She has consistently stated her desire to have the help of counsel. However, she also wishes to supply her own arguments for the Court's consideration due to her extensive, first-hand knowledge of prior court proceedings. She has been informed that she cannot have both the

---

[27] *United States v. Nunez*, 877 F.2d 1475, 1478 (10th Cir. 1989) (quoting *United States v. Lawrence*, 605 F.2d 1321, 1325 (4th Cir. 1979)).

[28] *Akers*, 215 F.3d at 1097 (internal quotation marks and citations omitted).

[29] *United States v. Tucker,* 451 F.3d 1176, 1180 (10th Cir. 2006) (internal quotation marks and citations omitted).

assistance of counsel and raise her own independent arguments. It appears she has had some difficulty settling on which she desires more.

Notably, the arguments she now raises regarding her fundamental disagreement with counsel are the same as those raised previously. As detailed above, the Magistrate Judge and Ms. Wang's counsel made it perfectly clear at the May 22 hearing that counsel did not intend to pursue motions for discovery or an evidentiary hearing. Ms. Wang's counsel expressed concern specifically that the government's sentencing memorandum would spark disagreement between Ms. Wang and her counsel and land the parties back in the courtroom for another *Faretta* colloquy. Ms. Wang assured the Magistrate Judge and her counsel that she understood counsel's position and that she still wished to move forward with the assistance of counsel. Importantly, Ms. Wang further assured the Court that she would defer to the experience of counsel in the face of any disagreement.

The exact situation she assured against has now occurred. While Ms. Wang now asserts that she is aware of what she is giving up and wishes to proceed without the benefit of counsel, the Court cannot trust such a statement where her prior representations have not held true. The Tenth Circuit has directed that "[i]n ambiguous situations created by a defendant's vacillation or manipulation, [courts] must ascribe a 'constitutional primacy' to the right to counsel because this right serves both the individual and collective good, as opposed to only the individual interests served by protecting the right of self-representation."[30] Considering Ms. Wang's history of equivocation regarding her desire to be represented by counsel, as evidenced by her four motions

---

[30] *Akers*, 215 F.3d at 1099 (quoting *United States v. Mackovich,* 209 F.3d 1227, 1237 (10th Cir. 2000)).

to proceed pro se, and three withdrawals of those motions, the Court finds Defendant has not satisfied the first requirement.

Second, while Ms. Wang's Fourth Motion may be timely (due to her having previously obtained a continuance),[31] the Court is concerned that such motion is made for the purpose of delay. Notably, the Court must attribute the lion's share of responsibility to the government for the most recent continuance.[32] However, as detailed above, Ms. Wang has successfully delayed sentencing on numerous prior occasions through a high-volume of filings, and in waffling between self-representation and appointment of counsel.[33] She now requests additional discovery and evidentiary proceedings that would further delay sentencing, after withdrawing such requests less than two months prior.[34] It is of particular concern to the Court that, as noted above, she previously stated she understood her counsel would not be moving for additional discovery or an evidentiary hearing, and offered assurances that she accepted her counsel's judgment on this matter. Yet, as sentencing approaches again, she has abandoned this acceptance.[35] These actions

---

[31] *See id.* at 1097 ("A motion for self-representation is timely if it is made before trial.").

[32] The government's sentencing memorandum was lengthy, included numerous exhibits, raised new issues regarding conditions of supervised release, and was filed only six days before sentencing in violation of DUCrimR 32-1(b)(2) ("No fewer than 7 days before sentencing, a party may file a sentencing memorandum.").

[33] *See Akers*, 215 F.3d at 1097 ("In light of [the defendant's] prior success in preventing his case from going to trial, the district court did not clearly err in finding that [the defendant's] motion to represent himself was one more attempt to delay the moment of truth.").

[34] Having spent considerable time reviewing and preparing to rule on Ms. Wang's numerous pro se filings before she renewed her request for counsel, the Court notes that it is not inclined to grant any such motions for additional discovery or for an evidentiary hearing, even if Ms. Wang's counsel were willing to submit such a motion.

[35] Apparently to offer some explanation for her changed position, Ms. Wang's Third Motion stated that she requested reappointment of counsel in May in response to the Court having not yet ruled on her motions, which she perceived to indicate a preference by the Court that she proceed with counsel. Notably, Ms. Wang did not discuss this view at the May 22

suggest to the Court that Ms. Wang's requests to proceed pro se are made for the purpose of delay.

Even if Ms. Wang's vacillation on the issue of counsel is genuine and not for the purpose of delay, it has nonetheless resulted in delay. The pattern demonstrated by Ms. Wang since January of this year causes the Court concern that, if she were allowed to proceed pro se again, the Court would soon be considering yet another renewed motion to have counsel appointed as sentencing approached, requiring additional delay and wasted efforts.

The Court spent significant time reviewing and preparing to rule on Ms. Wang's numerous filings during her period of self-representation, the government expended significant time reviewing and responding to those same motions as well as preparing for sentencing, Ms. Wang's counsel has expended significant time and effort preparing for sentencing, including by filing a sentencing memorandum  and objections. However sincere her intentions, Ms. Wang has "no right to whipsaw the district court and delay the proceedings by continually alternating [her] position on counsel."[36] Additional wasted efforts by either party or further delay of sentencing will certainly frustrate the orderly procedures of the Court.

---

hearing or otherwise, and no such preference was communicated by the Court in any manner. This explanation is further at odds with Ms. Wang's representations regarding her requests for assistance of counsel. This explanation, therefore, appears disingenuous. "A trial court must be permitted to distinguish between a manipulative effort to present particular arguments and a sincere desire to dispense with the benefits of counsel." *United States v. Frazier-El*, 204 F.3d 553, 560 (4th Cir. 2000).

[36] *United States v. Cohen*, 888 F.3d 667, 681 (4th Cir. 2018); *see also United States v. Bennett,* 539 F.2d 45, 51 (10th Cir. 1976) (finding the defendant "forfeited his right to self-representation by his vacillating positions which continued until just six days before the case was set for trial"); *Brown v. Wainwright*, 665 F.2d 607, 611 (5th Cir. 1982) ("Even if defendant requests to represent himself, however, the right may be waived through defendant's subsequent conduct indicating he is vacillating on the issue or has abandoned his request altogether.").

Based on the above analysis, and bearing in mind the interests of a timely sentencing,[37] orderly court proceedings, and the "constitutional primacy" of the right to counsel, the Court denies Ms. Wang's Renewed Motion to Proceed Pro Se.

### III.  CONCLUSION

It is therefore

ORDERED that Defendant Kailyn Wang's Motion to Proceed Pro Se at Sentencing and for a Brief Continuance (Docket No. 260) is denied as moot. It is further

ORDERED that Ms. Wang's Renewed Motion to Proceed Pro Se (Docket No. 265) is DENIED.

DATED this 22nd day of July, 2026.

BY THE COURT:

Ted Stewart
United States District Judge

---

[37] *See* Fed. R. Crim. P. 32(b)(1) ("The court must impose sentence without unnecessary delay."); 18 U.S.C. § 3771(a)(7) ("A crime victim has the following rights . . . [t]he right to proceedings free from unreasonable delay.").