IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>KAILIN WANG,<br><br>Defendant. | ORDER ALLOWING LIMITED DISCLOSURE OF SEALED FILINGS TO VICTIM 1<br><br>Case No. 2:24-CR-163-TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Victim 1's Request for Clarification Regarding Service of Defendant's Sealed Sentencing Memorandum.[1] On March 9, 2026, the Magistrate Judge held a hearing on Defendant Kailin Wang's Motion to Proceed Pro Se. After granting the Motion, the Magistrate Judge further ordered Defendant to serve her sealed sentencing memorandum on both the government and counsel for Victim 1. Defendant later filed a Motion to Reappoint Counsel, which the Magistrate Judge granted. Each of her numerous pro se filings were then withdrawn. Her counsel has since filed a Sealed Sentencing Memorandum[2] on Defendant's behalf.

On August 11, 2026, Victim 1 filed the instant Request for Clarification. The parties dispute whether the Magistrate Judge's March 9 ruling applies to the Sealed Sentencing Memorandum that was filed by Defendant's counsel. Victim 1 now seeks an order authorizing disclosure of Defendant's Sentencing Memorandum to Victim 1, as well as clarification explaining if future sealed filings maybe be disclosed to Victim 1. The government filed a

[1] Docket No. 269.

[2] Docket No. 255.

response in support of allowing Victim 1 access to sealed filings representing that "granting Victim 1's request would facilitate the Government's ability to consult with Victim 1's counsel about the accuracy of claims or exhibits provided by defendant related to prior activity between them."[3] Defendant generally objects to the request to access sealed filings on the grounds that neither Victim 1 nor the government have cited to any statute or case law supporting that victims should be provided access to restricted filings. Defendant further argues that, if access is granted, any disclosed documents should include appropriate redactions and limitations.

Having reviewed the parties' respective positions and the Magistrate Judges March 9, and considering Victim 1's enumerated rights under the Crime Victim's Rights Act as well as Defendant's general privacy rights, the Court rules as follows:

(1) The government shall provide Victim 1 with access to Defendant's Sealed Sentencing Memorandum, however Exhibits 1 and 2 attached to the Sentencing Memorandum shall be excluded from the disclosure.

(2) The government may provide Victim 1 with access to Defendant's future sealed filings only to the extent those filings make representations or arguments regarding Defendant's conduct toward or relationship with Victim 1.

(3) All filings disclosed to Victim 1, including the Sentencing Memorandum and Exhibit 3, are subject to the following limitations: the government shall redact any personal or identifying information of Victim 2 included therein prior to disclosure; and any personal or identifying information of Defendant that is not related to her conduct toward or relationship with Victim 1 shall be redacted at Defendant's request prior to disclosure.

---

[3] Docket No. 270, at 2.

(4) Victim 1's counsel may show Victim 1 the filings that are properly disclosed under this Order but cannot provide him with a copy. Absent further order of the Court, Victim 1's counsel may not otherwise provide, distribute, or show anyone else in any manner any of the disclosed filings regardless of redactions or its contents and the materials may only be used for sentencing proceedings in this case.

SO ORDERED

DATED this 24th day of August, 2026.

BY THE COURT:

Ted Stewart
United States District Judge