IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff,<br>v.<br>KAILIN WANG,<br>Defendant. | MEMORANDUM DECISION AND ORDER<br>Case No. 2:24-CR-163-TS<br>District Judge Ted Stewart |

Defendant Kailin Wang has filed objections to the government's Sentencing Memorandum[1] and Victim 1's Impact Statement,[2] which have been submitted to the Court in advance of sentencing. The Court now addresses Defendant's objection to two exhibits attached to the government's sentencing memorandum, and Defendant's objections to Victim 1's Impact Statement.

18 U.S.C. § 3661 states that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." "The Supreme Court has explained § 3661 codified the longstanding principle that sentencing courts have broad discretion to consider the widest possible breadth of information about a defendant to ensure that the punishment will suit not merely the offense but the

[1] Docket No. 258.

[2] Docket No. 257.

individual defendant."[3] Further, it has been well established that sentencing hearings are not subject to the Federal Rules of Evidence.[4] "But, while a sentencing court 'may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial,' such relevant information must have 'sufficient indicia of reliability to support its probable accuracy.'"[5] The Sentencing Guidelines further provide that, [i]n any case involving the sentencing of a defendant for an offense against a crime victim, the court shall ensure that the crime victim is afforded the rights described in 18 U.S.C. § 3771 and in any other provision of federal law pertaining to the treatment of crime victims."[6]

First, Defendant objects to and asks the Court to strike the portions of Victim 1's Impact Statement that (1) describe events involving other victims; and (2) references an assessment of Defendant, which was prepared in relation to the child custody dispute between Defendant and Victim 1. Considering the discussed guidance, the Court declines to strike or require redaction of any portion of Victim 1's Impact Statement. However, considering the extensive record before the Court regarding the matters in dispute, the Court will not rely on Victim 1's description of events regarding cases and charges with which he was not involved.

Second, Defendant objects to the Court's consideration of two psychological evaluations regarding Defendant, which were prepared for an ongoing custody dispute between Defendant and Victim 1 at the request of Victim 1. Again, the Court notes the extensive record before the Court detailing Ms. Wang's conduct in the underlying case, her criminal history, and the ongoing

---

[3] *United States v. Smith*, 178 F.4th 572, 601 (10th Cir. 2026) (internal quotation marks and citations omitted.).

[4] *United States v. Dermen*, 143 F.4th 1148, 1228 (10th Cir. 2025).

[5] *United States v. Padilla*, 793 F. App'x 749, 756 (10th Cir. 2019) (quoting U.S.S.G. § 6A1.3(a)).

[6] U.S.S.G. § 6A1.5.

custody dispute between Victim 1 and Ms. Wang, among other things. The Court does not believe the disputed reports to be the most reliable evidence available to Court regarding its sentencing determination. Accordingly, the Court will not rely on the reports.

SO ORDERED.

DATED this 31st day of August, 2026.

BY THE COURT:

Ted Stewart
United States District Judge