IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>KAILIN WANG,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER RE: CONDITIONS OF SUPERVISION<br><br>Case No. 2:24-CR-163-TS<br><br>District Judge Ted Stewart |

On September 1, 2026, Defendant Kailin Wang was sentenced by the Court to a term of 12 months imprisonment to be followed by 36 months of supervised release. At the sentencing hearing, the Court imposed a number of special conditions in addition to the mandatory and standard conditions. Due to the number of proposed and disputed special conditions, the Court noted at sentencing that it would provide its reasoning as to the imposed conditions in writing. The Court now does so.

## I. LEGAL STANDARD

"District courts have broad discretion to impose special conditions of supervised release."[1] However, each condition imposed must satisfy the following three statutory requirements prescribed in 18 U.S.C. § 3583(d):

> First, they must be reasonably related to at least one of following: the nature and circumstances of the offense, the defendant's history and characteristics, the deterrence of criminal conduct, the protection of the public from further crimes of the defendant, and the defendant's educational, vocational, medical, or other correctional needs. Second, they must involve no greater deprivation of liberty than

[1] *United States v. Bear*, 769 F.3d 1221, 1226 (10th Cir. 2014).

> is reasonably necessary to achieve the purpose of deterring criminal activity, protecting the public, and promoting the defendant's rehabilitation. Third, they must be consistent with any pertinent policy statements issued by the Sentencing Commission.[2]

Additionally, the conditions imposed must not violate any relevant constitutional provisions.[3]

## II. DISCUSSION

As stated at the sentencing hearing, the Court believes that Defendant will benefit from a term of supervised release following her custodial sentence to assist her with community reintegration and to facilitate rehabilitation efforts. In addition to the mandatory and standard conditions of supervised release, the Court imposed a number of special conditions proposed by the United States Probation Office or by the government.

### A. Conditions Proposed by the United States Probation Office

Defendant raised three objections to the conditions proposed by the Probation Office. First, Defendant objected to the condition that she not possess or consume alcohol, nor frequent businesses where alcohol is the chief item of order. The Court did not impose this condition because nothing in the record before the Court suggests that Defendant struggles with substance abuse, nor does the record suggest that substance use played a role in the underlying charges.

Next, Defendant objected to the proposed condition requiring her to pay *all* costs associated with computer monitoring or management. Understanding the employment challenges individuals may face following a felony conviction, the Court instead imposed the payment condition Defendant requested, which holds her responsible for the costs associated with computer monitoring or management based on her ability to pay.

---

[2] *United States v. Mike*, 632 F.3d 686, 692 (10th Cir. 2011) (citations omitted).

[3] *Id.*

Finally, Defendant objected to the condition that she notify any intimate partners "about the potential risk she poses" as vague. To avoid any vagueness, the Court imposed the following: "The court requires you to notify any intimate partners that you have been convicted of cyberstalking and pose a risk of stalking and harassment to intimate partners." The Court finds this condition is necessary to protect the public considering Defendant's history of cyberstalking and her relationships with her past victims.

At sentencing, the Court imposed a special condition requiring Defendant to participate in 80 hours of community service.[4] This condition was recommended by the Probation Office as a condition of probation, however the Court finds that Defendant's participation in community service as a term of supervised release is justified by consideration of the § 3583(d) factors. Here, Defendant has received a custodial sentence considerably below the guideline range and has not demonstrated to the Court that she fully appreciates the gravity of her crimes. The Court finds that requiring Defendant to complete 80 hours of community service as part of her sentence will deter future criminal conduct, assist with reintegration, as well as provide additional protection to the public.

Defendant did not object to any other special conditions proposed by the Probation Office. The Court finds that each of the remaining special conditions proposed by the Probation Office is justified by one or more of the factors enumerated in § 3583(d). The Court agrees with and therefore adopts the reasoning provided by the Probation Office as stated in the Presentence Investigation Report.

---

[4] *See* U.S.S.G. 5F1.3 ("Community service may be ordered as a condition of probation or supervised release.").

B. Conditions Proposed by the Government

The government proposed approximately 20 special conditions of release, many of which were requested by Victim 1. Defendant objected to each of the government's proposed conditions. The Court found that many of the conditions proposed by the government were either duplicative of the special conditions proposed by the Probation Office or were not sufficiently supported by consideration of the § 3583(d) factors. However, the Court did impose several additional conditions and expanded others, as requested by the government.

First, the Court expanded the condition prohibiting Defendant from communicating or otherwise interacting with Victim 1 and Victim 2 to also prohibit communications and interactions with family members of the victims. The Court finds this expanded condition is justified by Defendant's history, the need to deter future criminal conduct, and to protect the public. Defendant's cyberstalking history includes numerous instances of her contacting family members, friends, and associates of victims in a harassing manner. This condition is further justified by the circumstances of the instant offense, where the record supports that Defendant not only contacted Victim 1's family members relaying troubling messages, but also made numerous derogatory and harassing posts about or directed at certain members of Victim 1's family.

Notably, the Court excluded the child Defendant shares with Victim 1 from the no-contact condition, but required that orders from any other court limiting or prohibiting her contact with the child be adhered to. The Court also imposed a condition requiring that Defendant comply with all decisions, protective orders, restraining orders, or anti-abduction orders issued by any court, including foreign courts. These expanded or added conditions are justified by Defendant's history, the need to deter future criminal conduct, and to protect the

public. Defendant has been involved in various legal proceedings, including a long-standing child custody dispute, with Victim 1. As a result, a number of other courts have entered orders, some of which remain active, regarding Defendant's contact with Victim 1 or their child. Notably, the custody dispute is currently being litigated in Denmark. The added conditions simply make clear that a violation of *any* court's order is prohibited.

The Court also imposed a condition prohibiting Defendant from taking any action to obtain the addresses or locations of Victim 1, Victim 2, or their family members without the approval of the probation officer. This condition is justified by Defendant's history, the circumstances of the instant offense, the need to deter future criminal conduct, and to protect the public. Specifically, the record supports that Defendant has used the internet to investigate personal details about an individual, including their address, and used that information to threaten or otherwise harass the victim. Allowing Defendant to obtain an address with the approval of her probation officer alleviates any concern that such condition would prevent any lawful contact with her child, should she be allowed contact with him at some point in the future.

Next, as part of the cybercrime management conditions proposed by the Probation Office and adopted by the Court, Defendant is required to inform her probation officer of each of her user accounts. At sentencing, the Court added as part of this condition that the probation officer may inform the identified victims of Defendant's user accounts, if the victims request. This condition is justified by Defendant's history, the circumstances of the instant offense, and the need to protect the public. The record supports that Defendant used many different accounts and user profiles as part of her cyberstalking efforts for which she has pleaded guilty. The victim's awareness of Defendant's accounts will therefore provide additional protection from Defendant.

This is particularly important where Victim 1 has sole custody of Defendant's child and the custody dispute is ongoing.

Finally, the Court imposed a condition allowing the probation officer to inform an employer of Defendant's cyberstalking conviction and related risks if the employment would permit Defendant to access the internet without monitoring or restrictions. As noted by Defendant, U.S.S.G. § 5F1.5 provides that a Court may impose an occupational restriction[5] only if the Court determines that (1) "a reasonably direct relationship exist[s] between the defendant's occupation . . . and the conduct relevant to the offense of conviction" and (2) "imposition of such a restriction is reasonably necessary to protect the public because there is reason to believe that, absent such restriction, the defendant will continue to engage in unlawful conduct similar to that for which the defendant was convicted."[6] Further, if such a restriction is imposed, "the court shall impose the condition for the minimum time and to the minimum extent necessary to protect the public."[7]

First, the Court finds there is a reasonably direct relationship between Defendant's occupation and the offense of conviction. Defendant has an accounting degree and has worked as an accountant, among other jobs. It is common for employees to receive access to a computer, phone, or other internet capable device to complete their work duties. This seems particularly likely with accounting work. Defendant's extreme stalking campaigns have largely been conducted via the internet.

---

[5] *See United States v. Souser*, 405 F.3d 1162, 1165 (10th Cir. 2005) ("Because an employer notification requirement limits the terms on which a defendant may engage in the specified occupation, it must be treated as an occupational restriction.").

[6] U.S.S.G. § 5F1.5(a).

[7] *Id*. § 5F1.5(b).

Second, the Court finds that the imposed occupational restriction is necessary to protect the public. It is certainly foreseeable that, given Defendant's profession, she would be granted access to a computer or smart phone, which may or may not have internet restrictions or monitoring software. The Probation Office has no means to monitor Defendant's internet use on a third-party's device. Absent any oversight, the Court finds there is reason to believe that Defendant would engage in cyberstalking activities. This finding is supported by the severity of Defendant's stalking behavior and her history of lacking impulse control. Further, because Defendant and Victim 1 share a child and have an ongoing custody dispute, further cyberstalking actions may be particularly tempting.

Finally, the Court has imposed the restriction only to the extent it is necessary to protect the public. Notably, the Court has not required the probation officer to inform all employers of Defendant's cyberstalking convictions, but instead grants the probation officer the discretion to do so where Defendant will have access to an unmonitored or unrestricted internet-capable device.

## III. CONCLUSION

The above justifications reflect the Court's rationale in imposing the special conditions of release at Defendant's sentencing on September 1, 2026.

SO ORDERED

DATED this 9th day of September, 2026.

BY THE COURT:

Ted Stewart
United States District Judge