IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>KAILIN WANG,<br>Defendant. | MEMORANDUM DECISION AND ORDER<br>Case No. 2:24-CR-163-TS<br>District Judge Ted Stewart |

This matter is before the Court on multiple requests filed by Defendant Kailin Wang. To the extent the requests are appropriately before the Court at this stage of the proceedings, the Court addresses them below.

*a. Defendant's Requests for Self-Surrender Extension and BOP Designation Rationale*

In accordance with Defendant's request, the Court's Second Amended Judgment recommends that Defendant be incarcerated at the Federal Prison Camp in Bryan, Texas.[1] At sentencing, the Court explained, and Defendant acknowledged an understanding, that the Bureau of Prisons (the "BOP") would ultimately determine her placement and that the Court has no control over this determination.

Defendant asserts that the BOP has since instructed her to self-surrender at Federal Detention Center SeaTac ("FDC SeaTac"). She further asserts that she was not provided with any explanation regarding the BOP's determination or how long she will be held at FDC SeaTac. Defendant has since sought clarification on these matters, including whether the BOP's

[1] Docket No. 315.

determination was based on pending state matters, which have since resolved, and if the Court or the U.S. Attorney's Office has received any notice of the BOP's reasoning. She has not received clarification.

Defendant seeks an extension of her self-surrender date from October 30, 2026, to December 22, 2026. She asserts that such an extension is necessary (1) to provide an opportunity for the BOP to review its determination, (2) to allow her time to address unidentified representation, records access, or briefing requirements related to her appeals before the Tenth Circuit and the California Court of Appeals; and (3) to allow for her travel to the designated facility to be coordinated.

First, Defendant has not provided any evidence or suggestion that the BOP is in the process of reconsidering or is likely to reconsider her designation prior to her incarceration. Instead, her communications with the BOP instructs that any new information relevant to the designation would be forwarded to the institution where she is incarcerated and can be updated once she arrives at the institution. The BOP further explained that a move to another institution would be considered at the institutional level after her surrender. There is therefore no suggestion that the BOP has or will reconsider her designation until she has arrived at the designated facility, if at all.

Notably, "[u]nder 18 U.S.C. § 3621(b), the Bureau of Prisons . . . may direct confinement in *any* available facility and may transfer a prisoner from one facility to another at any time," [2] and "the law is clear that a prisoner has no constitutional right to be placed in any particular

[2] *Prows v. Fed. Bureau of Prisons,* 981 F.2d 466, 468 n.3 (10th Cir. 1992) (emphasis added).

correctional facility, even though the degree of confinement in one facility may be quite different from that in another."[3]

Regardless of what information the BOP did or did not rely on in determining Defendant's designation, Defendant is generally not entitled to a particular designation and the Court has no reason to believe the BOP has or will reconsider this designation prior to her incarceration. An extension of the self-surrender date on this basis is therefore not justified. Furthermore, the purported "corrections" Defendant argues must be made by the BOP appear to be solely based on her assumptions of the BOP's analysis. Finally, absent some right to a particular designation, the Court would not be inclined to grant an extension and further delay justice, regardless of the BOP's willingness to reconsider its designation.

Second, regarding Defendant's pending appeal before the Tenth Circuit, 18 U.S.C. § 3143(b)(1)(B) provides that, pending an appeal by the defendant, the Court "shall order" the defendant detained unless, among other things, the Court finds that the appeal "raises a substantial question of law or fact likely to result in—(i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total time already served plus the expected duration of the appeal process." Defendant has not raised any argument in support of this required finding, and the Court does not otherwise have reason to find the appeal raises a substantive question of law that

---

[3] *Lee v. English,* No. 19-3029-JWL, 2019 WL 3891147, at *9 (D. Kan. Aug. 19, 2019), *aff'd sub nom. Jones v. English*, 817 F. App'x 580 (10th Cir. 2020) (citing *McKune v. Lile*, 536 U.S. 24, 39 (2002) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise.")); *see also Prows*, 981 F.2d at 468 n.3 ("[S]tate and federal prisoners generally enjoy no constitutional right to placement in any particular penal institution.").

is likely to result in reversal, a new trial, or a sentence different from that imposed by the Court on September 1, 2026.

Regarding Defendant's California appeal, Defendant has represented that she is able to participate in the hearing remotely on October 27, 2026. Her current self-surrender date will not affect her ability to do so. This basis therefore does not provide justification for continuing the self-surrender date.

Finally, Defendant's unsupported assertion that additional time will allow her to coordinate travel to the designated facility is not persuasive. Defendant has not explained what further coordination is necessary. Notably, she has already submitted a planned itinerary for her travel to the BOP facility. Regardless however, considering that Defendant requested to self-surrender, and has been aware of her self-surrender date for some time, the Court would find that any failure on her part to coordinate her travel plans to ensure a timely arrival to the designated BOP facility would not justify an extension. For these reasons, the Court denies Defendant's request for an extended self-surrender date.

Defendant also seeks documentation explaining the BOP's reasoning supporting her assigned designation. Defendant explains that she does not ask the Court to review the BOP's determination, but instead "asks the Court to obtain the explanation the BOP's policy already owes the Court."[4] The Court has not received any such documentation or explanation to provide to Defendant. Furthermore, Defendant has not cited to, and the Court is unaware of, any statutory or other legal right under which Defendant is entitled to written decision describing the BOP's designation analysis. Nor is the Court aware of any law under which the Court has the authority

[4] Docket No. 328, at 7.

to order the BOP to provide Defendant with a copy of such determination. To the contrary, and as discussed above, Defendant has no right to a particular facility designation.

Defendant also requests that the Court "reaffirm" its recommended placement or to issue a new recommendation for a low-security institution if a minimum-security camp is not appropriate. The Court declines to do this. Again, Defendant has not given the Court any reason to believe such "reaffirmance" would have any consequence and the Court has already amended the judgment to accommodate Defendant's altered designation request. As the Court made Defendant aware during sentencing, the BOP's designation is out of the Court's control. Regardless, the Court would not be inclined to generally suggest a low-security or minimum-security placement as such a determination is best left to the expertise of the BOP and its governing policies.

*b. Request for Approved Itinerary*

Defendant requests that, if her request to extend her self-surrender date is denied, she be allowed up to five days before her self-surrender date to travel to her designated facility in Washington. The drive time from Utah County to FDC SeaTac is approximately 13 and a half hours. The Court finds that three travel days leading up to the self-surrender date is more than enough time to reach the Seattle area. Accordingly, the Court will allow Defendant to begin her travel on Tuesday, October 27, 2026. All other conditions of release, including ankle monitoring, will remain in effect, and Defendant must coordinate travel plans with her probation officer.

*c. Request to Proceed Pro Se*

Defendant renews her request to proceed pro se. Notably, at this stage in the litigation, there is no Sixth Amendment right to proceed pro se.[5] Instead, the decision to allow a defendant to proceed pro se after the trial stage is based on the Court's discretion.[6] The Court has previously ruled on Defendant's requests to proceed pro se and declines to revisit the issue again.[7] The Court will, however, consider relevant post-sentencing requests properly brought to the Court's attention, such as the instant request to extend the self-surrender deadline. Notably, Defendant has appealed her sentence. That appeal remains pending before the Tenth Circuit and divests the Court of jurisdiction over the matters subject to appeal.[8]

*d. Objection to Court's Order Explaining Release Conditions Rationale*

On September 9, 2026, the Court signed an Order that explained the Court's rationale for imposing each of the supervised release conditions it imposed at the September 1, 2026 sentencing. Due to an administrative error, this Order was not docketed on the date it was signed. Defendant brought this oversight to the Court's attention, and the Order was subsequently docketed on October 19, 2026.

---

[5] *United States v. Beers*, 189 F.3d 1297, 1303 (10th Cir. 1999) ("When defendant does not assert this right [to proceed pro se] before trial, we review the district court's decision whether to allow defendant to proceed pro se for an abuse of discretion."); *United States v. Mayes*, 917 F.2d 457, 462 (10th Cir. 1990) ("If the right is not asserted before trial, it becomes discretionary with the trial court whether to allow the defendant to proceed *pro se.*") (quoting *United States v. Gillis,* 773 F.2d 549, 559 n.14 (4th Cir. 1985)).

[6] *Beers*, 189 F.3d at 1303.

[7] Docket Nos. 139, 267.

[8] *In re Picht*, 403 B.R. 707, 711 (B.A.P. 10th Cir. 2009) ("As stated by the United States Supreme Court, '[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'") (quoting *Griggs v. Provident Consumer Disc. Co.,* 459 U.S. 56, 58 (1982)).

Defendant raises numerous objections to the Order, including that the delayed filing prohibited her from making a timely motion under Federal Rule of Criminal Procedure 35(a). Federal Rule of Criminal Procedure 35(a) provides that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." None of the arguments advanced in Defendant's objections amount to "arithmetical, technical, or other clear error" contained in the sentence. Instead, the objections raise arguments over which the Court lost jurisdiction by Defendant's filing of her notice of appeal on September 3, 2026.

SO ORDERED.

DATED this 21st day of October, 2026.

BY THE COURT:

Ted Stewart
United States District Judge